JS 44
(Rev. 11/95)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

UNITED STATES (IRS)

**DEFENDANTS** Grady F. Herold, Sr., Individually and in his capacity as Independent Executor of Estate of Lillian A. Schwarz (decd.), Kathryn L. Herold, Peggy L. Horn, Ruby L. Wells, Doris J. Shannon, Cameron County, Texas, Laguna Madre Water District; Cameron County Emergency Service

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Hidalgo (continued)
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) (214)880-9721
Manuel P. Lena, Jr. and Andrew Sobotka
U. S. Department of Justice, Tax Div.
717 N. Harwood, Suite 400, Dallas, Tx. 75201

ATTORNEYS (IF KNOWN)

B-01-053

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl Ret Inc. Security Act | [X] 870 Taxes (U.S Plaintiff or Defendant) |
| | | | | ☐ 871 IRS – Third Party 26 USC 7609 |
| | | | | ☐ 890 Other Statutory Actions |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY) Under 26 U.S.C. sections 7401, 7403, and 7404, the United States seeks to foreclose its federal tax liens and to enforce a deed of trust on two tracts of real property in which the Estate of Lillian A. Schwarz has an interest.

**VII. REQUESTED IN COMPLAINT:**  CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint: JURY DEMAND: ☐ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 3/30/2001

SIGNATURE OF ATTORNEY OF RECORD  *Manuel P. Lena jr*

FOR OFFICE USE ONLY

Continuation from Civil Cover sheet.

**Additional Defendants**:   Southmost Union Jr. College District;  Point Isabel I.S.D., Town of South Padre Island; South Texas I.S.D.;  Cameron County Appraisal District; State of Texas and Legendary Inc.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 2 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| Plaintiff § | |
| v. § | CIVIL NO. B-01-053 |
| GRADY F. HEROLD, SR., Individually and in his § | |
| capacity as Independent Executor of the Estate of § | |
| Lillian A. Schwarz(deceased);KATHRYN LOUISE § | |
| HEROLD; PEGGY L. HORN (a/k/a Peggy L. Horn § | |
| Birch); RUBY L. WELLS; DORIS JEAN § | |
| SHANNON; CAMERON COUNTY, TEXAS; § | |
| LAGUNA MADRE WATER DISTRICT; § | |
| CAMERON COUNTY EMERGENCY SERVICES;§ | |
| SOUTHMOST UNION JR. COLLEGE DISTRICT; § | |
| POINT ISABEL I.S.D.; TOWN OF SOUTH § | |
| PADRE ISLAND; SOUTH TEXAS I.S.D.; § | |
| CAMERON COUNTY APPRAISAL DISTRICT; § | |
| STATE OF TEXAS; and LEGENDARY, INC.; § | |
| Defendants. § | |

## UNITED STATES' COMPLAINT

Plaintiff, United States of America, pursuant to 26 U.S.C. §§ 7401, 7403, and 7404, at the direction of the Attorney General of the United States, as authorized and requested by Chief Counsel, Internal Revenue Service, a delegate of the Secretary of the Treasury, complains against defendants as follows:

1. The United States seeks to foreclose its federal tax liens against, and to enforce a deed of trust on, two tracts of real property in which the Estate of Lillian A. Schwarz has an interest. The real property is located on South Padre Island, Cameron County, Texas. Tract I (the "Beach Property") consists of approximately 13.5 acres of beachfront property facing the Gulf of Mexico and located on the 300 block of Padre Blvd., South Padre Island, Texas, immediately

1

adjacent to the Sheraton hotel.[1] Tract II (the "Bayside Property") consists of approximately 9.95 acres of Laguna Madre waterfront property located south of the Queen Isabella Causeway (Hwy. 100) where the causeway enters South Padre Island.[2] Tracts I and II are hereafter referred to collectively as "the Property."

2. The federal tax liens and the deed of trust held by the IRS are being foreclosed and enforced against the Property in order to satisfy the unpaid federal estate tax liability of the Estate of Lillian A. Schwarz in the amount of $4,486,186.37 (as of May 31, 2001), plus additional statutory interest and additions as allowed by law.

3. This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7403 and 7404.

4. Venue is proper in this Court under 28 U.S.C. §§ 1391, 1392, and 1396 because the Property is located in Cameron County, Texas.

5. Defendant, Grady F. Herold, Sr., is named herein as a defendant because he is the Independent Executor of the Estate of Lillian A. Schwarz and record title holder of the Property. Mr. Herold is also named herein as a defendant in his individual capacity because he is the son-in-law of Lillian A. Schwarz and may have an equitable interest in the Property.

6. Kathryn L. Herold, Peggy L. Horn, Ruby L. Wells, and Doris J. Shannon, are named as defendants herein because they are the heirs of Lillian A. Schwarz and by operation of law on her death obtained an equitable interest in the Property, and to the extent that they hold

---

[1] The Beach Property, more particularly described as Tract I in Exhibit A, attached hereto and incorporated herein, has approximately 500' of beach frontage and 300' of road frontage.

[2] The Bayside Property is more specifically described as Tract II in the attached Exhibit A.

any other interest in the Property.

7. Cameron County, Texas; the Laguna Madre Water District; the Cameron County Emergency Services; Southmost Union Jr. College District; the Point Isabel Independent School District; the Town of South Padre Island; the South Texas Independent School District; and the Cameron County Appraisal District, are named as defendants herein to the extent they assert liens against the Property based on ad valorem taxes or otherwise, and to the extent that they hold any other interest in the Property.

8. The State of Texas is named as a defendant herein because it holds a lien against the Property for unpaid state inheritance taxes, and to the extent that it holds any other interest in the Property.

9. Legendary, Inc., is named as a defendant herein to the extent it holds an interest in the Property under a putative real estate contract, dated November 20, 2000, and to the extent that it holds any other interest in the Property.

**The Federal Tax Liabilities & the Government's Interest in the Property**

10. On or about July 7, 1986, the Internal Revenue Service assessed the taxes shown as due on a Federal Estate Tax return filed by the Estate of Lillian A. Schwarz. As of May 31, 2001, the total amount of unpaid tax, penalty and interest owed will be $4,486,186.37. Additional statutory interest, additions and penalties will continue to accrue on said balance until said liability has been paid in full.

11. Pursuant to 26 U.S.C. § 6321, and as a result of the foregoing assessments against the Estate of Lillian A. Schwarz, a statutory lien in favor of the United States arose on the date of assessment.

3

12. The federal tax liens described above attached to all of the Estate's property and rights to property on the date of such assessments and continued to attach to any property or rights to property acquired after the liens arose. Thus, the federal tax liens attached to the interests held by and through the Estate of Lillian A. Schwarz in the Property at issue here.

13. The IRS issued notice and demand for payment of the unpaid federal estate taxes upon the Estate of Lillian A. Schwarz.

14. On or about, September 21, 1992, August 19, 1996, and February 21, 2001, the Internal Revenue Service properly filed notices of its federal tax liens against the Estate of Lillian A. Schwarz in the Cameron County real property records.

15. The Estate of Lillian A. Schwarz does not contest the validity of the IRS liens or the underlying federal estate tax liability.

16. Accordingly, on August 17, 1995, the Estate of Lillian A. Schwarz and all of the heirs executed a deed of trust ("Deed of Trust") in favor of the United States (IRS) as to the Property at issue here.

17. On August 18, 1995, the Deed of Trust was recorded in the real property records of Cameron County, Hildago County, and Chambers County, Texas.

18. Also, on August 17, 1995, the State of Texas entered into a subordination agreement with the United States ("Subordination Agreement") wherein the State of Texas agreed that its liens for unpaid state death taxes filed in Cameron, Hildago and Chambers Counties, on August 6, 1986 and August 14, 1986, were subordinate to the above described federal tax liens and Deed of Trust.

19. The State of Texas further agreed that its liens would remain subordinate to the

4

above described federal tax liens and Deed of Trust "regardless of the frequency or manner of renewal, extension, change, or alteration of the Indebtedness secured thereby."

20. On August 18, 1995, the Subordination Agreement was recorded in the property records of Cameron County.

21. The Deed of Trust was subsequently modified by an agreement dated August 24, 1997 ("Modification Agreement"), and eventually signed by the IRS on September 29, 1997.

22. On October 13, 1997, the Modification Agreement was recorded in the Cameron County property records.

**Enforcement and Foreclosure of IRS Tax Liens and Deed of Trust**

23. To date, despite notice and demand for payment, the Estate of Lillian A. Schwarz, has failed, neglected, or refused to pay the above described assessments, plus statutory interest and additions allowed by law.

24. The statute of limitations to collect the above described liability was suspended or extended several times by the Estate of Lillian A. Schwarz, and remains open as of the date this suit is filed.

25. Consequently, the United States seeks the enforcement of the above described federal tax liens and Deed of Trust against the Property, through the foreclosure and/or sale of such Property, in accordance with the law, including but not limited to, 26 U.S.C. § 7506 and 28 U.S.C. § 2001, and the distribution of such sale proceeds in accordance with the findings of the Court and the rights of the parties as herein determined.

WHEREFORE, the United States requests that the Court foreclose the federal tax liens and the deed of trust against the Property, that the Property be sold, that the proceeds of the sale, after payment of the costs of the sale, to the extent of the estate tax liability, be distributed to the United States, that the excess proceeds, if any, be distributed to the other defendants based upon their priority of interest therein, and that the United States be granted such other and further relief, at law or equity, to which it may be justly entitled, including its fees and costs of this litigation.

*/s/ Manuel P. Lena Jr.*

**Andrew L. Sobotka**
Texas Bar No. 18819900
**Manuel P. Lena Jr.**
Texas Bar No. 12201255
Attorneys, Tax Division
U. S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
214/880-9721[9741fax]

**Mervyn M. Mosbacker**
United States Attorney

Attorneys for United States

6

# EXHIBIT "A"

## TRACT I:

Approximately 14.5 acres out of a 21.83 acre tract, said 21.83 acre tract being out of the Mrs. A. D. Dickinson, Jr. Tract on Padre Island, Cameron County, Texas, being a part of that certain land described in an instrument recorded in Volume 196, Page 24, Deed Records, Cameron County, Texas, said 21.83 acres being more particularly described as follows: BEGINNING AT A POINT on the North line of the Mrs. A. D. Dickinson, Jr. Tract, said point being the point of intersection of said North line with the East right-of-way line of Padre Boulevard; THENCE with the North line of the said Mrs. A. D. Dickinson, Jr. Tract, North 83 degrees 45 minutes East a distance of 1175.0 feet to a point on the ordinary high tide line of the Gulf of Mexico for the Northeast corner of this tract; THENCE with the meanders of the ordinary high tide line of the Gulf of Mexico, South 11 degrees 43 minutes 30 seconds East, 306.1 feet and South 7 degrees 26 minutes East a distance of 193.9 feet to a point for the Southeast corner of this tract, it being the intent of this call to describe 500 feet of frontage on the Gulf of Mexico in accordance with the directions of the meanders as here stated; THENCE South 83 degrees 45 minutes West parallel to and at a perpendicular distance of 498.56 feet from the North line of this tract, a distance of 1893.58 feet to the line as surveyed by J. S. Boyles for the State of Texas, for the Southwest corner of this tract; THENCE with the Boyles' survey along the Laguna Madre as above cited, North 12 degrees 07 minutes West a distance of 501.18 feet to its point of intersection with the North line of the Mrs. A. D. Dickinson, Jr. Tract for the Northwest corner of this tract; THENCE with the North line of the Mrs. A. D. Dickinson, Jr. Tract, North 83 degrees 45 minutes East a distance 736.6 feet to the PLACE OF BEGINNING, containing 21.83 acres, more or less, said 21.83 acre tract being more specifically described as Tract I in Deed from JETTIE VIEW DEVELOPMENT COMPANY, INC., a Texas corporation, to D. J. SCHWARZ dated March 31, 1975, said approximately 14.5 acres being the 21.83 acres less the acreage conveyed previously by D. J. SCHWARZ to the STATE OF TEXAS for roadway purposes.

SAVE AND EXCEPT 32,591.2 square feet; being 32,591.2 square feet out of a 21.83 acre tract (said 21.83 acres being described as Tract I in Deed from Jettie View Development Company, Inc. to D. J. Schwarz dated March 31, 1965 and recorded in Cameron County Deed Records, Volume 780, Page 507) out of the Mrs. A. D. Dickinson, Jr. Tract in South Padre Island, Cameron County, Texas, and said 32,591.2 square foot tract being more particularly located and described as follows: COMMENCING at a concrete monument at the intersection of the East right-of-way line of Padre Boulevard and the North line of said Dickinson's 133-1/3 acre tract, for the Northwest corner and PLACE OF BEGINNING of this tract; THENCE along the North line of said 21.83 acre tract and Mrs. Dickinson's 133-1/3 acre tract, North 83 degrees 45 minutes, East 175.0 feet to a ½ inch iron pin inside of a 3/4 inch steel pipe, for the Northeast corner of this tract; THENCE South 06 degrees, 15 minutes East 175.0 feet to a ½ inch iron pin inside of a 3/4 inch steel pipe for the Southeast corner of this tract; THENCE parallel to the North line of said 21.83 acre tract, South 83 degrees 45 minutes West, 201.0 feet to a ½ inch iron pin inside a 3/4 inch steel pipe on the East right-of-way line of said Padre Boulevard, for the Southwest corner of this tract; THENCE along the East right-of-way line of said Padre Boulevard along a curve to

the left having a radius of 1482.4 feet, a partial arc distance of 177.04 feet to the PLACE OF BEGINNING containing 32,591.2 square feet, more or less, not inclusive of any road right-of-way.

TRACT II:

Approximately 9.95 acres out of a 11.87 acre tract, said 11.87 acres out of the Mrs. A. D. Dickinson, Jr. Tract on Padre Island, Cameron County, Texas, being a part of that land described as follows: BEGINNING at the intersection of the North line of the Mrs. A. D. Dickinson, Jr. Tract and the line as surveyed by J. S. Boyles for the State of Texas, for the Northeast corner of this tract; THENCE, with the Boyles' line as above cited, South 12 degrees 07 minutes East a distance of 501.18 feet to a point for the Southeast corner of this tract; THENCE, South 83 degrees 45 minutes West parallel to and at a perpendicular distance of 498.56 feet from the North line of this tract, a distance of 1016.18 feet to a point on the West line of the Mrs. A. D. Dickinson, Jr. Tract for the Southwest corner of this tract; THENCE, with the West line of said tract, North 16 degrees 44 minutes West a distance of 507.02 feet to the Northwest corner of the Mrs. A. D. Dickinson, Jr. Tract for the Northwest corner of this tract; THENCE, with the North line of the Mrs. A. D. Dickinson, Jr. Tract North 83 degrees 45 minutes East a distance of 1057.2 feet to the place of beginning, containing 11.87 acres, more or less, said approximately 9.95 acres being the 11.87 acres less the acreage conveyed previously by D. J. Schwarz to the State of Texas for roadway purposes.

AS TO ALL TRACTS, SAVE AND EXCEPT all prior reservations of oil, gas, and other minerals, and SAVE AND EXCEPT all oil, gas, or other minerals owned by Seller, if any.

AS TO ALL TRACTS SUBJECT TO: Easements of record and visible easements; restrictions and limitations of record; any changes caused by erosion, accretion or reliction; zoning ordinances and restrictive laws applicable to the property, if any; oil and gas leases of record.

ClibPDF - www.fastio.com