*14*

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

COPY
United States District Court
Southern District of Texas
FILED

MAY 1 4 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL NO. B-01-053 |
| | § | |
| GRADY F. HEROLD, SR., Individually and in | § | |
| his capacity as Independent Executor of the | § | |
| Estate of Lillian A. Schwartz (Deceased), | § | |
| KATHRYN LOUISE HEROLD; PEGGY L. | § | |
| HORN (a/k/a Peggy L. Horn Birch); | § | |
| RUBY L. WELLS; DORIS JEAN SHANNON; | § | |
| CAMERON COUNTY, TEXAS; LAGUNA | § | |
| MADRE WATER DISTRICT; CAMERON | § | |
| COUNTY EMERGENCY SERVICES DISTRICT; | § | |
| SOUTHMOST UNION JUNIOR COLLEGE | § | |
| DISTRICT; POINT ISABEL I.S.D.; TOWN | § | |
| OF SOUTH PADRE ISLAND; SOUTH | § | |
| TEXAS I.S.D.; CAMERON COUNTY | § | |
| APPRAISAL DISTRICT; STATE OF TEXAS; | § | |
| and LEGENDARY, INC., | § | |
| Defendants | § | |

**ORIGINAL ANSWER OF CAMERON COUNTY, TEXAS,**
**LAGUNA MADRE WATER DISTRICT, CAMERON**
**COUNTY EMERGENCY SERVICES DISTRICT,**
**SOUTHMOST UNION JUNIOR COLLEGE DISTRICT,**
**POINT ISABEL INDEPENDENT SCHOOL DISTRICT,**
**TOWN OF SOUTH PADRE ISLAND, SOUTH TEXAS**
**INDEPENDENT SCHOOL DISTRICT, and**
<u>**CAMERON COUNTY APPRAISAL DISTRICT**</u>

TO THE HONORABLE UNITED STATES DISTRICT COURT

The defendants named above file the following answer to the original complaint of the

United States.

1.      The defendants admit the allegations in Paragraph 1 of the Complaint.

CHzPDF - www.fuuzio.com

2.      The defendants lack sufficient information to either admit or deny the allegations made in Paragraph 2 of the Complaint.

3.      The defendants admit the allegations in Paragraph 3 of the Complaint.

4.      The defendants admit the allegations in Paragraph 4 of the Complaint.

5.      The defendants lack sufficient information to either admit or deny the allegations made in Paragraph 5 of the Complaint.

6.      The defendants lack sufficient information to either admit or deny the allegations made in Paragraph 6 of the Complaint.

7.      All of the defendants except the Cameron County Appraisal District admit the allegations in Paragraph 7 of the complaint.  The Appraisal District denies those allegations to the extent they assert that it asserts liens against the Property, because it makes no such assertion.

8.      The defendants lack sufficient information to either admit or deny the allegations made in Paragraph 8 of the Complaint.

9.      The defendants lack sufficient information to either admit or deny the allegations made in Paragraph 9 of the Complaint.

10.     The defendants lack sufficient information to either admit or deny the allegations made in Paragraph 10 of the Complaint.

11.     The defendants lack sufficient information to either admit or deny the allegations made in Paragraph 11 of the Complaint.

12.     The defendants lack sufficient information to either admit or deny the allegations made in Paragraph 12 of the Complaint.

13.     The defendants lack sufficient information to either admit or deny the allegations made in Paragraph 13 of the Complaint.

14.     The defendants lack sufficient information to either admit or deny the allegations made in Paragraph 14 of the Complaint.

15.     The defendants lack sufficient information to either admit or deny the allegations made in Paragraph 15 of the Complaint.

16.     The defendants lack sufficient information to either admit or deny the allegations made in Paragraph 16 of the Complaint.

17.     The defendants lack sufficient information to either admit or deny the allegations made in Paragraph 17 of the Complaint.

18.     The defendants lack sufficient information to either admit or deny the allegations made in Paragraph 18 of the Complaint.

19.     The defendants lack sufficient information to either admit or deny the allegations made in Paragraph 19 of the Complaint.

20.     The defendants lack sufficient information to either admit or deny the allegations made in Paragraph 20 of the Complaint.

21.     The defendants lack sufficient information to either admit or deny the allegations made in Paragraph 21 of the Complaint.

22.     The defendants lack sufficient information to either admit or deny the allegations made in Paragraph 22 of the Complaint.

23.     The defendants lack sufficient information to either admit or deny the allegations made in Paragraph 23 of the Complaint.

24.     The defendants lack sufficient information to either admit or deny the allegations made in Paragraph 24 of the Complaint.

25.     No response is required to Paragraph 25 of the complaint because it alleges the plaintiff's intentions, not facts or law.

### First Affirmative Defense

26.     All of the defendants except the Appraisal District are owed delinquent ad valorem taxes which they previously assessed on the Property. Those taxes, together with associated statutory interest and penalties, are superior to the plaintiff's claims for federal estate tax liability by virtue of 26 U.S.C. §6323(6)(A) and TEX.PROP.TAX CODE ANN. §32.05.

### Second Affirmative Defense

27.     All of the defendants except the Appraisal District are owed delinquent ad valorem taxes which they previously assessed on the Property. Those taxes, together with associated statutory interest and penalties, are superior to any claims for state inheritance tax liability asserted by the State of Texas by virtue of TEX.PROP.TAX CODE ANN. §32.05.

### Third Affirmative Defense

28.     All of the defendants except the Appraisal District are owed delinquent ad valorem taxes which they previously assessed on the Property. Those taxes, together with associated statutory interest and penalties, are superior to any interest in the Property asserted by Legendary, Inc. by virtue of TEX.PROP.TAX CODE ANN. §32.05.

### Prayer

WHEREFORE, premises considered, the defendants pray that the plaintiff take nothing as to them by this suit, that they recover judgment for all delinquent ad valorem taxes plus accrued statutory interest and penalties which they have assessed on the Property, and that they have general relief.

Respectfully submitted,

4

LINEBARGER HEARD GOGGAN BLAIR
GRAHAM PEÑA & SAMPSON, LLP
P.O. Box 17428
Austin, Texas 78760
(512) 447-6675
Telefax No. (512) 443-3494

By: _____
KENT M. RIDER
Texas State Bar No. 16896000
Southern District Admission No. 13883

ATTORNEY IN CHARGE FOR DEFENDANTS
CAMERON COUNTY, TEXAS, LAGUNA
MADRE WATER DISTRICT, CAMERON
COUNTY EMERGENCY SERVICES DISTRICT,
SOUTHMOST UNION JUNIOR COLLEGE
DISTRICT, POINT ISABEL INDEPENDENT
SCHOOL DISTRICT, TOWN OF SOUTH PADRE
ISLAND, SOUTH TEXAS INDEPENDENT
SCHOOL DISTRICT, and CAMERON COUNTY
APPRAISAL DISTRICT

## CERTIFICATE OF SERVICE

True and correct copies of the foregoing Answer were served by certified United States mail, postage prepaid, return receipts requested, addressed as follows on May 11, 2001:

Mr. Manuel P. Lena, Jr.                    Item No. 7000 0520 0022 7004 9763
Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Ste. 400
Dallas, Texas  75201

ATTORNEY FOR PLAINTIFF

Mr. Larry Sherlock                         Item No. 7000 0520 0022 7004 9770
Chamberlain Hrdlicka White Williams & Martin, A P.P.C.
1200 Smith Street, Ste. 1400
Houston 77002-4401

ATTORNEY FOR GRADY F. HEROLD, SR.,
KATHRYN LOUISE HEROLD, PEGGY L. HORN,
RUBY L. WELLS and DORIS JEAN SHANNON

Mr. David Randell                                   Item No. 7000 0520 0022 7004 9787
Assistant Attorney General
Bankruptcy & Collections Division
P.O. Box 12548
Austin, Texas  78711-2548

ATTORNEY FOR STATE OF TEXAS

Mr. Mitchell Legler, Esq.                           Item No. 7000 0520 0022 7004 9794
300-A Wharfside Way
Jacksonville, FL  32207

ATTORNEY FOR LEGENDARY, INC.

Mr. Cullen R. Looney                                Item No. 7000 0520 0022 7004 9800
Attorney at Law
P.O. Box 118
Edinburg, Texas  78540-0118

KENT M. RIDER

*Cameron\Herold\answer*
*May 11, 2001*

6