IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 2 0 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| United States of America, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-01-053 |
| | § | |
| Grady F. Herold, Sr., et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on June 19, 2001, the Court considered the Unopposed Motion of Cameron County Appraisal District to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted [Dkt. No. 15]. For the following reasons, the Court **GRANTS** the motion.

### I. Background

The United States of America, Plaintiff in this action, brings suit to foreclose liens against real property ("the Property") as security for estate taxes assessed against the Estate of Lillian A. Schwarz. The Cameron County Appraisal District ("the District") was named as a Defendant to the extent it asserts liens against, or otherwise claims any interest in, the Property. However, the District cannot assert liens against the Property for two reasons: (1) it is not a taxing unit, and (2) it has no agreement with any taxing unit to be its collecting agent.

### II. The District is not a taxing unit that can impose ad valorem taxes on property

The Cameron County Appraisal District is responsible for appraising property for ad valorem tax purposes for each taxing unit that imposes ad valorem taxes on property in the district [TEX. PROP. TAX CODE ANN. §6.01]. A "taxing unit" is defined as

"a county... a special district or authority... or any other political unit of this state... that is authorized to impose and is imposing ad valorem taxes on property even if the governing body of another political unit determines the tax rate for the unit or otherwise governs its affairs" [TEX. PROP. TAX CODE ANN. §1.04(12)]. The District is not a "taxing unit" by definition, and therefore cannot assert a lien against the Property.

### III. The District does not have an agreement with any taxing units to collect ad valorem taxes on their behalf

The District can assert a lien for ad valorem taxes on property if it had an agreement with a taxing unit to be its collecting agent [TEX. PROP. TAX CODE ANN. §6.24]. However, the District is not a party to any such agreement. Therefore, it cannot assert a lien against the Property in this litigation.

### IV. Conclusion

Since the Cameron County Appraisal District is (1) neither a taxing unit, (2) nor obliged by agreement to collect ad valorem taxes on behalf of any taxing unit, the Court hereby **GRANTS** their unopposed motion [Dkt. No. 15] and **DISMISSES** the Cameron County Appraisal District from this suit.

DONE at Brownsville, Texas, this 19th day of June 2001.

Hilda G. Tagle
United States District Judge