IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES (IRS) ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. B-01-053 |
| GRADY F. HEROLD, SR., Individually and in his ) | |
| capacity as Independent Executor of the Estate of ) | |
| Lillian A. Schwarz (deceased); KATHRYN LOUISE HEROLD; ) | |
| PEGGY L. HORN (a/k/a Peggy L. Horn Birch); ) | |
| RUBY L. WELLS; DORIS JEAN SHANNON; ) | |
| CAMERON COUNTY, TEXAS; LAGUNA MADRE ) | |
| WATER DISTRICT; CAMERON COUNTY EMERGENCY ) | |
| SERVICES; SOUTHMOST UNION JR. COLLEGE DISTRICT; ) | |
| POINT ISABEL I.S.D.; TOWN OF SOUTH PADRE ISLAND ) | |
| SOUTH TEXAS I.S.D.; CAMERON COUNTY APPRAISAL ) | |
| DISTRICT; STATE OF TEXAS; and LEGENDARY INC ) | |
| Defendants. ) | |

United States District Court
Southern District of Texas
FILED
JUL 1 9 2001

## WAIVER OF SERVICE OF SUMMONS FOR RUBY L. WELLS

TO:   MANUEL P. LENA, JR.
      ATTORNEY FOR UNITED STATES OF AMERICA

I acknowledge receipt of your request that I waive service of a summons in the action of **United States of America v. Grady F. Herold Sr., Individually and in his capacity as Independent Executor of the Estate of Lilliam A. Schwarz (deceased); Kathryn Louise Herold, Peggy L. Horn, et al,** which is case number B-01-053 in the United States District Court for the Southern District of Texas, Brownsville Division. I have also received a copy of the complaint in the action,, a scheduling order, various court documents and two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after April 23, 2001, or within 90 days after that date if the request was sent outside the United States

5-11-01
Date

_Lawrence Sherlock_
Signature
Ruby L. Wells
Printed/Typed Name:   By: Lawrence Sherlock

Duty to Avoid Unnecessary Costs of Service of Summons

   Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver

   It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought

   A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court If the answer or motion is not served within this time, a default judgment may be taken against that defendant By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received