35

# Civil Courtroom Minutes

United States District Court
Southern District of Texas
FILED

AUG 1 3 2001

Michael N. Milby, Clerk of Court

| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ■ Fajardo  ☐ Koerner |
| DATE | Aug.  13,  2001 |
| TIME | a.m. — a.m. <br> 2:15 p.m. — 3:15 p.m. |
| CIVIL ACTION | B — 01 — 053 |
| STYLE | United States of America <br> *versus* <br> Grady F. Herold, Sr., et al. |

DOCKET ENTRY

(HGT) ■ Initial Pretrial Conference; ____ day  ☐ Bench or ☐ Jury Trial ( Rptr. B. Record )

Andrew Sobotka                      for  the United States

Lawrence Sherlock for Linda Paine   for  the Estate Defendants

Thelma Banduch for Kent Morrison Rider   for  the the Local Property Tax Authorities

David Randell (via telephone)       for  the State of Texas (Comptroller)

David Garza                         for  Legendary, Inc.

☐   All motions not expressly decided are denied without prejudice.

☐   Evidence taken [exhibits or testimony].

☐   Argument heard on:  ☐ all pending motions;   ☐ these topics:

☐   Motions taken under advisement:

■   Scheduling Order to be entered.

■   Comments:

Sobotka:

- claims that the Parties agreed that the value of the Property was approx. $5 million. Therefore, there may be a binding admission or estoppel argument that the US has to look into.
- It disagrees w/the two cases cited by the Defendants b/c those cases involve personal liability, and here the US is not seeking personal liability of anyone. Therefore, the US feels that the Estate is not entitled to a jury trial. The IRS gave the Estate an extension of time to pay taxes, but this expired in 1995.
- There are also other pieces of property in Hidalgo and Cameron counties that are not included b/c the two tracts that make up the Property may be sufficient to pay off the debt. The 3 creditors are the Local Property Taxing Authorities, w/a 1st priority lien of approx. $½ million; the IRS w/a 2nd priority lien of $4.4 million, and the State of Texas with a third priority lien.
- the Estate also has a defense regarding the total amount owed to the IRS b/c expenditures are deductions against the Estate tax. However, unreasonable delay (after the fact that it has accrued 15 years worth of expenses) may be unreasonable.

Sherlock:

- Re foreclosure: Estate trying for 15 years to sell property. But it was over-valued & tax has not been paid b/c property is not worth that much. It has a reasonable offer from Legendary, which wants 12-14 months to get permits to develop the property.
- Re valuation of the property: You can amend a tax return to correct errors made on the original tax return. Estate has not had an opportunity to contest the appraisal done by the IRS audit (in which the IRS lowered the estimated value of the estate from $9 million to $5 million). Although the Estate signed a Form 870, that only demonstrates that the Estate agreed to an overassessment in taxes. The Estate had no ability to contest IRS audit.
- Re jurisdictional issues: The US seeks to enforce tax lien; therefore, the Estate is entitled to challenge lien, as a lien is only as good as the underlying liability.
- Re jury trial: The US needs to prove up the underlying debt, and the Estate has the right to defend against that. That the US is not seeking personal liability has no bearing. In addition, the case submitted by Sobotka is distinguishable b/c it involves a 3rd party that had no right to collaterally attack a judgment.

2

<u>Banduch</u>:

 In order to collect taxes, the procedure of the Local Taxing Authorities is to file a lawsuit and get a judgment; hence, the companion state lawsuit that was filed in October 1999.

<u>Randell</u>:

 It agrees w/the US' position on jurisdiction & valuation & jury demand issue.

 Re the sale of the property: penalties and collection costs accrue with each passing month that the Property goes unsold.

<u>Garza</u>:

 Legendary wants to buy the Property, but it must have adequate time to get the proper permits, settle any wetland or endanged species issues, etc. Any legitimate purchaser would condition a contract of sale on the resolution of these issues, and would need an adequate amount of time to do it all in.

The Court admonished the Parties to somehow find a resolution to their disagreements, in light of the fact that a willing seller and buyer are much more amenable to contract than parties to a forced sale.

3