United States District Court
Southern District of Texas
FILED

SEP 0 6 2001

Michael N. Milby
Clerk of Court

COPY



**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff | § § § | |
| VS. | § § | CIVIL NO. B-01-053 |
| GRADY F. HEROLD, SR., Individually and in<br>his capacity as Independent Executor of the<br>Estate of Lillian A. Schwarz (Deceased), et al,<br>Defendants | § § § § | |

| | |
|---|---|
| CAMERON COUNTY, TEXAS; LAGUNA<br>MADRE WATER DISTRICT; CAMERON<br>COUNTY EMERGENCY SERVICES DISTRICT;<br>SOUTHMOST UNION JUNIOR COLLEGE<br>DISTRICT; POINT ISABEL I.S.D.; TOWN<br>OF SOUTH PADRE ISLAND; and SOUTH<br>TEXAS I.S.D..<br>    Plaintiffs in Counterclaim and Cross-Claim | § § § § § § § § |
| VS. | § § |
| UNITED STATES OF AMERICA, GRADY F.<br>HEROLD, SR., Individually and in his capacity<br>as Independent Executor of the Estate of<br>Lillian A. Schwarz (Deceased); KATHRYN L.<br>HEROLD; PEGGY L. HORN; RUBY L. WELLS;<br>DORIS JEAN SHANNON; the STATE OF<br>TEXAS; and LEGENDARY, INC.,<br>    Defendants to Counterclaim and Cross-<br>Claim | § § § § § § § § § § § |

**SIGNED MOTION FOR SUMMARY JUDGMENT OF**
**CAMERON COUNTY, TEXAS, LAGUNA MADRE**
**WATER DISTRICT, CAMERON COUNTY**
**EMERGENCY SERVICES DISTRICT,**
**SOUTHMOST UNION JUNIOR COLLEGE DISTRICT,**
**POINT ISABEL INDEPENDENT SCHOOL DISTRICT,**
**TOWN OF SOUTH PADRE ISLAND and**
**SOUTH TEXAS INDEPENDENT SCHOOL DISTRICT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

1

This Motion for Summary Judgment is filed following entry of the Order of August 28, 2001 which struck the previous Motion for Summary Judgment transmitted on August 24, 2001 because counsel failed to sign that previous Motion. The relief sought and the basis for it is unchanged but the form of the proposed order has been changed.

The moving parties are **(1)** Cameron County, Texas, for itself and on behalf of Cameron County Emergency Services District, Southmost Union Junior College District, and the South Texas Independent School District, whose ad valorem taxes the County collects pursuant to interlocal cooperation agreements made under the authority of TEX.PROP.TAX CODE ANN. §§6.23, 6.24 and 6.30, TEX.EDUC.CODE ANN. §23.93, and TEX.GOV'T CODE ANN., Chapter 791, (collectively, the "County"), and **(2)** the Point Isabel Independent School District, for itself and on behalf of the Laguna Madre Water District and the Town of South Padre Island, whose ad valorem taxes it collects pursuant to interlocal cooperation agreements made under the authority of TEX.PROP.TAX CODE ANN. §§6.23, 6.24 and 6.30, TEX.EDUC.CODE ANN. §23.93, and TEX.GOV'T CODE ANN., Chapter 791 (collectively the "School District"). Pursuant to FED.R.CIV.P. 56 the County and School District move for entry of a summary judgment in their favor and against the Plaintiff, the United States of America, and the Defendants, Grady F. Herold, Sr., individually and in his capacity as Independent Executor of the Estate of Lillian A. Schwarz (Deceased), Kathryn Louise Herold, Peggy L. Horn (a/k/a Peggy L. Horn Birch), Ruby L. Wells and Doris Jean Shannon (collectively the "Schwarz Defendants"), the State of Texas (the "State") and Legendary, Inc. ("Legendary").

## I. Summary of the Motion

This suit began as one brought by the Plaintiff against the Estate of Lillian A. Schwarz, Deceased, to foreclose liens and thereby collect unpaid federal estate tax liability. The property which is the subject of this suit consists of two tracts. The first tract consists of approximately 13.5

acres of beachfront property facing the Gulf of Mexico and located in the 300 Block of Padre Blvd.,

South Padre Island, Texas. The second tract consists of approximately 9.95 acres of property facing

Laguna Madre located south of the Queen Isabella Causeway where the causeway enters South Padre

Island. Both tracts are referred to hereinafter "the Property". The Property is subject to ad valorem

taxes assessed by the County and School District. The taxes assessed for 1996 through 2000 are

delinquent. Through this motion for summary judgment the County and School District seek a

judgment in their favor and against the Schwarz Defendants for the amounts owed, together with

foreclosure of the statutory liens which secure payment of those taxes. They also seek an

adjudication that their tax liens are superior to all interests in the Property which are asserted by the

United States, the State and Legendary.

## II. Motion for Summary Judgment

### A. Undisputed Facts

The Summary Judgment proof consists of the attached affidavits and copies. That proof

shows that there is no genuine issue as to any material fact respecting the liability of the Schwarz

Defendants to the County and School District for the taxes, penalties and interest now owed as

detailed in the attached affidavits. That proof further shows that the County and School District are

entitled to a Summary Judgment awarding them those taxes, penalties, interest, and court costs as a

matter of law, together with foreclosure of their statutory tax liens which exists on the Property to

secure payment of all those amounts.

### 1. The Title to the Property

a.      By a deed dated March 31, 1965 recorded in Volume 780, Page 507, Deed Records of

Cameron County, Texas, D.J. Schwarz acquired ownership of the Property. A true and correct copy

of that deed is attached hereto as Exhibit 1 and is incorporated herein for all purposes.

3

CVAPDF - www.fesko.com

b.      D.J. Schwarz died testate on November 3, 1984. His Last Will and Testament was admitted to probate in Cause No. 16,903 on the docket of the County Court of Hidalgo County, Texas. By that Will he bequeathed all of his property to his surviving wife, Lillian A. Schwarz. True and correct copies of the Application for Probate of Will, his Will, and the order admitting it to probate are attached hereto as Exhibits 2, 3 and 4, respectively, and are incorporated herein for all purposes.

c.      Lillian A. Schwarz died testate on August 24, 1985. Her Last Will and Testament was admitted to probate in Cause No. 17,423-C on the docket of the County Court at Law No. 3 of Hidalgo County, Texas. True and correct copies of the Application for Probate of Will, her Will, the Order admitting it to probate, and her Inventory, Appraisement and List of Claims are attached hereto as Exhibits 5, 6, 7 and 8, respectively, and are incorporated herein for all purposes. The defendant Grady F. Herold, Jr., is the Independent Executor of the Estate of Lillian A. Schwarz, and the Defendants Kathryn Louise Herold, Peggy L. Horn (a/k/a Peggy Horn Birch), Ruby L. Wells and Doris Jean Shannon are beneficiaries under her Will.

## 2. The Amounts of Taxes Due

According to the Affidavit of Antonio Yzaguirre, Tax Assessor-Collector for the County, which is attached hereto as Exhibit 9 and is incorporated herein for all purposes, there are delinquent ad valorem taxes, together with statutory penalties and interest, owing to the County on the Property for the years 1996 through 2000 in the amounts recited in the attachments to that Affidavit.

According to the Affidavit of Brenda J. Villarreal, Tax Assessor-Collector for the School District, which is attached hereto as Exhibit 10 and is incorporated herein for all purposes, there are delinquent ad valorem taxes, together with statutory penalties and interest, owing to the School District on the Property for the years 1996 through 2000 in the amounts recited in the attachments to

that Affidavit.

## B. Argument and Authorities

1.        Section 33.47, Texas Property Tax Code, provides that in a suit to collect delinquent

taxes, certified summaries of the taxing unit's delinquent tax roll showing the property and the

amount of the tax imposed constitute prima facie evidence that each person charged with a duty

relating to the imposition of the tax has complied with all requirements of law and that the amount of

tax alleged to be delinquent against the property listed is the correct amount.  In a delinquent tax suit

under Texas law, a taxing unit establishes a prima facie case by introducing into evidence certified

copies of the appropriate delinquent tax records along with evidence that, according to official

records, such amounts are due and delinquent. *Alamo Barge Lines v. City of Houston*, 453 S.W.2d

132, 133-134 (Tex. 1970); *Bryan Indep. School Dist. v. Lamountt*, 726 S.W.2d 192, 193 (Tex.App.--

Houston [14th Dist.] 1987, no writ hist.); *Thompson v. City of Pearland*, 489 S.W.2d 124, 125

(Tex.Civ.App.--Houston [1st Dist.] 1972, no writ hist.).

2.        Section 33.47 is applicable to the present case by virtue of the Rules of Decision Act,

28 U.S.C. §1652, and the following cases:

(a)        *Johnson v. Fankell*, 520 U.S. 911, 916; 117 S.Ct. 1800, 1804; 138 L.Ed.2d 108, 115

(1997)(" Neither this Court nor any other federal tribunal has any authority to place a construction on

a state statute different from the one rendered by the highest court of the state. [citations omitted]

This proposition, fundamental to our system of federalism, is applicable to procedural as well as

substantive rules. [citation omitted]");

(b)        *Commissioner v. Bosch*, 387 U.S. 456, 464; 87 S.Ct. 1776, 1782; 18 L.Ed.2d 886, 893

(1967)("This is also in keeping with the long-established policy of the Congress, as expressed in the

Rules of Decision Act, 28 U.S.C. §1652.  There it is provided that in the absence of federal

requirements such as the Constitution or Acts of Congress, the 'laws of the several states . . . shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply.'");

(c)     *Hulin v. Fibreboard Corp.*, 178 F.3d 316, 318-319 (5th Cir. 1998)(quoting *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938));

(d)     *Federal Deposit Ins. Corp. v. Abraham*, 137 F.3d 264, 267-268 (5th Cir. 1998)("Even though federal subject matter jurisdiction of the case we review on appeal today is not grounded in diversity of citizenship, we nonetheless apply the rules of interpretation that have evolved since Erie Railroad v. Tompkins to the controlling state law here under examination. 'When adjudicating claims for which state law provides the rules of decision, even when those claims are "federal questions" in form, we are bound to apply the law as interpreted by the state's highest court.' " [footnote omitted]);

(e)     *Travis County v. Resolution Trust Corp.*, 61 F.Supp.2d 581, 585 (W.D. Tex. 1999)("The law states that the certified copies of the tax roll showing the amount that is due and owing is prima facie evidence that the amount of tax alleged to be delinquent against the property listed in the correct amount. Tex.Prop.Tax.Code §33.47(a)(Vernon's 1992). The taxpayer has the burden of rebutting that presumption.")

3.     As the owners of undivided interests in the Property throughout the period from January 1, 1996 through and including January 1, 2000, the Schwarz Defendants are personally liable for the taxes levied on the Property by the Taxing Units for each of those years. Tex.Prop.Tax Code Ann. §32.07(a) (Vernon 1992). *Midland Central Appraisal Dist. v. Midland Indus. Service Corp. (Matter of Midland Indus. Service Corp.)*, 35 F.3d 164, 166 (5th Cir. 1994).

4.     Texas imposes a lien on real property to secure the payment of ad valorem tax

CWPDF - www.texia.com

penalties and interest accruing on delinquent ad valorem taxes.

> The annual assessment made upon landed property shall be a special lien thereon; and all property, both real and personal, belonging to any delinquent taxpayer shall be liable to seizure and sale for the payment of all the taxes and penalties due by such delinquent; and such property may be sold for the payment of the taxes and penalties due by such delinquent, under such regulations as the Legislature may provide.

TEX.CONST. art. VIII, Sec. 15.

> On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on that property, whether or not the taxes are imposed in the year the lien attaches. The lien exists in favor of each taxing unit having power to tax the property.

TEX.PROP.TAX CODE ANN. §32.01 (Vernon 1992). Therefore, the County and School District possess equal liens on the Property which secure payment of all taxes, interest and penalties assessed and unpaid. TEX.PROP.TAX CODE ANN. §32.04(b)(Vernon 1992).

5.     The Texas ad valorem tax liens asserted by the County and School District are superior to all liens asserted against the Property by the Plaintiff by virtue of 26 U.S.C. §6323(b)(6)(A).

6.     Those ad valorem tax liens are also superior to all liens asserted by the State and to all interests in the Property, if any, asserted by Legendary. TEX.PROP.TAX CODE ANN. §32.05(b) (Vernon Supp. 2001)("Except as provided by Subsection (c) of this section, a tax lien provided by this chapter takes priority over the claim of any creditor of a person whose property is encumbered by the lien and over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before attachment of the tax lien.") Subsection (c) contains no exception applicable to any other party in this case. The United States Court of Appeals for the Fifth Circuit has recognized and applied §32.05(b). *City of Boerne Hills v. Boerne Hills Leasing Corp. (Matter of Boerne Hills Leasing Corp.)*, 15 F.3d 57, 59 (5th Cir. 1994).

7

WHEREFORE, premises considered, the County and School District pray for judgment against the Defendants for the amounts delineated in their summary judgment proof, which include the total amount of penalties, interest, costs, costs of court, and other charges or expenses that may be legally due and owing; for judgment foreclosing their tax liens against the property land described herein; and for all other relief to which the County and School District may show themselves justly entitled hereunder.

Respectfully submitted,

LINEBARGER GOGGAN BLAIR PEÑA & SAMPSON, LLP
P. O. Box 17428
Austin, Texas 78760
(512) 447-6675
Telefax (512) 443-3494

By: _____
KENT M. RIDER
State Bar No. 16896000
Southern District Admission No. 13883

Attorney in Charge for Cameron County, Laguna Madre Water District, Cameron County Emergency Services District, Southmost Union Junior College District, Point Isabel Independent School District, Town of South Padre Island, and South Texas Independent School District

## CERTIFICATE OF SERVICE

True and correct copies of the foregoing motion were served by certified United States mail, postage prepaid, return receipts requested, on the following counsel of record on September 4, 2001:

Mr. Manuel P. Lena, Jr.
Attorney. Tax Division
U.S. Department of Justice
717 N. Harwood, Ste. 400
Dallas, Texas 75201

ATTORNEY FOR PLAINTIFF

8

Ms. Linda S. Paine
Mr. Larry Sherlock
Chamberlain Hrdlicka White Williams & Martin, A P.P.C.
1200 Smith Street, Ste. 1400
Houston, Texas 77002-4401

ATTORNEYS FOR GRADY F. HEROLD, SR.,
KATHRYN LOUISE HEROLD, PEGGY L. HORN,
RUBY L. WELLS and DORIS JEAN SHANNON

Mr. David Randell
Assistant Attorney General
Bankruptcy & Collections Division
P.O. Box 12548
Austin, Texas 78711-2548

ATTORNEY FOR STATE OF TEXAS

Mr. David C. Garza
Garza & Garza, L.L.P.
P.O. Box 2025
Brownsville, Texas 78522

ATTORNEY FOR LEGENDARY, INC.

Mr. Cullen R. Looney
Attorney at Law
P.O. Box 118
Edinburg, Texas 78540-0118

KENT M. RIDER

*Cameron\Signed Herold\MSJ*
*September 4, 2001*

9

51157

## All Men by These Presents:

Texas Corporation,

for and in consideration

------------------------------------------------------DOLLARS

Ten and No/100 ($10.00) together with other good and valuable considerations to be paid, and secured to be paid by T. J. Schwarz

as follows:

1. The sum of Ten and No/100 ($10.00) Dollars, Cash, the receipt of which is hereby acknowledged and confessed;

2. The execution and delivery by the Grantee herein of his one certain promissory note of even date herewith, in the principal sum of $76,666.00, bearing interest from date at the rate of 6 percent per annum and payable to Grantor herein in five annual installments of $15,333.20 each, beginning April 1, 1966. Interest on said note is payable annually at each principal installment due date and is payable in addition to principal. Said note contains the usual default and attorney's fee clauses, and in addition to being secured by the vendor's lien herein retained, is also secured by a Deed of Trust to D. D. Henderson, Trustee;



628711

have Granted, Sold and Conveyed, and by these presents do Grant, Sell and Convey, unto the said

### D. J. SCHWARZ

of the County of Hidalgo,                State of Texas,                all that certain lot, piece or parcel of land situated in Cameron County, Texas, to-wit:

TRACT I: 21.83 acres out of the Mrs. A. D. Dickinson, Jr. Tract on Padre Island, Cameron County, Texas, being a part of that certain land described in an instrument recorded in Volume 196, page 24, Deed Records, Cameron County, Texas, said 21.83 acres being more particularly described as follows: BEGINNING at a point on the North line of the Mrs. A. D. Dickinson, Jr. Tract, said point being the point of intersection of said North line with the East right-of-way line of Padre Boulevard; THENCE with the North line of the said Mrs. A. D. Dickinson, Jr. Tract, North 83 degrees 45 minutes East a distance of 1175.0 feet to a point on the ordinary high tide line of the Gulf of Mexico for the Northeast corner of this tract; THENCE with the meanders of the ordinary high tide line of the Gulf of Mexico, South 11 degrees 43 minutes 30 seconds East, 306.1 feet and South 7 degrees 26 minutes East a distance of 193.9 feet to a point for the Southeast corner of this tract, it being the intent of this call to describe 500 feet of frontage on the Gulf of Mexico in accordance with the directions of the meanders as here stated; THENCE South 83 degrees 45 minutes West parallel to and at a perpendicular distance of 498.56 feet from the North line of this tract, a distance of 1893.58 feet to the line as surveyed by J. S. Boyles for the State of Texas, for the Southwest corner of this tract; THENCE with the Boyles' Survey along the Laguna Madre as above cited, North 12 degrees 07 minutes West a distance of 501.18 feet to its point of intersection with the North line of the Mrs. A. D. Dickinson, Jr., Tract for the Northwest corner of this tra

507

EXHIBIT
1
tabbies

THENCE with the North line of the Mrs. A. D. Dickinson, Jr. Tract, North 83 degrees 45 minutes East a distance of 736.6 feet to the place of Beginning, containing 21.83 acres, more or less.

TRACT II:  11.87 acres out of the Mrs. A. D. Dickinson, Jr. Tract on Padre Island, Cameron County, Texas, being a part of that land described in an instrument recorded in Volume 196, page 24, of the Deed Records, Cameron County, Texas, said 11.87 acres being more particularly described as follows:  BEGINNING at the intersection of the North line of the Mrs. A. D. Dickinson, Jr. Tract and the line as surveyed by J. S. Boyles for the State of Texas, for the Northeast corner of this tract; THENCE with the Boyles' line as above cited, South 12 degrees 07 minutes East a distance of 501.18 feet to a point for the Southeast corner of this tract; THENCE South 83 degrees 45 minutes West parallel to and at a perpendicular distance of 498.56 feet from the North line of this tract, a distance of 1016.18 feet to a point on the West line of the Mrs. A. D. Dickinson, Jr. Tract for the Southwest corner of this tract; THENCE with the West line of said tract, North 16 degrees 44 minutes West a distance of 507.02 feet to the Northwest corner of the Mrs. A. D. Dickinson, Jr. Tract for the Northwest corner of this tract; THENCE with the North line of the Mrs. A. D. Dickinson, Jr. Tract North 83 degrees 45 minutes East a distance of 1057.2 feet to the place of Beginning, containing 11.87 acres, more or less.

It is understood that Grantee herein may require a release from operation of the Vendor's Lien herein retained as same pertains to that part or portion of the property herein described which is situated East of Padre Boulevard and extends to the Gulf of Mexico, and it is agreed by Grantor herein that it will execute such partial release of this Vendor's Lien as well as the Deed of Trust Lien created to additionally secure payment of the obligation herein set out upon request; provided, however, that Grantee will pay to Grantor in cash simultaneously with delivery of said release, a sum of money equal to two-thirds (2/3) of the then unpaid balance of said obligation.  It is further agreed and understood that such prepayment, if any, shall be credited as payment on principal of said obligation, but it shall not relieve Grantee of making regular installments as same fall due on said obligation until it is paid in full.  Interest shall cease to accrue on any such partial payment when made.

There is excepted from both tracts hereinabove set out and described, an undivided one-half (1/2) interest in all oil, gas and other minerals in and under or that may be produced from said land as reserved in a Deed dated June 10, 1958, executed by Agnes A. Dickinson, and recorded in Volume 657, page 379, Deed Records, Cameron County, Texas. Grantor agrees in said Deed, however, that any exploration, mining or drilling shall be done in such manner as not to disturb the surface of the above described land.

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said

D. J. SCHWARZ

heirs and assigns forever and it does    do hereby bind itself, its successors,

heirs, executors and administrators, to Warrant and Forever Defend, all and singular the said premises unto the said  D. J. SCHWARZ, his

heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof.

But it is expressly agreed and stipulated that the Vendor's Lien is retained against the above described property, premises and improvements, until the above described note  , and all interest thereon are fully paid according to    its    face and tenor, effect and reading, when this deed shall become absolute.

WITNESS    its    hand /  by its duly authorized officers and the impress of its seal at Kansas City, Missouri,

this 31st    day of    March,    A.D. 19 65.

JETTIE VIEW DEVELOPMENT COMPANY, INC.

Witness at request of Grantor:    BY: _____
President

ATTEST:

_____
Secretary

Case 1:01-cv-00053   Document 43   Filed in TXSD on 09/06/2001   Page 12 of 51

CRL:gr   F-41651   11-14-84

**FILED**

AT _10_ ___ O'CLOCK ___ M

NOV 1 3 1984

J. EDGAR RUIZ, Clerk
Co. Court at Law No.2 Hidalgo Co., Tx.
By _____ Deputy

CAUSE NO. 16,903-B

| | | |
|---|---|---|
| ESTATE OF | § | IN THE COUNTY COURT |
| DARIUS JOHN SCHWARZ, | § | AT LAW NO. _2_ OF |
| DECEASED | § | HIDALGO COUNTY, TEXAS |

## APPLICATION FOR PROBATE OF WILL AND ISSUANCE OF LETTERS TESTAMENTARY

TO THE HONORABLE JUDGE OF SAID COURT:

LILLIAN A. SCHWARZ ("Applicant") furnishes the following information to the Court for the probate of the written Will of DARIUS JOHN SCHWARZ ("Decedent") and for issuance of Letters Testamentary to Applicant:

1. Applicant is an individual interested in this Estate, domiciled in and residing at P. O. Box 584, Mercedes, Hidalgo County, Texas.

2. Decedent died on November 3, 1984 in Harlingen, Cameron County, Texas, at the age of 79 years.

3. This Court has jurisdiction and venue because Decedent was domiciled and had a fixed place of residence in this county on the date of death.

4. Decedent owned real and personal property described generally as home, cash securities, real estate, etc. in a probable value in excess of $50,000.00.

5. Decedent left a valid written Will dated December 2, 1953 which was never revoked and is filed herewith.

6. The subscribing witnesses to the Will and their present residence addresses are:  H. D. Lauderdale - deceased and Myrtle J. Heller, Mi. 5 3/4 N & Mi. 1/4 E., Mercedes, Texas.

7. No child or children were born to or adopted by Decedent after the date of the Will.

8. Decedent was never divorced.

9. A necessity exists for the administration of this estate.

10. Decedent's Will named Applicant to serve without bond or other security as Independent Executrix and Applicant would not be disqualified by law from serving as such or from accepting Letters Testamentary, and Applicant would be entitled to such Letters.

DATE AUG 10 2001

A true copy I certify
JUAN D SALINAS III
County Clerk, Hidalgo County, Texas

**EXHIBIT**

**2**

Applicant prays that citation issue as required by law to all persons interested in this Estate; that the Will be admitted to probate; that Letters Testamentary be issued to Applicant; and that all other orders be entered as the Court may deem proper.

Respectfully submitted,

KELLEY, LOONEY, ALEXANDER & MONROE
P. O. Box 237
Edinburg, Texas 78540
Phone: (512) 383-2737

By: *Cullen R. Looney*

CULLEN R. LOONEY
State Bar No. 12554000
ATTORNEY FOR APPLICANT

DATE AUG 1 0 2001
A true copy I certify
JUAN D. SALINAS III
County Clerk, Hidalgo County, Texas
By_____ Deputy

VOL 370 PAGE 457

C#1

16, 90 3-13

FILED
AT _____ O'_____ M.
_____

J. LODIN RUIZ, Clerk
Co. Court at Law No. 2 Hidalgo Co., Tx.
By _____ Deputy

THE STATE OF TEXAS, )
                     :    KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF HIDALGO.   )

That we, D. J. Schwarz and Lillian A. Schwarz, husband
and wife, of the County of Hidalgo, State of Texas, being of
sound and disposing mind and memory and understanding, in
view of the uncertainty of human life, and for the purpose
of making the best disposition of our worldly affairs, do here-
by make and publish this our last will and testament, hereby
revoking all former wills, if any, by us heretofore made.

I.

We direct that all our just debts be paid.

II.

It is our will and desire that the survivor of us, D. J.
Schwarz or Lillian A. Schwarz, as the case may be, shall, with
the right and authority below and herein given, have all of the
estate of every description, real, personal or mixed, which
either or both of us may own, in fee simple, to manage, sell
or dispose of as such survivor may see proper.

If we shall both die in the same accident or disaster, or
before this will is filed for probate, all of the estate of
every description, real, personal or mixed, which either or
both of us may own at the time of the first of such deaths, or
if the order of such deaths is not ascertained, at the time of
either of such deaths, without respect to which of us may sur-
vive the other, is hereby devised and bequeathed in fee simple
unto our four daughters, Kathryn Louise Herold, Peggy Loraine
Maddox, Doris Jean Shannon and Ruby Lee Schwarz, in equal
portions, share and share alike.

AUG 10 2001

DATE _____

A true copy I certify
JUAN D. SALINAS III
County Clerk, Hidalgo County, Texas
_____ Deputy

EXHIBIT
3

VOL 370 PG 458

### III.

We hereby appoint the survivor under this will independent executor or executrix, as the case may be, of this will, and direct that no bond shall be required of such survivor and that no other action shall be had in the County Court in relation to the settlement of said estate than the probating and recording of this, our will, and the return of an inventory, appraisement and list of claims of said estate.

In the event of the death of both of us in the same accident or disaster, or prior to the filing of this will for probate as hereinbefore set out, then we hereby appoint Grady F. Herold independent executor in the place and stead of such survivor, with all rights, privileges and obligations, and under the same terms and conditions as the survivor above mentioned.

### IV.

We hereby authorize and empower said executor or executrix, as the case may be, to sell, dispose of, deliver and convey any portion of such estate, real, personal or mixed, at public or private sale, for any price, on any terms and in any manner that may seem to such executor or executrix best, for the purpose of paying any of such debts hereinbefore directed to be paid and/or the above legacies.

This we make and publish as our last will and testament, hereunto signing and subscribing our names this the 2nd day of December , 1953, in the presence of Myrtle J. Heller and H. D. Lauderdale , who attest the same at our request.

_____
D. J. Schwarz

_____
Lillian A. Schwarz

-2-

DATE AUG 1 0 2001
A true copy I certify
JUAN D. SALINAS III
County Clerk, Hidalgo County, Texas
By_____ Deputy

VOL 370 PAGE 459

The above instrument was now here published as their last will and testament, and signed and subscribed by D. J. Schwarz and Lillian A. Schwarz, the testator and testatrix, in our presence, and we, at their request, and in their presence and in the presence of each other sign and subscribe our names thereto as attesting witnesses.

—3—

DATE    AUG 1 0 2001
A true copy I certify
JUAN D. SALINAS III
County Clerk, Hidalgo County, Texas
By_____ Deputy

CRL: gr   F-41651   11-14-84

**FILED**

AT_____O'CLOCK_____M.

NOV 2 7 1984

VOL 370 PG 462

CAUSE NO. 16,903-B

J. EDGAR RUIZ, Clerk
Co. Court at Law No. 2 Hidalgo Co., Tx.
By_____Deputy

ESTATE OF                          §        IN THE COUNTY COURT

DARIUS JOHN SCHWARZ,               §        AT LAW NO. TWO____ OF

DECEASED                           §        HIDALGO COUNTY, TEXAS

## ORDER ADMITTING WILL TO PROBATE AND AUTHORIZING LETTERS TESTAMENTARY

On this day the Court heard the Application For Probate of Will and Issuance of Letters Testamentary filed by LILLIAN A. SCHWARZ ("Applicant") in the Estate of DARIUS JOHN SCHWARZ, Deceased ("Decedent").

The Court heard the evidence and reviewed the Will and the other documents filed herein and finds that the allegations contained in the Application are true; that notice and citation have been given in the manner and for the length of time required by law; that Decedent is dead and that four years have not elapsed since the date of Decedent's death; that this Court has jurisdiction and venue of the Decedent's estate; that Decedent left a Will dated December 2, 1953, executed with the formalities and solemnities and under the circumstances required by law to make it a valid Will; that on such date Decedent had attained the age of 18 years and was of sound mind; that the Will was not revoked by Decedent; that no objection to or contest of the probate of the Will has been filed; that all of the necessary proof required for the probate of the Will has been made; that the Will is entitled to probate; that in the Will, Decedent named LILLIAN A. SCHWARZ as Independent Executrix to serve without bond, who is duly qualified and not disqualified by law to act as such and to receive Letters Testamentary; that a necessity exists for the administration of this estate; and that no interested person has applied for the appointment of appraisers and none are deemed necessary by the Court

It is ORDERED that the Will is admitted to probate, and the Clerk of this Court is ORDERED to record the Will, together with the Application in the Minutes of this Court.

It is ORDERED that no bond or other security is required and that upon the taking and filing of the Oath required by law, Letters Testamentary shall issue to LILLIAN A. SCHWARZ who is appointed as Independent Executrix of Decedent's Will and Estate, and no other action shall be had in this Court

DATE ___AUG 1 0 2001___

A true copy I certify
JUAN D. SALINAS III
County Clerk, Hidalgo County, Texas

By_____Deputy

**EXHIBIT**

**4**

VOL 370 PAGE 463

other than the return of an Inventory, Appraisement, and List of Claims as
required by law.

    SIGNED this _27TH_ day of _November_ , 1984.

                                         JUDGE PRESIDING

KELLEY, LOONEY, ALEXANDER & MONROE
P. O. Box 237
Edinburg, Texas 78540
Phone:  (512) 383-2737

By: _Cullen R. Looney_
       CULLEN R. LOONEY
       State Bar No. 12554000
       ATTORNEY FOR APPLICANT

- 2 -

DATE      AUG 1 0 2001
A true copy I certify.
JUAN D. SALINAS III
County Clerk, Hidalgo County, Texas
By _____ Deputy

CutePDF - www.foxia.com

LED

AT 4.05 O'CLOCK

2 9 1985

J. EDGAR RUIZ.
COUNTY COURT AT LAW NO.

NO. 17,423-C

| | | |
|---|---|---|
| ESTATE OF | } | IN THE COUNTY COURT |
| LILLIAN A SCHWARZ, | } | AT LAW NO. 3 |
| DECEASED | } | OF HIDALGO COUNTY, TEXAS |

## APPLICATION FOR PROBATE OF WILL AND
## ISSUANCE OF LETTERS TESTAMENTARY

TO THE HONORABLE JUDGE OF SAID COURT:

GRADY F. HEROLD, SR. ("Applicant") furnishes the following infor-
mation to the Court for the probate of the written Will of LILLIAN A.
SCHWARZ ("Decedent") and for issuance of Letters Testamentary to Applicant:

1.  Applicant is an individual interested in this Estate, domiciled
in and residing at P. O. Box 584, Mercedes, Hidalgo County, Texas.

2.  Decedent died on August 24, 1985 in Harlingen, Cameron County,
Texas, at the age of 80 years.

3.  This Court has jurisdiction and venue because Decedent was
domiciled and had a fixed place of residence in this county on the date
of death.

4.  Decedent owned real and personal property described generally
as home, cash, securities, real estate, etcetera in a probable value in
excess of $50,000.00.

5.  Decedent left a valid written Will dated March 1, 1985 which
was never revoked and is filed herewith.

6.  The subscribing witnesses to the Will and their present residence
addresses are: Sharron Jones, Mile 3 North 1/4 Mile   FM 491, Mercedes,
Texas, and Debbie J. Roberts, Route 2 Box 58, Mercedes, Texas.

7.  No child or children were born to or adopted by Decedent after
the date of the Will.

8.  Decedent was never divorced.

9.  A necessity exists for the administration of this estate.

10.  Decedent's Will named Applicant to serve without bond or other
security as Independent Executor and Applicant would not be disqualified
by law from serving as such or from accepting Letters Testamentary, and
Applicant would be entitled to such Letters.

DATE AUG 1 0 2001
A true copy I certify
JUAN D. SALINAS III
County Clerk, Hidalgo County, Texas

By _____ Deputy

EXHIBIT
5

82 704

Applicant prays that citation issue as required by law to all persons interested in this Estate; that the Will be admitted to probate; that letters Testamentary be issued to Applicant; and that all other orders be entered as the Court may deem proper.

Respectfully submitted,

KELLEY, LOONEY, ALEXANDER & MONROE
P. O. Box 237
Edinburg, Texas 78540
Phone: (512) 383-2737

By: *Cullen R. Looney*

CULLEN R. LOONEY
State Bar No. 12554000
Attorney for Applicant

DATE ___ AUG 1 0 2001

A true copy I certify
JUAN D. SALINAS III
County Clerk, Hidalgo County, Texas

By _____ Deputy

-2-

VOL 382 PAGE 705

FILED

17,123-C

AT 4.05 O'CLOCK

3 29 1985

J. EDGAR RUIZ, CLERK
COUNTY COURT AT LAW NO. 1 OF



LAST WILL AND TESTAMENT

OF

LILLIAN A. SCHWARZ

THE STATE OF TEXAS §

COUNT OF HIDALGO §                    KNOW ALL MEN BY THESE PRESENTS:

THAT I, LILLIAN A. SCHWARZ, a resident of Hidalgo County, Texas, declare this to be my Last Will and hereby expressly revoke all prior Wills and Codicils.

I

My husband predeceased me.  There were four (4) children of our marriage whose names are:

        Kathyrn Louise Herold of Mercedes, Texas;
        Peggy Lorraine Horn of El Paso, Texas;
        Doris Jean Shannon of Houston, Texas; and
        Ruby Lee Wells of Weslaco, Texas.

II

I hereby elect not to exercise any power of appointment exercisable by a Will which I now have or which may hereafter be conferred on me; no provision of this Will shall be construed as an exercise in whole or in part of any such power.

III

I give, devise and bequeath all of my estate to my children, share and share alike.  If any child of mine shall predecease me, but issue of such deceased child of mine survive me, the share of my estate that would otherwise pass to such deceased child of mine, shall pass per stirpes, and not per capita, to the issue who survive me of the deceased child of mine.

IV

I hereby appoint GRADY F. HEROLD, SR., my son-in-law, as the Independent Executor of this Will.  If he is unable or unwilling to act or to continue to act in that capacity, then I appoint KATHYRN LOUISE HEROLD, my daughter of Mercedes, Texas, and RUBY LEE WELLS, my daughter of Weslaco, Texas, or the survivor of them, to act as Co-Independent Executrixes of this Will.  I direct that no action shall be taken in any

DATE AUG 1 0 2001

A true copy I certify
JUAN D. SALINAS III
County Clerk, Hidalgo County, Texas

By

L. a. S.

EXHIBIT
6

Court the administration of my estate other than the probating and
recording of this Will and the return of an inventory, appraisement and
list of claims of my estate. My Independent Executor or Executrix,
whether original, substitute or successory, is hereafter referred to as
my "Executor".

No bond or other security shall be required of any Executor appointed
by this Will.

My Executor shall have, in extension and not in limitation of the
powers given by law or by other provisions of this Will, the following
powers with respect to the settlement and administration of my probate
estate:

1. To employ any attorney, investment advisor, accountant,
broker, tax specialist or any other agent deemed necessary by my Executor;
and to pay from my estate reasonable compensation for all services
performed by any of them.

2. When paying legacies or dividing or distributing my estate,
to make such payments, division or distribution, wholly or partly in
kind by allotting and transferring specific securities or other personal
or real properties, or undivided interests therein as part of the whole
of any one or more payments or shares at current values in the manner
deemed advisable by my Executor, except that all interests in oil, gas
or other minerals that I may own an interest in at my death shall be
divided in equal undivided interests among my children, or their children,
as indicated in Paragraph III above.

All of the above powers may be exercised from time to time in the
discretion of my Executor without further Court Order or license.

V

If any provisions of this Will or of any Codicil thereof is held to
be inoperative, invalid or illegal, it is my intention that all of the
remaining provisions thereof shall continue to be fully operative and
effective so far as is possible and reasonable.

As used in this Will, whenever the context so indicates, the mascu-
line, feminine, or neuter gender, and the singular or plural number,
shall each be deemed to include the other.

DATE ___AUG 1 0 2001___

A true copy I certify
JUAN D. SALINAS III
County Clerk, Hidalgo County, Texas

By_____ Deputy

382 · 707

IN WITNESS WHEREOF, I, LILLIAN A. SCHWARZ, hereby set my hand to this my Last Will, each page of which has been initialed by me on this the ___ day of _____, 1985, at Edinburg, Hidalgo County, Texas

*Lillian a. Schwarz*
LILLIAN A. SCHWARZ, Testatrix

### ATTESTATION CLAUSE

The foregoing instrument, consisting of four (4) pages, including the Attestation Clause and Self-Proving Affidavit, was in our presence signed by LILLIAN A. SCHWARZ and declared by her to be her Last Will. We, at her request and in her presence, and in the presence of each other, have hereunto subscribed our names as Witnesses on this 1st day of March , 1985.

*Sharron Jones*
Witness                          Address  Mi 3 North 1/4 mile East FM 491

                                *Mercedes, Texas*

*Debbie J. Roberts*
Witness                          Address  Rt 2 Box 58

                                *Mercedes, TX*

### SELF-PROVING AFFIDAVIT

THE STATE OF TEXAS }
                   :
COUNTY OF HIDALGO  }

BEFORE ME, the undersigned authority, on this day personally appeared LILLIAN A. SCHWARZ, *Sharron Jones* and *Debbie J. Roberts* known to me to be the Testatrix and the Witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and, all of said persons being by me duly sworn,

DATE ___ AUG 1 0 2001
A true copy I certify
JUAN D. SALINAS III
County Clerk, Hidalgo County, Texas

638

the Testatrix, LILLIAN A. SCHWARZ, declared to me and to the said Witnesses in my presence that said instrument is her Last Will and Testament, and that she had willingly made and executed it as her free act and deed for the purposes therein expressed; and the said Witnesses each on his oath stated to me, in the presence and hearing of the said Testatrix, that the said Textatrix had declared to them that said instrument is her Last Will and Testament and that she executed the same as such and wanted each of them to sign it as a Witness; and upon their oaths each Witness stated further that they did sign the same as Witnesses in the presence of said Testatrix and at her request; that she was at the time eighteen (18) years of age or over (or being under such age, was or had been lawfully married, or was then a member of the Armed Forces of the United States or of an auxiliary thereof or of the Maritime Service) and was of sound mind; and that each of said Witnesses was then at least fourteen (14) years of age.

LILLIAN A. SCHWARZ, Textatrix

Witness

Witness

SUBSCRIBED AND ACKNOWLEDGED before me by the said Testatrix, LILLIAN A. SCHWARZ, and SUBSCRIBED AND SWORN TO before me by the said Witnesses, _SHARRON JONES_ and _DEBBIE J. ROBERTS_, on this the _1st_ day of _MARCH_, 1985.

Notary Public, State of Texas

Name: _ELVA ESCALON CASTILLO_

My commission expires: _MAY 9, 1988_

DATE ___ AUG 1 0 2001
A true copy I certify
JUAN D. SALINAS III
County Clerk, Hidalgo County, Texas
By ___

NO. 17,423-C

| | | |
|---|---|---|
| ESTATE OF | § | IN THE COUNTY COURT |
| LILLIAN A. SCHWARZ, | § | AT LAW NO. THREE |
| DECEASED | § | OF HIDALGO COUNTY, TEXAS |

ORDER ADMITTING WILL TO PROBATE AND
AUTHORIZING LETTERS TESTAMENTARY

On this day the Court heard the Application for Probate of Will and
Issuance of Letters Testamentary filed by GRADY F. HEROLD, SR. ("Applicant")
in the Estate of Lillian A. Schwarz, Deceased ("Decedent").

The Court heard the evidence and reviewed the Will and the other docu-
ments filed herein and finds that the allegations contained in the Application
are true; that notice and citation have been given in the manner and for the
length of time required by law; that Decedent is dead and that four years
have not elapsed since the date of Decedent's death; that this Court has
jurisdiction and venue of the Decedent's estate; that Decedent left a Will
dated March 1, 1985, executed with the formalities and solemnities and under
the circumstances required by law to make it a valid Will; that on such
date Decedent had attained the age of eighteen (18) years and was of sound
mind; that the Will was not revoked by Decedent; that no objection to or
contest of the probate of the Will has been filed; that all of the necessary
proof required for the probate of the Will has been made; that the Will is
entitled to probate; that in the Will, Decedent named GRADY F. HEROLD, SR.
as Independent Executor to serve without bond, who is duly qualified and
not disqualified by law to act as such and to receive Letters Testamentary;
that a necessity exists for the administration of this estate; and that
no interested person has applied for the appointment of appraisers and
none are deemed necessary by the Court.

It is ORDERED that the Will is admitted to probate, and the Clerk of
this Court is ORDERED to record the Will, together with the Application in
the Minutes of this Court.

It is FURTHER ORDERED that no bond or other security is required and
that upon the taking and filing of the Oath required by law, Letters
Testamentary shall issue to GRADY F. HEROLD, SR. who is appointed as Inde-
pendent Executor of Decedent's Will and Estate, and no other

FILED
___ O'CLOCK ___
1985
J. EDGAR RUIZ
COUNTY COURT AT LAW NO.

DATE AUG 10 2001
A true copy I hereby
JUAN D. SALINAS III
County Clerk, Hidalgo County, Texas
By_____ Deputy

EXHIBIT
7

712

be had in this Court other than the return of an Inventory, Appraisement, and List of Claims as required by law.

SIGNED this 30th day of September, 1985.

_____
Judge Presiding

KELLEY, LOONEY, ALEXANDER & MONROE
P. O. Box 237
Edinburg, Texas 78540
Phone:  (512) 383-2737

By: _____
CULLEN R. LOONEY
State Bar No. 12554000
Attorney for Applicant

DATE_____ AUG 1 0 2001
A true copy I certify
JUAN D. SALINAS III
County Clerk, Hidalgo County, Texas
By_____ Deputy

-2-

CRL:as                8



FILED
AT 11:30 O'CLOCK a M
JUN 23 1986
J EDGAR RUIZ, CLERK
COUNTY COURT-AT-LAW NO 3 OF HIDALGO CO., TX
BY M. Zuela

VOL 392 PAGE 485

No. 17,423-C

| | | |
|---|---|---|
| ESTATE OF | § | IN THE COUNTY COURT |
| LILLIAN A. SCHWARZ, | § | AT LAW NUMBER THREE |
| DECEASED | § | OF HIDALGO COUNTY, TEXAS |

## INVENTORY, APPRAISEMENT, AND LIST OF CLAIMS

Date of Death: August 24, 1985

The following is a full, true and complete Inventory and Appraisement of all personal property and of all real property situated in the State of Texas, together with a List of Claims due and owing to this Estate as of the date of death, which have come to the possession or knowledge of the undersigned.

### INVENTORY AND APPRAISEMENT

| | |
|---|---|
| Real Property (See Schedule A) | $ 18,597,449.00 |
| Stocks and Bonds (See Schedule B) | .00 |
| Mortgages, Notes and Cash (See Schedule C) | 244,914.00 |
| Insurance Payable to Estate (See Schedule D) | 56,880.00 |
| Jointly Owned Property (See Schedule E) | .00 |
| Miscellaneous Property (See Schedule F) | 204,892.00 |
| Total | $ 19,104,135.00 |

### LIST OF CLAIMS

There are no claims due or owing to the Estate other than those shown on the foregoing Inventory and Appraisement.

The foregoing Inventory, Appraisement, and List of Claims should be approved and ordered entered of record.

Respectfully submitted,

KELLEY, LOONEY, ALEXANDER & MONROE

BY: _Cullen R Looney_

CULLEN R. LOONEY
State Bar No. 12554000
Attorney for the Estate

DATE AUG 1 0 2001
A true copy I certify
JUAN D. SALINAS III
County Clerk, Hidalgo County, Texas
By Leela

EXHIBIT
8

92  486

STATE OF TEXAS          §
                                        **KNOW ALL MEN BY THESE PRESENTS THAT:**
COUNTY OF HIDALGO        §

I, GRADY F. HEROLD, SR., having been duly sworn, hereby state on oath that the foregoing Inventory, Appraisement, and List of Claims is a true and complete statement of all the property and claims of the Estate that have come to my knowledge.

_____
GRADY F. HEROLD, SR.,
Independent Executor

SUBSCRIBED AND SWORN TO BEFORE ME by GRADY F. HEROLD, SR. on the 23rd day of June, 1986, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

ANETIA SMITH
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

Name: _____
My commission expires: My Commission Expires 8-20-89

## ORDER

The foregoing Inventory, Appraisement, and List of Claims of the above Estate having been filed and presented and the court having considered and examined the same and being satisfied that it should be approved and there having been no objections made thereto, it is in all respects **APPROVED** and **ORDERED** entered of record.

Signed on the 26th day of _____ June _____, 1986.

_____
Judge Presiding

```
            FILED
AT _____ O'CLOCK _____ M

        JUN 2 6 1986

       J. EDGAR RUIZ, CLERK
COUNTY COURT AT LAW NO. 2 OF HIDALGO CO., TX
BY M K Ibarra          DEPUTY
```

DATE  AUG 1 0 2001
A true copy I certify
JUAN D. SALINAS III
County Clerk, Hidalgo County, Texas
By _____

-2-



" 392 ·· 487

## SCHEDULE A

**REAL PROPERTY:**

| | |
|---|---:|
| Homeplace/residence – A 3.16 acre tract out of Lot 7, Block 66, Capisallo District, Hidalgo County, Texas | 175,000 |
| "Smith" Tract – The North 20 acres of Lot 16, and 34.25 acres of Lot 9, Block 66, Capisallo District, Llano Grande Grant, Hidalgo County, Texas | 190,000 |
| "Shaw" Tract – Lots 9 and 10, Block 78, Capisallo District, Hidalgo County, Texas, more fully described in Exhibit "A" attached hereto | 615,000 |
| Heidelberg/Airport Farm – Lots 4, 13, and 14, Block 24; Lots 3, 4, 6, and 7, Block 25; North 20 acres of Lot 3, Block 27; Lots 4, and 5, Block 27; Lot 1, Block 43; North 20 acres of Lot 2, Block 43; Lot 8, Block 43; Lot 5, Block 44; North 20 acres of Lot 10, Block 44; Lots 13, 14, 15, and 16, Block 45; East 20 acres of Lot 16, Block 46; Southeast 2.63 acres of Lot 7, Block 62, Southeast 26.11 acres of Lot 10, Block 62; Southeast 3.43 acres of Lot 14, Block 62; Lot 16, Block 62; Lots 4, 5, and 13, Block 64, Capisallo District Subdivision, Llano Grande Grant, Hidalgo County, Texas | 1,140,000 |
| Rio Rico Tract – Lots 9, 10, and 11, Block 69; Lots 1, 2, 3, and 4, Block 70; 34.05 acres of Lot 5, Block 70; 37.05 acres of Lot 6, Block 70; Lots 11, 12, and 13, Block 70; Lot 1, Block 75; 36.97 acres of Lot 8, Block 75; 35.81 acres of Lot 16, Block 75; South 29.45 acres of Lot 16, Block 76; 33.38 acres of Lot 1, Block 36; Lots 2 and 3, Block 76; Lot 6, Block 36; 30.24 acres of Lot 7, Block 36; 6.92 acres of Lot 8, Block 36; 9.10 acre of Lot 10, Block 36; 25.32 acres of Lot 11, Block 36; Lots 2, 3, 6, and 12, Block 38, Capisallo District Subdivision, Llano Grande Grant, Hidalgo County, Texas | 1,980,000 |
| "Cox" Tract – All of Tract 45 of J. J. Balli Tract, Dupoy Partition, Hidalgo County, Texas | 1,078,000 |
| Progreso Tract – An 8.94 acre tract of land out of Lot 172, Llano Grande Subdivision, Hidalgo County, Texas | 45,000 |
| County Line Tracts: Bixby/Porter Tract – A 7.22 acre tract out of the Southeast corner of Lot 31, Bixby Subdivision, Hidalgo County, Texas | 25,000 |
| Mile 3-1/2 East Tracts – North 20 acres of Lot 6, Block 4; the West 4.75 acres of the South 10 acres of Lot 7, Block 4; the West 21.64 acres of North 31.64 acres of Lot 11, Block 4; the West 20 acres of Lot 4, Block 6; all in Capisallo District Subdivision of Llano Grande Grant, Cameron County, Texas | 135,000 |

DATE _____ AUG 1 0 2001

A true copy I certify
JUAN D. SALINAS III
County Clerk, Hidalgo County, Texas

392 488

| | |
|---|---:|
| Santa Rosa Tract – Lots 1, 2, 3, 15 and 16, Block 5: Lot 3, Block 16; Lots 6 through 17. Block 29, Lots 7, 10 and 11, Block 30; Santa Rosa Townsite, Santa Rosa, Cameron County, Texas | 69,000 |
| Rangerville Farm – Lots 1, 2A, 2B, 32, 33, 34 and 36 in Waggoner Highlands Subdivision and all of Lots 2 and 3, in Harlingen Land and Water Company Subdivision "A", all in Cameron County, Texas | 240,000 |
| Brownsville Tract – The West 7.73 acres of Block 45, Brownell Tract, Share 28, Espiritu Santo Grant, Cameron County, Texas, more fully described in Exhibit "B" attached hereto | 155,000 |
| South Padre Island Acreage – Tract I, 14.43 acres and Tract 2 of 9.95 acres, out of the North part of Mrs. A. D. Dickinson, Jr. Tract, South Padre Island, Cameron County, Texas, more fully described in Exhibit "C" attached hereto | 12,600,100 |
| South Padre Marina Condominium – Unit #116, South Padre Marina Condominium, South Padre Island, Cameron County, Texas, purchased from Condel, Inc. and being more fully described in Warranty Deed recorded in Volume 1056, page 434, of the Deed Records of Cameron County, Texas | 75,000 |
| Chambers County Tract – The South 41.675 acres of land out of a tract containing 166.7 acres in the I.&G.N.R.R. Co. Survey, Tract No. 5, Abstract 381, Chambers County, Texas | 54,200 |
| Oil and gas mineral interest – Jose Tabares Portion 27, Abstract 25, Zapata County, Texas, more fully described in Exhibit "D" | 6,396 |
| Oil and gas mineral interest – Johnson Well, North of Mercedes, known as the Lacy Field and located on 352 acres out of Blocks 45, 46, 8, and 61, Capisallo District Subdivision, Hidalgo County, Texas | 227 |
| Nonproducing leases – Anahuac property; Chambers County Tract; the South 41.675 acres of land out of a tract containing 166.7 acres in the I.&G.N.R.R. Co. Survey, Tract No. 5, Abstract 381, Chambers County, Texas | 2 |
| Oil and gas mineral interest – Vela "B" 1 and 2, Zapata County, Texas, more fully described in Exhibit "D" | 14,514 |
| Miscellaneous Oil, Gas and Other Minerals | 10 |
| | 18,597,449 |

DATE _____ AUG 1 0 2001

A true copy I certify
JUAN D. SALINAS III
County Clerk, Hidalgo County, Texas

By _____



vol 392 page 489

## SCHEDULE B

**STOCKS AND BONDS:**

Various Farmers Cooperative Equities                                    0

## SCHEDULE C

**MORTGAGES, NOTES, AND CASH:**

Hidalgo County Bank & Trust Company
Checking Account No. 602663                                         4,813

Hidalgo County Bank & Trust Company
Certificate of Deposit No. 7807                                    100,000
   Accrued Interest                                     413
Certificate of Deposit No. 7864                                    100,000
   Accrued Interest                                     730

Note dated May 30, 1975, executed by Darius
W. Herold, payable in monthly installments
plus 4% interest
   Balance at 8/24/85                                  13,152
   Accrued Interest                                      76

Vendor lien note executed by A. L. Martinez,
dated 9/21/73, due annually, secured by Jim
Hogg Ranch
   Balance at 11/3/84                                  25,440
   Accrued Interest                                     290

                                                     244,914

## SCHEDULE D

**INSURANCE PAYABLE TO ESTATE:**

Federal Life Insurance Company,
Policy No. 0353685
Beneficiary – Grady F. Herold as
  Independent Executor of the
  Estate of Lillian A. Schwarz                               56,880

## SCHEDULE E

**JOINTLY OWNED PROPERTY:**

NONE

DATE     AUG 1 0 2001
A true copy I certify
JUAN D. SALINAS III
County Clerk, Hidalgo County, Texas

 392   490

**SCHEDULE F**

**MISCELLANEOUS PROPERTY:**

| | |
|---|---:|
| Personal effects and household furniture and furnishings | 2,500 |
| Furniture and fixtures at Padre Island Condominium | 2,000 |
| Riding Mower and Trailer | 500 |
| 1976 Ford PU and Camper | 1,200 |
| Office Equipment | 2,119 |
| 1983 Chrysler New Yorker (sold prior to 2/24/86) | 11,575 |
| 1980 Cadillac (sold prior to 2/24/86) | 8,975 |
| 1985 Cotton Rent Receivable | 163,514 |
| ASCS 1985 Cotton Deficiency Payments | 10,912 |
| Insurance Reimbursement of Medical Expenses | 1,597 |
| | 204.892 |

DATE_____AUG 1 0 2001____
A true copy I certify
JUAN D. SALINAS III
County Clerk, Hidalgo County, Texas
By_____


# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL NO. B-01-053 |
| | § | |
| GRADY F. HEROLD, SR., Individually and in | § | |
| his capacity as Independent Executor of the | § | |
| Estate of Lillian A. Schwarz (Deceased), | § | |
| KATHRYN LOUISE HEROLD; PEGGY L. | § | |
| HORN (a/k/a Peggy L. Horn Birch); | § | |
| RUBY L. WELLS; DORIS JEAN SHANNON; | § | |
| CAMERON COUNTY, TEXAS; LAGUNA | § | |
| MADRE WATER DISTRICT; CAMERON | § | |
| COUNTY EMERGENCY SERVICES DISTRICT; | § | |
| SOUTHMOST UNION JUNIOR COLLEGE | § | |
| DISTRICT; POINT ISABEL I.S.D.; TOWN | § | |
| OF SOUTH PADRE ISLAND; SOUTH | § | |
| TEXAS I.S.D.; CAMERON COUNTY | § | |
| APPRAISAL DISTRICT; STATE OF TEXAS; | § | |
| and LEGENDARY. INC., | § | |
| Defendants | § | |

## AFFIDAVIT IN SUPPORT OF CAMERON COUNTY'S
## MOTION FOR SUMMARY JUDGMENT

STATE OF TEXAS          §

COUNTY OF CAMERON    §

In support of the Motion of Cameron County for Summary Judgment in the above-styled

and numbered case, the undersigned affiant makes this Affidavit and thereby on oath states the

following:

"I, Antonio Yzaguirre, am over the age of eighteen (18) years of age, am of sound mind,

have never been convicted of any crime or offense, have personal knowledge of every statement

made herein, and am fully competent to testify to the matters stated herein.

"1.     I am the duly elected and qualified Tax Assessor-Collector of Cameron County,

Texas (the "County"), and the tax records of the County are under my supervision and control.

1

EXHIBIT

9

Before signing this Affidavit I have personally reviewed the records of the County which relate to taxes assessed on the following real property:

Tract 1: South Padre Island - Padre Island unsubdivided part of 133.33 acres Dickenson Tract 1 out of 21.83 acres, 13.500 acres

Tract 2: South Padre Island - Padre Island unsubdivided part of 133.33 acres Dickenson Tract 2 West of Highway 9.95 acres out of 11.87 acres, 9.9500 acres

All of this property is carried on the tax rolls of the County in the name of the D. J. Schwarz Estate in care of the Defendant Grady F. Herold. This Affidavit is based upon my review of those tax office records.

"2.     For 1996 through and including 2000 the County assessed for taxation these two tracts of land in the name of the Defendant Grady F. Herold. That land is described on the records of the County as set out above in Paragraph 1 of this Affidavit. This is the same property described in Paragraph 1 of the United States' Complaint on file in this case and on the attachments to this Affidavit.

"3.     The official delinquent tax records of the County show that there are delinquent taxes justly due, owing and unpaid to it assessed against the Defendant Grady F. Herold, on the property described in the attached Exhibits "5-A" and "5-B", which are incorporated herein by reference, with taxes being delinquent in the amounts and for the years set out therein.

"4.     The attached Exhibits "5-A" and "5-B" include the correct amounts of statutory penalties and interest calculated for each month beginning August 2001 and continuing through October, 2001.

"5.     In addition to collecting the ad valorem taxes which Cameron County assesses, the County acts as the agent for collection of ad valorem taxes assessed by the South Texas Independent School District, Cameron County Emergency Services District and Southmost Union Junior College District, which is commonly known as Texas Southmost College. The

2

amounts owed to those other three taxing units for taxes, interest on the above-described property are also shown on the attached exhibits."

_____
ANTONIO YZAGUIRRE Jr.
Tax Assessor-Collector, Cameron County, Texas

SUBSCRIBED AND SWORN TO before me on August 14, 2001.

_____
Notary Public, Cameron County, Texas
Notary's Name Printed:

RUTH A. WEAVER
My Commission Expires: 9-16-2002

RUTH A. WEAVER
Notary Public
STATE OF TEXAS
My Comm Exp 09-16-2002

.ERON COUNTY TAX OFFICE
Tony Yzaguirre Tax Assessor Collector
964 E. Harrison
Brownsville TX 78520
(956) 544-0800

AUGUST 13,2001

TAX STATEMENT FOR TAXES DUE

ACCOUNT NUMBER: 67/6820/0010/0030/00

PROPERTY DESCRIPTION
SO PADRE IS- PADRE ISLAND UNSUBD P
T OF 133.33AC   DICKENSON TR I OUT
OF 21.83AC TRACT, 13.500 ACRES

SCHWARZ, D J EST
C/O GRADY F HEROLD
PO BOX 584
MERCEDES, TX 78570-0584

ACRES :   13.500

| YEAR | SQ | ENTITY DESC. | BASE TAX | P&I/DISC. | COLL FEE | TOTAL |
|------|-----|--------------|----------|-----------|----------|-------|
| 1996 | 0 | CAMERON COUNTY | 8756.31 | 5866.73 | 2193.46 | 16816.50 |
|      |   | SOUTH TEXAS I.S.D. | 1022.47 | 685.05 | 256.13 | 1963.65 |
|      |   | TEXAS SOUTHMOST COLL | 2480.42 | 1661.88 | 621.35 | 4763.65 |
| 1996 TAX DUE | | | 12259.20 | 8213.66 | 3070.94 | 23543.80 |
| 1997 | 0 | CAMERON COUNTY | 8889.65 | 4889.31 | 2066.84 | 15845.80 |
|      |   | SOUTH TEXAS I.S.D. | 1063.92 | 585.16 | 247.36 | 1896.44 |
|      |   | TX SOUTHMOST COL. | 2431.51 | 1337.33 | 565.33 | 4334.17 |
| 1997 TAX DUE | | | 12385.08 | 6811.80 | 2879.53 | 22076.41 |
| 1998 | 0 | CAMERON COUNTY | 9006.93 | 3872.98 | 1931.99 | 14811.90 |
|      |   | SOUTH TEXAS I.S.D. | 1027.99 | 442.04 | 220.50 | 1690.53 |
|      |   | TX SOUTHMOST COL. | 3484.26 | 1498.23 | 747.37 | 5729.86 |
| 1998 TAX DUE | | | 13519.18 | 5813.25 | 2899.86 | 22232.29 |
| 1999 | 0 | CAMERON COUNTY | 9006.93 | 2792.15 | 1769.86 | 13568.94 |
|      |   | SOUTH TEXAS I.S.D. | 1027.99 | 318.68 | 202.00 | 1548.67 |
|      |   | TX SOUTHMOST COL. | 3372.09 | 1045.35 | 662.62 | 5080.06 |
| 1999 TAX DUE | | | 13407.01 | 4156.18 | 2634.48 | 20197.67 |
| 2000 | 0 | CAMERON COUNTY | 9557.09 | 1815.85 | 1705.94 | 13078.88 |
|      |   | SOUTH TEXAS I.S.D. | 1027.99 | 195.32 | 183.50 | 1406.81 |
|      |   | TX SOUTHMOST COL. | 3631.13 | 689.91 | 648.16 | 4969.20 |
| 2000 TAX DUE | | | 14216.21 | 2701.08 | 2537.60 | 19454.89 |

6768200010003000

CAMERON COUNTY TAX OFFICE
Tony Yzaguirre Tax Assessor Collector
964 E. Harrison
Brownsville TX 78520
(956) 544-0800

AUGUST 13,2001

TAX STATEMENT FOR TAXES DUE

ACCOUNT NUMBER: 67/6820/0010/0030/00

PROPERTY DESCRIPTION
SO PADRE IS- PADRE ISLAND UNSUBD P
T OF 133.33AC   DICKENSON TR I OUT
OF 21.83AC TRACT, 13.500 ACRES

SCHWARZ, D J EST
C/O GRADY F HEROLD
PO BOX 584
MERCEDES, TX 78570-0584

ACRES :    13.500

| YEAR | SQ | ENTITY DESC. | BASE TAX | P&I/DISC. | COLL FEE | TOTAL |
|------|----|-----|-----|-----|-----|-----|

| YEAR | SQ | ENTITY DESC. | LAND VAL | IMP VAL | AG VAL | EXMCD AMOUNT | NTV |
|------|----|-----|-----|-----|-----|-----|-----|
| 2000 | 0 | CAMERON COUNTY | 2763420 | | | | 2763420 |
| 2000 | 0 | SOUTH TEXAS I.S.D. | 2763420 | | | | 2763420 |
| 2000 | 0 | TX SOUTHMOST COL. | 2763420 | | | | 2763420 |

| | | | | | | |
|------|----|-----|-----|-----|-----|-----|
| GR TAX DUE | | | 65786.68 | 27695.97 | 14022.41 | 107505.06 |
| GR TOTAL DUE | | | 65786.68 | 27695.97 | 14022.41 | 107505.06 |

TOTAL AMOUNT DUE IF PAID DURING THE MONTH OF AUGUST    2001.....    107505.06
                                                       SEPTEMBER 2001.....    108261.61
                                                       OCTOBER    2001.....    109018.13

CLGP printed on 08/13/2001 @ 15:40:40:14                    Page#    2

6768200010003000

Case 1:01-cv-00053   Document 43   Filed in TXSD on 09/06/2001   Page 38 of 51

.ERON COUNTY TAX OFFICE
Tony Yzaguirre Tax Assessor Collector
964 E. Harrison
Brownsville TX 78520
(956) 544-0800

AUGUST 13,2001

TAX STATEMENT FOR TAXES DUE

PROPERTY DESCRIPTION

ACCOUNT NUMBER: 67/6820/0010/0030/01

SO PADRE IS - PADRE ISLAND UNSUBDI
VIDED PT OF    133.33 DICKENSON T
RACT TRACT 2 WEST OF HWY 9.95 ACOU
T OF 11.87AC, 9.9500 ACRES

SCHWARZ, D J EST
C/O GRADY F HEROLD
PO BOX 584
MERCEDES, TX 78570-0584

ACRES :    9.950

| YEAR | SQ | ENTITY DESC. | BASE TAX | P&I/DISC. | COLL FEE | TOTAL |
|------|----|--------------|----------|-----------|----------|-------|
| 1996 | 0 | CAMERON COUNTY | 412.02 | 276.05 | 103.21 | 791.28 |
| | | SOUTH TEXAS I.S.D. | 48.11 | 32.23 | 12.05 | 92.39 |
| | | CC EMS DIST | 130.03 | 87.12 | 32.57 | 249.72 |
| | | TEXAS SOUTHMOST COLL | 116.71 | 78.20 | 29.24 | 224.15 |
| **1996 TAX DUE** | | | 706.87 | 473.60 | 177.07 | 1357.54 |
| 1997 | 0 | CAMERON COUNTY | 418.29 | 230.06 | 97.25 | 745.60 |
| | | SOUTH TEXAS I.S.D. | 50.06 | 27.53 | 11.64 | 89.23 |
| | | CC EMS DIST. | 130.03 | 71.52 | 30.23 | 231.78 |
| | | TX SOUTHMOST COL. | 114.41 | 62.93 | 26.60 | 203.94 |
| **1997 TAX DUE** | | | 712.79 | 392.04 | 165.72 | 1270.55 |
| 1998 | 0 | CAMERON COUNTY | 423.81 | 182.24 | 90.91 | 696.96 |
| | | SOUTH TEXAS I.S.D. | 48.37 | 20.80 | 10.38 | 79.55 |
| | | TX SOUTHMOST COL. | 163.95 | 70.50 | 35.17 | 269.62 |
| | | CC EMS DIST. | 130.03 | 55.91 | 27.89 | 213.83 |
| **1998 TAX DUE** | | | 766.16 | 329.45 | 164.35 | 1259.96 |
| 1999 | 0 | CAMERON COUNTY | 423.81 | 131.38 | 83.28 | 638.47 |
| | | SOUTH TEXAS I.S.D. | 48.37 | 14.99 | 9.50 | 72.86 |
| | | TX SOUTHMOST COL. | 158.67 | 49.19 | 31.18 | 239.04 |
| | | CC EMS DIST. | 130.03 | 40.31 | 25.55 | 195.89 |
| **1999 TAX DUE** | | | 760.88 | 235.87 | 149.51 | 1146.26 |
| 2000 | 0 | CAMERON COUNTY | 449.70 | 85.44 | 80.27 | 615.41 |
| | | SOUTH TEXAS I.S.D. | 48.37 | 9.19 | 8.63 | 66.19 |
| | | TX SOUTHMOST COL. | 170.86 | 32.46 | 30.50 | 233.82 |

CLGP printed on 08/13/2001 @ 15:40:44:96

Page#   1

6768200010003001

CERON COUNTY TAX OFFICE
Tony Yzaguirre Tax Assessor Collector
964 E. Harrison
Brownsville TX 78520
(956) 544-0800

AUGUST 13,2001

TAX STATEMENT FOR TAXES DUE

ACCOUNT NUMBER: 67/6820/0010/0030/01

SCHWARZ, D J EST
C/O GRADY F HEROLD
PO BOX 584
MERCEDES, TX 78570-0584

PROPERTY DESCRIPTION
SO PADRE IS - PADRE ISLAND UNSUBDI
VIDED PT OF    133.33 DICKENSON T
RACT TRACT 2 WEST OF HWY 9.95 ACOU
T OF 11.87AC, 9.9500 ACRES

ACRES :    9.950

| YEAR SQ ENTITY DESC. | BASE TAX | P&I/DISC. | COLL FEE | TOTAL |
|---|---|---|---|---|
| CC EMS DIST. | 130.03 | 24.71 | 23.21 | 177.95 |
| 2000 TAX DUE | 798.96 | 151.80 | 142.61 | 1093.37 |

-------------------------------------------------------------------

| YEAR | SQ | ENTITY DESC. | LAND VAL | IMP VAL | AG VAL | EXMCD AMOUNT | NTV |
|---|---|---|---|---|---|---|---|
| 2000 | 0 | CAMERON COUNTY | 130030 | | | | 130030 |
| 2000 | 0 | SOUTH TEXAS I.S.D. | 130030 | | | | 130030 |
| 2000 | 0 | TX SOUTHMOST COL. | 130030 | | | | 130030 |
| 2000 | 0 | CC EMS DIST. | 130030 | | | | 130030 |

| | | | | |
|---|---|---|---|---|
| GR TAX DUE | 3745.66 | 1582.76 | 799.26 | 6127.68 |
| GR TOTAL DUE | 3745.66 | 1582.76 | 799.26 | 6127.68 |

TOTAL AMOUNT DUE IF PAID DURING THE MONTH OF AUGUST    2001..... 6127.68
                                                SEPTEMBER 2001..... 6170.75
                                                OCTOBER   2001..... 6213.84

CLGP printed on 08/13/2001 @ 15:40:44:96                    Page#    2

6768200010003001

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff | §<br>§<br>§ | |
| VS. | §<br>§<br>§ | CIVIL NO. B-01-053 |
| GRADY F. HEROLD, SR., Individually and in<br>his capacity as Independent Executor of the<br>Estate of Lillian A. Schwarz (Deceased),<br>KATHRYN LOUISE HEROLD; PEGGY L.<br>HORN (a/k/a Peggy L. Horn Birch);<br>RUBY L. WELLS; DORIS JEAN SHANNON;<br>CAMERON COUNTY, TEXAS; LAGUNA<br>MADRE WATER DISTRICT; CAMERON<br>COUNTY EMERGENCY SERVICES DISTRICT;<br>SOUTHMOST UNION JUNIOR COLLEGE<br>DISTRICT; POINT ISABEL I.S.D.; TOWN<br>OF SOUTH PADRE ISLAND; SOUTH<br>TEXAS I.S.D.; CAMERON COUNTY<br>APPRAISAL DISTRICT; STATE OF TEXAS;<br>and LEGENDARY, INC.,<br>　　　Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## AFFIDAVIT IN SUPPORT OF POINT ISABEL INDEPENDENT SCHOOL DISTRICT'S MOTION FOR SUMMARY JUDGMENT

STATE OF TEXAS　　　　§

COUNTY OF CAMERON　§

　　In support of the Motion of Point Isabel Independent School District for Summary Judgment in the above-styled and numbered case, the undersigned affiant makes this Affidavit and thereby on oath states the following:

　　"I, Brenda J. Villarreal, am over the age of eighteen (18) years of age, am of sound mind, have never been convicted of any crime or offense, have personal knowledge of every statement made herein, and am fully competent to testify to the matters stated herein.

　　"1.　　I am the duly appointed and qualified Tax Assessor-Collector of Point Isabel Independent School District (the "School District"), and the tax records of the School District are

1

**EXHIBIT**

**10**

under my supervision and control. Before signing this Affidavit I have personally reviewed the records of the School District which relate to taxes assessed on the following real property:

Tract 1:    South Padre Island - Padre Island unsubdivided part of 133.33 acres Dickenson Tract 1 out of 21.83 acres. 13.500 acres

Tract 2:    South Padre Island - Padre Island unsubdivided part of 133.33 acres Dickenson Tract 2 West of Highway 9.95 acres out of 11.87 acres, 9.9500 acres

All of this property is carried on the tax rolls of the School District in the name of the D. J. Schwarz Estate in care of the Defendant Grady F. Herold.  This Affidavit is based upon my review of those tax office records.

"2.    For 1996 through and including 2000 the School District assessed for taxation these two tracts of land in the name of the Defendant Grady F. Herold.  That land is described on the records of the School District as set out above in Paragraph 1 of this Affidavit.  This is the same property described in Paragraph 1 of the United States' Complaint on file in this case and on the attachments to this Affidavit.

"3.    The official delinquent tax records of the School District show that there are delinquent taxes justly due, owing and unpaid to it assessed against the Defendant Grady F. Herold, on the property described in the attached Exhibits "6-A" and "6-B", which are incorporated herein by reference, with taxes being delinquent in the amounts and for the years set out therein.

"4.    The attached Exhibits "6-A" and "6-B" include the correct amounts of statutory penalties and interest calculated for each month beginning August 2001 and continuing through October, 2001.

"5.    In addition to collecting the ad valorem taxes which the School District assesses, the School District acts as the agent for collection of ad valorem taxes assessed by the Town of South Padre Island and the Laguna Madre Water District.  The taxes, interest and penalties owed

2

to those two additional taxing units on the above-described property are also shown on the attached exhibits."

BRENDA J. VILLARREAL
Tax Assessor-Collector, Point Isabel Independent
School District

SUBSCRIBED AND SWORN TO before me on July 25th, 2001.

ALICE VILANO
Notary Public, State of Texas
My Commission Expires 1-11-2003

Notary Public, Cameron County, Texas
Notary's Name Printed:

Alice Vilano

My Commission Expires: 1-11-2003

*Cameron\Herold\Villarreal affidavit*
*July 24 2001*

3

```
        DELINQUENT TAX STATEMENT FOR ACCOUNT:  67-6820-0010-0030-01
     POINT ISABEL ISD                                    07/25/2001
     TAX OFFICE                           CURR YEAR VALUE:    $130,030
     PO DRAWER AL
     PORT ISABEL TX  78578
     (956) 943-0017
                           PARCEL ADDRESS:
        OWNER                              LEGAL
     -------------------------------     -------------------------------
     SCHWARZ, D J EST                    SO PADRE IS - PADRE ISLAND
     C/O GRADY F HEROLD                  UNSUBDI VIDED PT OF 133.33
     PO BOX 584                          DICKENSON T RACT TRACT 2 WEST
     MERCEDES            TX  78570-0584  OF HWY 9.95 ACOU T OF
                                         11.87AC, 9.9500 ACRES
                                             9.9500   ACRES

     LEGAL CAUSE NO :  99-10-4135-D    LEGAL STATUS :   Y
                   PRINTED FOR (Y/M): 2001/08
```

| YEAR | TAXUNIT DUEDATE | TAX LEVY REMAINING | IF PAID IN AUGUST | | IF PAID IN SEPTEMBER | | IF PAID IN OCTOBER | |
|------|------|------|------|------|------|------|------|------|
| | | | PENALTY& INTEREST | TOTAL | PENALTY& INTEREST | TOTAL | PENALTY& INTEREST | TOTAL |
| 1997 | 01 9802 | 1586.37 | 1241.33 | 2827.70 | 1259.58 | 2845.95 | 1277.82 | 2864.19 |
| 1997 | 04 9802 | 284.35 | 222.50 | 506.85 | 225.78 | 510.13 | 229.04 | 513.39 |
| 1998 | 01 9902 | 1631.88 | 1051.75 | 2683.63 | 1070.52 | 2702.40 | 1089.28 | 2721.16 |
| 1998 | 04 9902 | 270.59 | 174.39 | 444.98 | 177.51 | 448.10 | 180.62 | 451.21 |
| 1999 | 01 0002 | 1631.88 | 826.54 | 2458.42 | 845.31 | 2477.19 | 864.08 | 2495.96 |
| 1999 | 04 0002 | 294.93 | 149.38 | 444.31 | 152.78 | 447.71 | 156.17 | 451.10 |
| 2000 | 01 0102 | 1696.89 | 625.31 | 2322.20 | 644.82 | 2341.71 | 664.34 | 2361.23 |
| 2000 | 04 0102 | 276.00 | 101.71 | 377.71 | 104.88 | 380.88 | 108.05 | 384.05 |

```
         TOTAL AMOUNT DUE            12065.80          12154.07          12242.29
                               AUGUST AMOUNT   SEPTEMBER AMOUNT   OCTOBER AMOUNT


     TAX CODES:
     01 POINT ISABEL ISD      04 LAGUNA MADRE WATER DI
```

```
        DELINQUENT TAX STATEMENT FOR ACCOUNT:  67-6820-0010-0030-00
    POINT ISABEL ISD                                         07/25/2001
    TAX OFFICE                          CURR YEAR VALUE:  $2,763,420
    PO DRAWER AL
    PORT ISABEL TX  78578
    (956) 943 0017
                              PARCEL ADDRESS:
        OWNER                                   LEGAL
    ------------ ----------------------   --------------------------------
    SCHWARZ, D J EST                      SO PADRE IS- PADRE ISLAND
    C/O GRADY F HEROLD                    UNSUBD P T OF 133.33AC
    PO BOX 584                            DICKENSON TR I OUT OF 21.83AC
    MERCEDES                TX  78570-0584  TRACT, 13.500 ACRES

                                            13.5000   ACRES

    LEGAL CAUSE NO :  99-10-4135-D      LEGAL STATUS :   Y
                PRINTED FOR (Y/M): 2001/08
```

| YEAR | TAXUNIT DUEDATE | TAX LEVY REMAINING | IF PAID IN AUGUST | | IF PAID IN SEPTEMBER | | IF PAID IN OCTOBER | |
|------|------|------|------|------|------|------|------|------|
| | | | PENALTY& INTEREST | TOTAL | PENALTY& INTEREST | TOTAL | PENALTY& INTEREST | TOTAL |
| 1996 | 01 9702 | 32884.70 | 30270.37 | 63155.07 | 30648.55 | 63533.25 | 31026.71 | 63911.41 |
| 1996 | 03 9702 | 7167.21 | 6597.42 | 13764.63 | 6679.84 | 13847.05 | 6762.26 | 13929.47 |
| 1996 | 04 9702 | 7081.26 | 6518.30 | 13599.56 | 6599.74 | 13681.00 | 6681.17 | 13762.43 |
| 1997 | 01 9802 | 33713.72 | 26380.99 | 60094.71 | 26768.69 | 60482.41 | 27156.40 | 60870.12 |
| 1997 | 03 9802 | 7137.64 | 5585.20 | 12722.84 | 5667.29 | 12804.93 | 5749.36 | 12887.00 |
| 1997 | 04 9802 | 6043.05 | 4728.69 | 10771.74 | 4798.18 | 10841.23 | 4867.68 | 10910.73 |
| 1998 | 01 9902 | 34680.92 | 22351.86 | 57032.78 | 22750.68 | 57431.60 | 23149.51 | 57830.43 |
| 1998 | 03 9902 | 7409.01 | 4775.10 | 12184.11 | 4860.31 | 12269.32 | 4945.51 | 12354.52 |
| 1998 | 04 9902 | 5750.68 | 3706.31 | 9456.99 | 3772.45 | 9523.13 | 3838.58 | 9589.26 |
| 1999 | 01 0002 | 34680.92 | 17565.89 | 52246.81 | 17964.71 | 52645.63 | 18363.54 | 53044.46 |
| 1999 | 03 0002 | 7132.66 | 3612.69 | 10745.35 | 3694.72 | 10827.38 | 3776.75 | 10909.41 |
| 1999 | 04 0002 | 6267.99 | 3174.74 | 9442.73 | 3246.82 | 9514.81 | 3318.90 | 9586.89 |
| 2000 | 01 0102 | 36062.63 | 13289.08 | 49351.71 | 13703.80 | 49766.43 | 14118.52 | 50181.15 |
| 2000 | 03 0102 | 7132.66 | 2628.39 | 9761.05 | 2710.41 | 9843.07 | 2792.44 | 9925.10 |
| 2000 | 04 0102 | 5865.64 | 2161.49 | 8027.13 | 2228.95 | 8094.59 | 2296.39 | 8162.03 |

```
          TOTAL AMOUNT DUE          392357.21        395105.83        397854.41
                               AUGUST AMOUNT  SEPTEMBER AMOUNT   OCTOBER AMOUNT


    TAX CODES:
    01 POINT ISABEL ISD      03 TOWN OF SOUTH PADRE I 04 LAGUNA MADRE WATER DI
```

This is to certify that the foregoing report of delinquent taxes due on subject property is a true and correct report as per the records and files of this office.

Brenda J. Villarreal, CTA
Tax Assessor-Collector
Point Isabel I. S. D. Tax Office



# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | CIVIL NO. B-01-053 |
| | § | |
| GRADY F. HEROLD, SR., Individually and in | § | |
| his capacity as Independent Executor of the | § | |
| Estate of Lillian A. Schwarz (Deceased), et al, | § | |
|     Defendants | § | |

| | |
|---|---|
| CAMERON COUNTY, TEXAS; LAGUNA | § |
| MADRE WATER DISTRICT; CAMERON | § |
| COUNTY EMERGENCY SERVICES DISTRICT; | § |
| SOUTHMOST UNION JUNIOR COLLEGE | § |
| DISTRICT; POINT ISABEL I.S.D.; TOWN | § |
| OF SOUTH PADRE ISLAND; SOUTH | § |
| TEXAS I.S.D., | § |
|     Plaintiffs in Counterclaim and Cross-Claim | § |
| | § |
| VS. | § |
| | § |
| UNITED STATES OF AMERICA, | § |
| GRADY F. HEROLD, SR., Individually and in | § |
| his capacity as Independent Executor of the | § |
| Estate of Lillian A. Schwarz (Deceased), | § |
| KATHRYN L. HEROLD, PEGGY L. HORN; | § |
| RUBY L. WELLS; DORIS JEAN SHANNON; | § |
| THE STATE OF TEXAS; and | § |
| LEGENDARY, INC., | § |
|     Defendants to Counterclaim and | § |
|     Cross-Claim | § |

## PARTIAL SUMMARY JUDGMENT IN
## FAVOR OF CAMERON COUNTY, TEXAS, AND
## POINT ISABEL INDEPENDENT SCHOOL DISTRICT

The Court having considered the Motions for Summary Judgment filed by Cameron

County, Texas, for itself and on behalf of Cameron County Emergency Services District,

Southmost Union Junior College District and the South Texas Independent School District, and

by Point Isabel Independent School District, for itself and on behalf of the Laguna Madre Water

1

District and the Town of South Padre Island, together with the responses thereto of the United

States of America, Grady R. Herold, Sr., Individually and in his capacity as Independent

Executor of the Estate of Lillian A. Schwarz, Deceased, Kathryn L. Herold, Peggy L. Horn,

Ruby L. Wells, Doris Jean Shannon, the State of Texas, and Legendary, Inc., it is ORDERED,

ADJUDGED and DECREED that the relief requested in the Motion for Summary Judgment is

granted.

Judgment is awarded against the Defendants Grady R. Herold, Sr., Individually and in his

capacity as Independent Executor of the Estate of Lillian A. Schwarz, Deceased, Kathryn L.

Herold, Peggy L. Horn, Ruby L. Wells, and Doris Jean Shannon, jointly and severally, in the

following amounts of delinquent ad valorem taxes:

A.      To Cameron County, Texas, for itself and on behalf of Cameron County

Emergency Services District, Southmost Union Junior College District and the South Texas

Independent School District:

1.      Tax Account No. 67/6820/0010/0030/00; 13.5 acres out of Tract I as described in

the Inventory, Appraisement and List of Claims filed by the Estate of Lillian A. Schwarz,

Deceased, recorded in Volume 392, Page 485, Official Records of Hidalgo County, Texas:

| | |
|---|---|
| 1996 | $12,259.20 |
| 1997 | $12,385.08 |
| 1998 | $13,519.18 |
| 1999 | $13,407.01 |
| 2000 | $14,216.21 |
| TOTAL | $65,786.68 |

Adjudged Value:        $2,763,420

2.      Tax Account No. 67/6820/0010/0030/01; 9.95 acres described as Tract II

in the Inventory, Appraisement and List of Claims filed by the Estate of Lillian A. Schwarz,

Deceased, recorded in Volume 392, Page 485, Official Records of Hidalgo County, Texas:

2

| 1996  | $ 706.87   |
|-------|------------|
| 1997  | $ 712.79   |
| 1998  | $ 766.16   |
| 1999  | $ 760.88   |
| 2000  | $ 798.96   |
| TOTAL | $3,745.66  |

Adjudged Value          $130,030

B.     To Point Isabel Independent School District, for itself and on behalf of the Laguna Madre Water District and the Town of South Padre Island:

Tax Account No. 67-6820-0010-0030-00, as described above:

| 1996  | $ 47,133.17  |
|-------|--------------|
| 1997  | $ 46,894.41  |
| 1998  | $ 47,840.61  |
| 1999  | $ 48,081.57  |
| 2000  | $ 49,060.93  |
| TOTAL | $239,010.69  |

C.     To Point Isabel Independent School District, for itself and on behalf of the Laguna Madre Water District:

Tax Account No. 67-6820-0010-0030-01, as described above:

| 1997  | $1,870.72  |
|-------|------------|
| 1998  | $1,902.47  |
| 1999  | $1,926.81  |
| 2000  | $1,972.89  |
| TOTAL | $7,672.89  |

It is further ORDERED, ADJUDGED and DECREED that each of the aforesaid amounts of taxes shall continue to accrue the statutory interest and penalties allowed by TEX.PROP.TAX CODE ANN. §33.01(a) and (c) and §33.07(a) until paid.

It is further ORDERED, ADJUDGED and DECREED that Cameron County, Texas, Cameron County Emergency Services District, Southmost Union Junior College District, South Texas Independent School District, Point Isabel Independent School District, Laguna Madre Water District and the Town of South Padre Island, (the "Taxing Units") shall also recover judgment for all costs of suit and sale now or hereafter incurred.  The proceeds of any

3

foreclosure sale conducted pursuant to this Judgment shall be applied first to the payment of all accrued costs of suit and sale and any residue shall be distributed as provided by law.

It is further ORDERED, ADJUDGED and DECREED as follows:

(1)    The aforesaid amounts of taxes, penalties, interest and costs are secured by liens on the above-described property in favor of the Taxing Units, and those liens are prior and superior to all interests in the above-described property which are claimed by the United States of America, the State of Texas, and Legendary, Inc.

(2)    The Taxing Units shall have foreclosure of their tax liens on the above-described property as against the Plaintiff, the Defendants, the State of Texas and Legendary, Inc. and against any person claiming under the Defendants by any right acquired during the pendency of this suit.

(3)    An order of sale shall be issued by the Clerk of this Court directed to any United States Marshal or to any Sheriff or any Constable in Cameron County, commanding such officer to seize, levy upon, and advertise the sale of the above described property, and to sell them to the highest bidder for cash, as under execution, such order to have all the force and effect of a Writ of Possession as between the parties to this suit and to any person claiming under the Defendants by any right acquired pending this suit.

(4)    Such order of sale shall further provide that the property may be sold to a taxing unit that is a party to this suit or to any other person, other than a person owning an interest in the property or any party to this suit that is not a taxing unit, for the adjudged value of the property or the aggregate amount of the judgments against the property, whichever is less.

(5)    The order of sale shall also specify that the property may not be sold to a person owning an interest in the property or to a person who is a party to this suit other than a taxing unit unless: (a) that person is the highest bidder at the tax sale, and (b) the amount bid by that

4

person is equal to or greater than the aggregate amount of the judgments against the property, including all costs of suit and sale.

(6)     The adjudged value, or reasonable fair market value, of the property as set by this Court is as shown above.

(7)     If the Defendants shall, at any time before the sale, file a written request with the officer in whose hands the order of sale is placed, that the property described therein be divided and sold, then the officer shall sell the land in such subdivisions as necessary to satisfy the judgment, interest, penalties and costs.

(8)     The net proceeds of any sale of the property made hereunder to any purchaser other than a taxing unit which is a party to this suit shall be applied to satisfy this judgment and liens foreclosed herein, and any excess in the proceeds of sale over the amount of judgment, the costs of suit and sale, and any other expenses chargeable against the property, shall be paid into the registry of the court and disbursed therefrom as provided by law.

(9)     The owners of the property, or anyone else having an interest therein, or their heirs, assigns, or legal representatives, may redeem the property in the time and manner prescribed by law.

(10)    The officer executing the order of sale shall make proper conveyance to the purchaser(s) of the land, as prescribed by law, subject to the right of redemption, and shall proceed to place the purchaser(s) of the property in possession thereof within thirty (30) days after the day of sale, and the clerk of this court shall issue a Writ of Possession to the purchaser(s) at the sale or to the purchaser's assigns no sooner than twenty (20) days following the date on which the purchaser's deed from the officer making the sale is filed of record.

It is further ORDERED, ADJUDGED and DECREED that and that the ad valorem tax liens held by the Taxing Units shall survive any foreclosure or sale of the property by the United

5

States of America, and that upon sale of the property by the United States of America, the sums awarded by this Judgment shall be paid to Cameron County and to the Point Isabel Independent School District, on their behalf and for the other taxing units for which they collect ad valorem taxes, next after payment of all fees and expenses incurred in preserving and selling the Property.

This judgment is interlocutory and is entered without prejudice to the claims of any other party in this case.

SIGNED on _____, 2001 at Brownsville, Texas.

_____
HILDA G. TAGLE
UNITED STATES DISTRICT JUDGE