51

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 2 0 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
|     Plaintiff | § | |
| v. | § | CIVIL NO. B-01-053 |
| GRADY F. HEROLD, SR., Individually and in his | § | |
| capacity as Independent Executor of the Estate of | § | |
| Lillian A. Schwarz(deceased);KATHRYN LOUISE | § | |
| HEROLD; PEGGY L. HORN (a/k/a Peggy L. Horn | § | |
| Birch); RUBY L. WELLS; DORIS JEAN | § | |
| SHANNON; CAMERON COUNTY, TEXAS; | § | |
| LAGUNA MADRE WATER DISTRICT; | § | |
| CAMERON COUNTY EMERGENCY SERVICES; | § | |
| SOUTHMOST UNION JR. COLLEGE DISTRICT; | § | |
| POINT ISABEL I.S.D.; TOWN OF SOUTH | § | |
| PADRE ISLAND; SOUTH TEXAS I.S.D.; | § | |
| STATE OF TEXAS; LEGENDARY, INC.; **and** | § | |
| **LEGENDARY SPI, INC.,** | § | |
|     Defendants. | § | |

## UNITED STATES' FIRST AMENDED COMPLAINT

The Plaintiff, United States of America, pursuant to 26 U.S.C. §§ 7401, 7403, and 7404, at the direction of the Attorney General of the United States, as authorized and requested by Chief Counsel, Internal Revenue Service, a delegate of the Secretary of the Treasury, complains against defendants as follows:

1.    The United States seeks to foreclose its federal tax liens against, and to enforce a deed of trust on, two tracts of real property in which the Estate of Lillian A. Schwarz has an interest. The real property is located on South Padre Island, Cameron County, Texas. Tract I (the "Beach Property") consists of approximately 13.5 acres of beachfront property facing the Gulf of Mexico and located on the 300 block of Padre Blvd., South Padre Island, Texas, immediately

adjacent to the Sheraton hotel.[1] Tract II (the "Bayside Property") consists of approximately 9.95 acres of Laguna Madre waterfront property located south of the Queen Isabella Causeway (Hwy. 100) where the causeway enters South Padre Island.[2] Tracts I and II are hereafter referred to collectively as "the Property."

2. The federal tax liens and the deed of trust held by the IRS are being foreclosed and enforced against the Property in order to satisfy the unpaid federal estate tax liability of the Estate of Lillian A. Schwarz in the amount of $4,486,186.37 (as of May 31, 2001), plus additional statutory interest and additions as allowed by law.

3. This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7403 and 7404.

4. Venue is proper in this Court under 28 U.S.C. §§ 1391, 1392, and 1396 because the Property is located in Cameron County, Texas.

5. Defendant, Grady F. Herold, Sr., is named herein as a defendant because he is the Independent Executor of the Estate of Lillian A. Schwarz and record title holder of the Property. Mr. Herold is also named herein as a defendant in his individual capacity because he is the son-in-law of Lillian A. Schwarz and may have an equitable interest in the Property.

6. Kathryn L. Herold, Peggy L. Horn, Ruby L. Wells, and Doris J. Shannon, are named as defendants herein because they are the heirs of Lillian A. Schwarz and by operation of law on her death obtained an equitable interest in the Property, and to the extent that they hold any other interest in the Property.

7. Cameron County, Texas; the Laguna Madre Water District; the Cameron County

---

[1] The Beach Property, more particularly described as Tract I in Exhibit A, attached hereto and incorporated herein, has approximately 500' of beach frontage and 300' of road frontage.

[2] The Bayside Property is more specifically described as Tract II in the attached Exhibit A.

Emergency Services; Southmost Union Jr. College District; the Point Isabel Independent School District; the Town of South Padre Island; and the South Texas Independent School District, are named as defendants herein to the extent they assert liens against the Property based on ad valorem taxes or otherwise, and to the extent that they hold any other interest in the Property.

8. The State of Texas is named as a defendant herein because it holds a lien against the Property for unpaid state inheritance taxes, and to the extent that it holds any other interest in the Property.

9. Legendary, Inc., is named as a defendant herein to the extent it holds an interest in the Property under a putative real estate contract, dated November 20, 2000, and to the extent that it holds any other interest in the Property.

10. **Legendary SPI, Inc., is named as a defendant because it has entered into a Purchase and Sale Agreement dated November 16, 2001, with the Estate which may give Legendary SPI, Inc., an interest in the Property.**

The Federal Tax Liabilities & the Government's Interest in the Property

11. On or about July 7, 1986, the Internal Revenue Service assessed the taxes shown as due on a Federal Estate Tax return filed by the Estate of Lillian A. Schwarz. As of May 31, 2001, the total amount of unpaid tax, penalty and interest owed will be $4,486,186.37. Additional statutory interest, additions and penalties will continue to accrue on said balance until said liability has been paid in full.

12. Pursuant to 26 U.S.C. § 6321, and as a result of the foregoing assessments against the Estate of Lillian A. Schwarz, a statutory lien in favor of the United States arose on the date of assessment.

13. The federal tax liens described above attached to all of the Estate's property and rights to property on the date of such assessments and continued to attach to any property or rights to property acquired after the liens arose. Thus, the federal tax liens attached to the interests held by and through the Estate of Lillian A. Schwarz in the Property at issue here.

14. The IRS issued notice and demand for payment of the unpaid federal estate taxes upon the Estate of Lillian A. Schwarz.

15. On or about, September 21, 1992, August 19, 1996, and February 21, 2001, the Internal Revenue Service properly filed notices of its federal tax liens against the Estate of Lillian A. Schwarz in the Cameron County real property records.

16. The Estate of Lillian A. Schwarz does not contest the validity of the IRS liens or the underlying federal estate tax liability.

17. Accordingly, on August 17, 1995, the Estate of Lillian A. Schwarz and all of the heirs executed a deed of trust ("Deed of Trust") in favor of the United States (IRS) as to the Property at issue here.

18. On August 18, 1995, the Deed of Trust was recorded in the real property records of Cameron County, Hildago County, and Chambers County, Texas.

19. Also, on August 17, 1995, the State of Texas entered into a subordination agreement with the United States ("Subordination Agreement") wherein the State of Texas agreed that its liens for unpaid state death taxes filed in Cameron, Hildago and Chambers Counties, on August 6, 1986 and August 14, 1986, were subordinate to the above described federal tax liens and Deed of Trust.

20. The State of Texas further agreed that its liens would remain subordinate to the above described federal tax liens and Deed of Trust "regardless of the frequency or manner of

renewal, extension, change, or alteration of the Indebtedness secured thereby."

21. On August 18, 1995, the Subordination Agreement was recorded in the property records of Cameron County.

22. The Deed of Trust was subsequently modified by an agreement dated August 24, 1997 ("Modification Agreement"), and eventually signed by the IRS on September 29, 1997.

23. On October 13, 1997, the Modification Agreement was recorded in the Cameron County property records.

### Enforcement and Foreclosure of IRS Tax Liens and Deed of Trust

24. To date, despite notice and demand for payment, the Estate of Lillian A. Schwarz, has failed, neglected, or refused to pay the above described assessments, plus statutory interest and additions allowed by law.

25. The statute of limitations to collect the above described liability was suspended or extended several times by the Estate of Lillian A. Schwarz, and remains open as of the date this suit is filed.

26. Consequently, the United States seeks the enforcement of the above described federal tax liens and Deed of Trust against the Property, through the foreclosure and/or sale of such Property, in accordance with the law, including but not limited to, 26 U.S.C. § 7506 and 28 U.S.C. § 2001, and the distribution of such sale proceeds in accordance with the findings of the Court and the rights of the parties as herein determined.

27. **Alternatively, in the event that the Property is sold before the United States is permitted to foreclose its liens, and the federal taxes are not paid from the sale of the Property, the United States further seeks to foreclose its tax liens on the Estate's right to**

the proceeds of such sale, on the Estate's rights in the November 16, 2001, Purchase and Sale Agreement, or on any other rights the Estate may have with respect to the Property or the sale of the Property, including any redemption rights.

Prayer

WHEREFORE, the United States requests that the Court foreclose the federal tax liens and the deed of trust against the Property, that the Property be sold, that the proceeds of the sale, after payment of the costs of the sale, to the extent of the estate tax liability, be distributed to the United States, that the excess proceeds, if any, be distributed to the other defendants based upon their priority of interest therein.  **Alternatively, the United States prays for the foreclosure of its tax liens on any other rights the Estate may have with respect to the Property, including any proceeds from the sale of the Property, rights under the November 16, 2001, Purchase and Sale Agreement, or redemption rights**.  Finally, the United States prays that it be granted such other and further relief, at law or equity, to which it may be justly entitled, including its fees and costs of this litigation.

*/s/ Andrew Sobotka*

**Andrew L. Sobotka**
Texas Bar No. 18819900
**Manuel P. Lena Jr.**
Texas Bar No. 12201255
Attorneys, Tax Division
U. S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
214/880-9721[9741fax]

**Gregory Serres**
United States Attorney

Attorneys for United States

## Certificate of Service

IT IS HEREBY CERTIFIED that service of the foregoing document has been made on December 19, 2001, by mailing a copy thereof to:

| | |
|---|---|
| Larry Sherlock | Kent M. Rider |
| Chamberlain Hrdlicka | Linebarger Heard |
| 1200 Smith Street, Suite 1400 | P.O. Box 17428 |
| Houston, TX 77002-4401 | Austin, Texas 78760 |
| | |
| David C. Garza | David Randell |
| Garza & Garza, LLP | Asst. Attorney General |
| P.O. Box 2025 | Bankruptcy & Collections Div. |
| 680 East St. Charles, Suite 300 | P.O. Box 12548 |
| Brownsville, TX 78522 | Austin, Texas 78711-2548 |

_____
Andrew L. Sobotka

EXHIBIT "A"

TRACT I:

Approximately 14.5 acres out of a 21.83 acre tract, said 21.83 acre tract being out of the Mrs. A. D. Dickinson, Jr. Tract on Padre Island, Cameron County, Texas, being a part of that certain land described in an instrument recorded in Volume 196, Page 24, Deed Records, Cameron County, Texas, said 21.83 acres being more particularly described as follows: BEGINNING AT A POINT on the North line of the Mrs. A. D. Dickinson, Jr. Tract, said point being the point of intersection of said North line with the East right-of-way line of Padre Boulevard; THENCE with the North line of the said Mrs. A. D. Dickinson, Jr. Tract, North 83 degrees 45 minutes East a distance of 1175.0 feet to a point on the ordinary high tide line of the Gulf of Mexico for the Northeast corner of this tract; THENCE with the meanders of the ordinary high tide line of the Gulf of Mexico, South 11 degrees 43 minutes 30 seconds East, 306.1 feet and South 7 degrees 26 minutes East a distance of 193.9 feet to a point for the Southeast corner of this tract, it being the intent of this call to describe 500 feet of frontage on the Gulf of Mexico in accordance with the directions of the meanders as here stated; THENCE South 83 degrees 45 minutes West parallel to and at a perpendicular distance of 498.56 feet from the North line of this tract, a distance of 1893.58 feet to the line as surveyed by J. S. Boyles for the State of Texas, for the Southwest corner of this tract; THENCE with the Boyles' survey along the Laguna Madre as above cited, North 12 degrees 07 minutes West a distance of 501.18 feet to its point of intersection with the North line of the Mrs. A. D. Dickinson, Jr. Tract for the Northwest corner of this tract; THENCE with the North line of the Mrs. A. D. Dickinson. Jr. Tract, North 83 degrees 45 minutes East a distance 736.6 feet to the PLACE OF BEGINNING, containing 21.83 acres, more or less, said 21.83 acre tract being more specifically described as Tract I in Deed from JETTIE VIEW DEVELOPMENT COMPANY, INC., a Texas corporation, to D. J. SCHWARZ dated March 31, 1975, said approximately 14.5 acres being the 21.83 acres less the acreage conveyed previously by D. J. SCHWARZ to the STATE OF TEXAS for roadway purposes.

SAVE AND EXCEPT 32,591.2 square feet; being 32,591.2 square feet out of a 21.83 acre tract (said 21.83 acres being described as Tract I in Deed from Jettie View Development Company, Inc. to D. J. Schwarz dated March 31, 1965 and recorded in Cameron County Deed Records, Volume 780, Page 507) out of the Mrs. A. D. Dickinson, Jr. Tract in South Padre Island, Cameron County, Texas, and said 32,591.2 square foot tract being more particularly located and described as follows: COMMENCING at a concrete monument at the intersection of the East right-of-way line of Padre Boulevard and the North line of said Dickinson's 133-1/3 acre tract, for the Northwest corner and PLACE OF BEGINNING of this tract; THENCE along the North line of said 21.83 acre tract and Mrs. Dickinson's 133-1/3 acre tract, North 83 degrees 45 minutes, East 175.0 feet to a ½ inch iron pin inside of a 3/4 inch steel pipe, for the Northeast corner of this tract; THENCE South 06 degrees, 15 minutes East 175.0 feet to a ½ inch iron pin inside of a 3/4 inch steel pipe for the Southeast corner of this tract; THENCE parallel to the North line of said 21.83 acre tract, South 83 degrees 45 minutes West, 201.0 feet to a ½ inch iron pin inside a 3/4 inch steel pipe on the East right-of-way line of said Padre Boulevard, for the Southwest corner of this tract; THENCE along the East right-of-way line of said Padre Boulevard along a curve to

the left having a radius of 1482.4 feet, a partial arc distance of 177.04 feet to the PLACE OF BEGINNING containing 32,591.2 square feet, more or less, not inclusive of any road right-of-way.

## TRACT II:

Approximately 9.95 acres out of a 11.87 acre tract, said 11.87 acres out of the Mrs. A. D. Dickinson, Jr. Tract on Padre Island, Cameron County, Texas, being a part of that land described as follows: BEGINNING at the intersection of the North line of the Mrs. A. D. Dickinson, Jr. Tract and the line as surveyed by J. S. Boyles for the State of Texas, for the Northeast corner of this tract; THENCE, with the Boyles' line as above cited, South 12 degrees 07 minutes East a distance of 501.18 feet to a point for the Southeast corner of this tract; THENCE, South 83 degrees 45 minutes West parallel to and at a perpendicular distance of 498.56 feet from the North line of this tract, a distance of 1016.18 feet to a point on the West line of the Mrs. A. D. Dickinson, Jr. Tract for the Southwest corner of this tract; THENCE, with the West line of said tract, North 16 degrees 44 minutes West a distance of 507.02 feet to the Northwest corner of the Mrs. A. D. Dickinson, Jr. Tract for the Northwest corner of this tract; THENCE, with the North line of the Mrs. A. D. Dickinson, Jr. Tract North 83 degrees 45 minutes East a distance of 1057.2 feet to the place of beginning, containing 11.87 acres, more or less, said approximately 9.95 acres being the 11.87 acres less the acreage conveyed previously by D. J. Schwarz to the State of Texas for roadway purposes.

AS TO ALL TRACTS, SAVE AND EXCEPT all prior reservations of oil, gas, and other minerals, and SAVE AND EXCEPT all oil, gas, or other minerals owned by Seller, if any.

AS TO ALL TRACTS SUBJECT TO: Easements of record and visible easements; restrictions and limitations of record; any changes caused by erosion, accretion or reliction; zoning ordinances and restrictive laws applicable to the property, if any; oil and gas leases of record.

## Certificate of Service

IT IS HEREBY CERTIFIED that service of the foregoing document has been made on December 19, 2001, by mailing a copy thereof to:

Larry Sherlock
Chamberlain Hrdlicka
1200 Smith Street, Suite 1400
Houston, TX 77002-4401

Kent M. Rider
Linebarger Heard
P.O. Box 17428
Austin, Texas 78760

David C. Garza
Garza & Garza, LLP
P.O. Box 2025
680 East St. Charles, Suite 300
Brownsville, TX 78522

David Randell
Asst. Attorney General
Bankruptcy & Collections Div.
P.O. Box 12548
Austin, Texas 78711-2548

_____
Andrew L. Sobotka