IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 1 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | CIVIL NO. B-01-053 |
| § | |
| GRADY F. HEROLD, SR., et. al. § | |
| § | |
| Defendants. § | |

**MOTION BY DEFENDANTS, GRADY F. HEROLD, SR., ET. AL., TO
AMEND SCHEDULING ORDER AND EXTEND DISCOVERY DEADLINES**

The individual Defendants in this action, Grady F. Herold, Sr., as Executor of the Estate of Lillian A. Schwarz (hereafter the "Estate"), Kathryn Louise Herold, Peggy L. Horn, Ruby L. Wells and Doris Jean Shannon (hereafter "the Heirs"), move the Court to enter an order granting the following relief:

    a.    Amending the Scheduling Order in this case to postpone the deadlines for completion of discovery, dispositive motions, submission of the Pretrial Order, and docket call for one year to allow the sale of the property on South Padre Island that is the subject of this case to close under a contract of sale signed by the Estate and Defendant Legendary, Inc. in November 2001; and

    b.    To extend the dates for the Estate to respond to interrogatories and requests for production of documents from the United States and to designate its expert witness until January 2003.

The Estate and the Heirs request this relief because the expenditure of time and money by the parties and the Court on the preparation and conduct of a trial is an unnecessary burden given that the property upon which the Government seeks to foreclose its tax lien is now under contract for sale. In further support of the motion, the Estate and Heirs would show as follows:

1. The Government filed this action on April 2, 2001, in order to foreclose a tax lien on property located on South Padre Island owned by the Estate of Lillian Schwarz. The Government has contended throughout this proceeding that the sole remedy it seeks is to foreclose its tax lien and distribute the proceeds of the foreclosure according to the priorities of the various claimants to the property. Recently, the Government filed a second action to include other, much smaller properties owned by the Estate in the foreclosure proceedings, but the South Padre Property is the only asset owned by the Estate that can come anywhere close to satisfying the Government's claim. The Government has not made a claim for a money judgment or to determine the tax liability against the Estate.

2. On August 15, 2001, after a scheduling conference with the parties, the Court signed a Scheduling Order setting the following deadlines:

| | | |
|---|---|---|
| A. | Designation of Government expert witness | 11/15/01 |
| B. | Cutoff of discovery | 1/25/02 |
| C. | Dispositive motions | 2/15/02 |
| D. | Pretrial order | 5/16/02 |
| E. | Docket call | 5/30/02 |
| F. | Jury selection | 6/03/02 |

3.      Pursuant to successive motions filed by the Government the deadlines for designation of the Government's expert and for discovery cutoff were extended first to 12/21/01 and 1/31/02, respectively, and then to 1/15/02 and 3/30/02, respectively. The remaining deadlines were left as they appear in the Scheduling Order.

4.      After the scheduling conference, the parties entered into negotiations to attempt to resolve all matters raised in the complaint and the answers filed by Defendants. The Estate and Legendary were successful in negotiating and executing a contract of sale whereby Legendary would purchase the property for $5,500,000. Because of required environmental and other permits that Legendary must acquire for its planned development of the property, the sale under the contract is not scheduled to close until eighteen months after the November 16, 2001 execution date of the contract. As part of its obligations under the contract, Legendary will purchase from Cameron County, the Port Isabel Independent School District and other local taxing jurisdictions the ad valorem tax liens that are presently in place against the property. Although this purchase of liens was scheduled to occur at the end of November, 2001, delays in funding approval and in obtaining title insurance for the transfer of the liens have delayed this lien purchase. However, Legendary is intent on completing this and all other contract obligations with all immediate speed. As part of the contract negotiations, the parties agreed to a judgment in favor of the ad valorem taxing jurisdictions granting foreclosure of their liens. Legendary's purchase of the liens and payment of the taxing jurisdictions would moot the motion by the taxing jurisdictions for entry of this judgment, which is currently pending before the Court. Apart from Legendary, the Estate has received no offers to purchase the property nor has it received any solid inquiries of interest.

5. The Estate and the IRS also entered into negotiations to resolve the issues between them, but, while reaching agreement on some issues, complete resolution was not achieved.

6. Jury selection in this case is currently set for June 3, 2002. As noted above, the Government's sole claim in this case is to foreclose its tax lien, i.e., to sell the property so that cash proceeds may be realized. The contract that is currently in place accomplishes that very end. Thus, assuming the sale to Legendary closes, the Government's goal will be attained without the necessity for preparation and conduct of a trial. Although the government has expressed some doubt about whether the sale will close, the same can be said, with more confidence, about any possible foreclosure sale. Despite attempts for many years by the Estate, and more recently also by the Government, there has been no success in selling the property. Thus, there is no reason not to allow Legendary to pursue its development plan and purchase the property. To that end, the trial of the case and the accompanying pretrial deadlines should be postponed for one year to allow the contract to reach fruition.

7. Although the Estate has raised issues other than the foreclosure of the tax lien in its Answer, i.e., the amount of the underlying tax liability, the Estate is confident that agreement with the Government can be reached on the non-foreclosure issues if the contract is allowed to proceed to closing. Thus, these collateral issues should likewise be continued. In connection with these issues, the Government proposed interrogatories and requests for production of documents to the Estate at the end of November 2001. By agreement between the parties, the Estate answered some of the interrogatories, and the Government extended the Estate's obligation to respond to the other discovery requests. The Government is no longer willing to extend the response date. Although the Estate is endeavoring to supply the Government with information responsive to the requests, the

4

Estate believes that the burden of responding to the remaining discovery requests should likewise be postponed while Legendary completes its contract obligations. If the sale closes, the Estate is confident that agreement can be reached with the Government on the issues that are the subject of the discovery requests.

WHEREFORE, the Estate and the Heirs move the Court to grant the relief detailed above and to continue the trial and pretrial deadlines in this case for one year to allow Defendant Legendary to purchase the subject property.

Respectfully submitted,

_____
LAWRENCE SHERLOCK
State Bar No. 18240720
U.S. District Court No. 7454
Chamberlain, Hrdlicka, White, Williams & Martin
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 658-1818
(713) 658-2553 (facsimile)

OF COUNSEL:

CHAMBERLAIN, HRDLICKA, WHITE,
    WILLIAMS & MARTIN
1200 Smith Street
Suite 1400
Houston, TX 77002

5

## CERTIFICATE OF CONFERENCE

On January 30 and 31, 2002, I certify that I contacted counsel for the other parties in this proceeding to discuss the relief sought in this motion. Counsel for the United States, Andrew Sobotka, indicated that he would oppose the motion. Counsel for Cameron County and other ad valorem taxing jurisdictions, Kent Rider, indicated he would oppose the motion. Counsel for the State of Texas, David Randell indicated he would oppose the motion. Counsel for Legendary reserved his position on the motion pending conferring with his client.

LAWRENCE SHERLOCK

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the Motion by Defendants, Grady F. Herold, Sr., et. al. to Amend Scheduling Order and Extend Discovery Deadlines has this 31st day of January, 2002, been made by mailing a copy thereof to:

Andrew Sobotka
U.S. Department of Justice
Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201

David Garza
P. O. Box 2025
Brownsville, TX 78522

Kent M. Rider
Linebarger Heard Goggan Blair
Graham Peña & Sampson, L.L.P.
P. O. Box 17428
Austin, Texas 78760

David Randell
Assistant Attorney General
Bankruptcy and Collections Division
P. O. Box 12548
Austin, Texas 78711-2548

LAWRENCE SHERLOCK

352649.1
001461-000000:1/31/2002