54

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 07 2002

Michael N. Milby
Clerk of Court

| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL NO. B-01-053 |
| | § | |
| GRADY F. HEROLD, SR., Individually and in | § | |
| his capacity as Independent Executor of the | § | |
| Estate of Lillian A. Schwarz (Deceased), et al | § | |
| Defendants | § | |

RESPONSE OF CAMERON COUNTY AND
POINT ISABEL INDEPENDENT SCHOOL DISTRICT
TO DEFENDANT GRADY F. HEROLD, SR.'S MOTION
TO AMEND SCHEDULING ORDER AND EXTEND
DISCOVERY DEADLINES

TO THE HONORABLE UNITED STATES DISTRICT COURT:

The Defendants and Cross-Plaintiffs Cameron County and Point Isabel Independent School District, for themselves and on behalf of all other jurisdictions whose ad valorem taxes they collect, (the "Taxing Units") respond as follows to the Motion by Defendants, Grady F. Herold, Sr., et al., to Amend Scheduling Order and Extend Discovery Deadlines (the "Motion to Extend").

1. Because of the length of time which is sought by the Motion to Extend, it is essentially a motion to continue further activity in this case for over one year. "To that end, the trial of the case and the accompanying pretrial deadlines should be postponed for one year to allow the contract to reach fruition." (Motion to Extend, ¶6).

2. The Taxing Units cannot agree to such a lengthy postponement of activity in this case. Most of the delinquent ad valorem taxes which they seek to recover through their cross-action date back to 1996. During the time this suit has been pending the taxes assessed for 2001 were not paid and they too have become delinquent. If this case is postponed for another year

1

the Taxing Units have no reason to believe that the taxes assessed for 2002 will also not become delinquent.

3. The Taxing Units are aware of the stated intention of the Estate and Legendary to have Legendary pay the ad valorem taxes and have the tax lien assigned to it. Counsel for the Taxing Units has assisted those parties in effectuating that assignment, but now is told that the payment and assignment have stalled because Legendary is having difficulty in obtaining title insurance for that assignment.

4. The total amount of ad valorem taxes plus statutory interest and penalties owing to the Taxing Units as of February 2002 is $607,632.71. That figure will continue to increase by each month those taxes remain unpaid. The amount due this month represents 11% of the purchase price which Legendary has agreed to pay the Estate, provided Legendary is able to obtain the permits which it believes are necessary for it to develop the property.

5. While Legendary seeks a title insurer that understands ad valorem taxation and will insure Legendary's purchase of the ad valorem tax lien, the 2001 taxes have become delinquent and a 6% penalty has attached to those taxes. TEX.PROP.TAX CODE ANN. §33.01(a). An additional 1% penalty will attach under that section for each additional month that passes without the 2001 taxes being paid, until that penalty caps at 12% at the end of June 2002. However, unless Legendary finds a source of title insurance soon, on July 1 the additional 15% penalty of TEX.PROP.TAX CODE ANN. §33.07 will attach to the 2001 taxes. That penalty is calculated on the original tax plus accrued interest and the 12% penalty, so it too increases monthly until paid.

6. The Taxing Units respectfully submit that the time has come for Legendary to either fish or cut bait. The 13-acre tract involved in this case is one of the last undeveloped tracts on South Padre Island having frontage on the Gulf of Mexico. It lies between the Sheraton Hotel

2

and the Bridgeport Condominiums. Documents produced in discovery in this case contain listings for two units in the Bridgeport with an asking price of $675,000.00, each. (L-149-150). Estimates dated June 6, 2000 for construction of a 100-uint condominium on the 13-acre tract in this case range from $38,487,500 to $45,143,750, depending on the size of the units. (L-253-260). The amount owed in February on the delinquent taxes represents about 1.5% of the lesser of those estimated construction costs. Given the development of the adjoining properties it is not unreasonable to anticipate that Legendary will be able to obtain the permits needed to construct the improvements which it proposes to build.

7. Therefore, the Taxing Units oppose the Motion to Extend in order to force Legendary to either pay off the ad valorem taxes and take an assignment of the tax lien, regardless of whether it obtains title insurance, or see the property taken for the delinquent taxes owed to the Taxing Units, the United States and the State of Texas.

WHEREFORE, premises considered, the Taxing Units pray that the Motion to Extend be denied and that they have such additional relief to which they may be entitled.

Respectfully submitted,

LINEBARGER GOGGAN BLAIR PEÑA &
SAMPSON, LLP
P.O. Box 17428
Austin, Texas 78760
(512) 447-6675
Telefax No. (512) 443-3494

By: _____
KENT M. RIDER
Texas State Bar No. 16896000
Southern District Admission No. 13883

ATTORNEY IN CHARGE FOR DEFENDANTS CAMERON COUNTY, TEXAS, LAGUNA MADRE WATER DISTRICT, CAMERON COUNTY EMERGENCY SERVICES DISTRICT, SOUTHMOST UNION JUNIOR COLLEGE

3

DISTRICT, POINT ISABEL INDEPENDENT SCHOOL DISTRICT, TOWN OF SOUTH PADRE ISLAND, and SOUTH TEXAS INDEPENDENT SCHOOL DISTRICT

## CERTIFICATE OF SERVICE

True and correct copies of the foregoing response were served by certified United States mail, postage prepaid, return receipts requested, addressed as follows on February __5__, 2002:

Mr. Andrew Sobotka
Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Ste. 400
Dallas, Texas 75201

ATTORNEY FOR PLAINTIFF

Mr. Larry Sherlock
Chamberlain Hrdlicka White Williams & Martin, A P.P.C.
1200 Smith Street, Ste. 1400
Houston, Texas 77002-4401

ATTORNEYS FOR GRADY F. HEROLD, SR., KATHRYN LOUISE HEROLD, PEGGY L. HORN, RUBY L. WELLS and DORIS JEAN SHANNON

Mr. David Randell
Assistant Attorney General
Bankruptcy & Collections Division
P.O. Box 12548
Austin, Texas 78711-2548

ATTORNEY FOR STATE OF TEXAS

Mr. David C. Garza
Garza & Garza, L.L.P.
P.O. Box 2025
Brownsville, Texas 78522

ATTORNEY FOR LEGENDARY, INC.

KENT M. RIDER

*Cameron\Herold\Extension of time response*
*February 5, 2002*

4