58

# IN THE UNITED STATES DISTRICT COURT FOR THE

## SOUTHERN DISTRICT OF TEXAS

### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 08 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | CIVIL NO. B-01-053 |
| GRADY F. HEROLD, SR., et al., | § | |
| Defendants | § | |

## United States' Motion to Compel Estate to Respond
## to Interrogatories and Produce Documents; and
## United States' Motion for Extension of Discovery Deadline

The United States, on behalf of its agency, the Internal Revenue Service, moves the Court

for an order compelling Grady Herold, Sr., as Executor of the Estate of Lillian A. Schwarz (the

Estate), to answer the United States' Interrogatories and Requests for Production which were

served on November 30, 2001. Additionally, the United States moves for an extension of the

discovery deadline to the later of April 30, 2002, or 30 days after the responses are provided. In

support hereof, the United States would respectfully show the following:

1. This suit was initiated by the United States in an attempt to foreclose federal tax

liens on real estate held by the Estate, and thereby collect a federal tax liability in excess of

$4,000,000 that the Estate has failed to pay for almost 16 years. In response to this suit the Estate

raised a number of affirmative defenses in its Answer.

2. On November 30, 2001, after concluding that settlement was not possible and in

an effort to address the Estate's affirmative defenses, the United States served Interrogatories and

Requests for Production on the Estate. These discovery requests were designed, in large part, to

discover evidence relevant to the affirmative defenses. *See* United States' Interrogatories, and

Requests for Production to Grady F. Herold, Sr., along with fax confirmation page and certified mail return receipt, attached hereto as Exhibit A.

3.      On December 18, 2001, the Estate requested a 30 day extension of time to respond to these discovery requests. One of the reasons given by the Estate in seeking this extension was that gathering the documents requested would take longer than the normal 30 days contemplated by Rule 34 of the Federal Rules of Civil Procedure.

4.      In exchange for an agreement by the Estate to answer Interrogatories 4, 10 and 19, and an agreement to extend the discovery deadline to March 31, 2002,[1] the United States agreed that the Estate could have until January 31, 2002, to respond to the rest of the Interrogatories and Requests for Production. *See* Letter dated January 4, 2002, attached as Exhibit B.

5.      On January 4, 2002, the Estate provided answers to Interrogatories, 4, 10 and 19.

6.      On or about January 30, 2002, the Estate requested a another 30 day extension of time to respond to the remaining Interrogatories and the Requests for Production. At the same time, the Estate asked to extend all deadlines in this case along with the trial for one year on the basis that it had a new contract with Legendary for the sale of the property that is the subject of this suit. The United States declined to extend the time to respond to its discovery and indicated his opposition to a one year extension.

7.      On February 1, 2002, the Estate filed its Motion to Amend Scheduling Order and Extend Discovery Deadlines for one year (Estate's Motion For One Year Continuance). [2]

---

[1] The United States' Unopposed Motion for Leave to Amend Complaint, and to Extend Certain Deadlines is still pending.

[2] The United States and the various Property Tax Authority Defendants filed responses in opposition to this motion. This motion is still pending.

8.      On February 8, 2002, the United States noticed several depositions in this case which were to begin on February 20, 2002, and indicated its intention to notice other depositions in the near future.  In response, the Estate requested that these depositions be postponed until the Court ruled on the Estate's Motion For One Year Continuance.   The United States disagreed and indicated that it would not postpone the depositions unless a motion for protective order was filed.

9.      On February 14, 2002, the Estate filed a Motion for Protective Order.  The motion was based on the same grounds asserted in the Estate's Motion For One Year Continuance.

10.     On February, 15, 2002, believing that it was required to do so under Rule 30(d)(4) of theFederal Rules of Civil Procedure, the United States agreed to postpone the depositions until the resolution of the Motion for Protective Order.

11.     On February 25, 2002, the Court entered an order denying the Estate's Motion for Protective Order.  Shortly thereafter, United States and the Estate agreed to several new dates for depositions.  Three depositions are now scheduled to be taken on March 21, March 22 and April 3, with a few other depositions still being considered by the United States.

12.     On our about February 28, 2002, while conferring with counsel for the Estate concerning new deposition dates, the undersigned asked when the Estate would respond to the Interrogatories and Requests for Production.  Counsel for the Estate stated that Mr. Herold had just began attempting to locate the responsive documents and that he was uncertain how long it would take.  Both counsel agreed to confer again on March 5, 2002, concerning the Estate's progress in producing documents.

13.     On March, 5, 2002, counsel for the Estate indicated that Mr. Herold was working

on locating the documents, but he could give no assurance that the documents would be produced by a specific date.  As indicated below in the Certificate of Conference, Counsel for the Estate indicated that, other than needing more time, the Estate did not oppose the United States' right to have the discovery responses.

14.     The Estate has already had over 90 days to respond to these discovery requests and should not need additional time.  The Estate knew as early as December 18, 2001, that gathering the responsive documents would take more than 30 days and, in seeking the initial extension of time, lead the United States to believe that would be working on the responses during that time.  More importantly, the United States urgently needs the Estate's responses to these discovery requests in order to effectively ask questions during the depositions it plans to take.  At the present time, some of those depositions are scheduled to begin on March 21, 2002.

15.     Accordingly, the United States requests that Court order the Estate to answer the United States' Interrogatories and to produce documents responsive to the United States' Requests for Production within 10 days of the granting of this Motion.  Furthermore, given the Estate's history of delays, and that the bulk of these written discovery requests are focused on the Estate's affirmative defenses, the Court should include a provision that would result in the affirmative defenses being stricken if the Estate fails to comply.

16.     Finally, because of the Estate's delays in providing discovery responses, it will now be impossible for the United States to complete its discovery by the previously agreed upon March 31, 2002, deadline.  Accordingly, the United States requests that the deadline to complete discovery be extended to the later of April 30, 2002, or 30 days after the Estate provides the Answers to Interrogatories and documents responsive to the Requests for Production.  As noted

in the attached Certificate of Conference, all parties except Legendary, have agreed that discovery can be extended to April 30, 2002.  However, counsel for Legendary, could not state a position without conferring with his client who could not be reached for several days.

Prayer

For the reasons stated above, the United States prays that the Court enter an order:

A.      compelling the Estate to answer the United States' Interrogatories and produce documents responsive to the United States' Requests for Production within 10 days; and

B.      providing that the deadline to complete discovery be extended to the later of April 30, 2002, or 30 days after the Estate answers the United States' Interrogatories and produces all documents responsive to the United States' Requests for Production.

**Andrew L. Sobotka**
Texas Bar No. 18819900
**Manuel P. Lena Jr.**
Texas Bar No. 12201255
Attorney, Tax Division
U. S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
214/880-9750 or 9721[9741fax]
Attorney for United States (IRS)

## Certificate of Conference

I hereby certify that on March 5, 2002, and March 6, 2002, I contacted counsel for the parties to discuss the relief sought in the foregoing motion.

**Larry Sherlock,** representing  Grady F. Herold, Sr., Kathryn Louise Herold, Peggy L. Horn, Ruby L. Wells and Doris Jean Shannon ("the Estate"), **stated that the Estate needed more time to respond to the discovery requests and could not commit to doing it within 10 days; that he did not oppose the United States' right to have the discovery responses at some point in the future; and that he did not oppose extending the deadline for completion of discovery to April 30, 2002.**

**Kent Rider,** representing Cameron County, Texas, Laguna Madre Water District, Cameron County Emergency Services District, Southmost Union College District, Point Isabel Independent School District, Town of South Padre Island, and South Texas Independent School District ("Local Property Tax Authorities"), **did not oppose the relief sought.**

**David Randell,** representing the State of Texas, **did not oppose the relief sought.**

**David Garza**, representing Legendary, Inc., **stated that he needed to confer with his client, but would not be able to do so for several days, and therefore could not state a position.**

Andrew L. Sobotka

## <u>Certificate of Service</u>

IT IS HEREBY CERTIFIED that service of the foregoing document has been

made on March 7, 2002, by faxing and by mailing a copy thereof to:

Larry Sherlock
Chamberlain Hrdlicka
1200 Smith Street, Suite 1400
Houston, TX 77002-4401
(713) 658-2553 (fax)

David C. Garza
Garza & Garza, LLP
P.O. Box 2025
680 East St. Charles, Suite 300
Brownsville, TX 78522
(956) 542-7403 (fax)

Kent M. Rider
Linebarger Heard
P.O. Box 17428
Austin, Texas 78760
(512) 443-3494 (fax)

David Randell
Asst. Attorney General
Bankruptcy & Collections Div.
P.O. Box 12548
Austin, Texas 78711-2548
(512) 482-8341 (fax)

Andrew L. Sobotka

# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
|     Plaintiff | § | |
| v. | § | CIVIL NO. B-01-053 |
| GRADY F. HEROLD, SR., et al., | § | |
|     Defendants | § | |

### United States' Interrogatories to Grady F. Herold, Sr.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the United States requests that Grady F. Herold, Sr., as Executor of the Estate of Lillian A. Schwarz, answer these interrogatories.

### Instructions

1.     These interrogatories are intended to be continuing in nature. Accordingly, you are under a duty to supplement or correct your responses to these interrogatories if you learn that the response is in some material respect incomplete or incorrect and if the additional or corrected information has not otherwise been made known to the United States during the discovery process or in writing.

2.     You must answer each of these interrogatories separately and fully, in writing, and under oath, unless it is objected to, in which event the reasons for such objection shall be stated with specificity, and you must answer to the extent the interrogatory is not objectionable. The answers must be signed and sworn to by you. Any objections must be signed by the attorney making them, or if no attorney, by you.

3.     You must serve a copy of your written answers and objections on the undersigned attorney for the United States within thirty (30) days after the service of these interrogatories on you.



4.    If any part of these interrogatories cannot be answered in full, you are required to provide whatever information, knowledge, or estimate you have which may be relevant to the interrogatory. When an estimate is used, please so indicate. You are also required to state what efforts you made to obtain information which would have allowed you to answer the interrogatory in full. If your inability to answer fully is due to the unavailability of documents, state with particularity the efforts made to locate the documents and the reasons for their unavailability. If documents exist, but are not available to you, state where the documents are located and identify the person who has them.

5.    If any part of an answer to these interrogatories is withheld on the basis of any claim of privilege or similar claim, then state the nature of the privilege or other reason for withholding the information and the facts that make the privilege or other claim applicable.

6.    When an interrogatory requests that you "identify" a document, you shall state: (a) the date of its creation, (b) its author, (c) its intended recipient, if any, (d) the type of document (e.g., papers, books, letter, correspondence, telegrams, etc.), (e) its title (including all identification numbers), (f) its present location, and (g) the name, address, and telephone number of its present custodian. If any of the above information is not available, state any other available means of identifying such document. If a document no longer exists or has been lost, you must state the circumstances surrounding its disposition or loss, and the date thereof.

7.    When an interrogatory requests that you "identify" an individual, you shall state that individual's present or last known: (a) full name, (b) residence address, (c) residence telephone number, (d) social security number, (e) employer or business affiliation, including the address and telephone number thereof. If any of the above information is not available, state any other available means of identifying such individual.

8.     When an interrogatory requests that you "identify" a person other than an individual, you shall state its: (a) full name, (b) the nature of its organization, including the name of the state under the laws of which it was organized, (c) the address of its principal place of business, (d) its principal line of business, and (e) its federal employer identification number. If any of the above information is not available, state any other available means of identifying such person.

## Definitions

1.     As used herein, the terms "you" and "your" refer to Grady F. Herold, Sr., in his capacity as Executor of the Estate of Lillian A. Schwarz, the Estate of Lillian A. Schwarz, and any attorney, agent, employee or other person acting on their behalf.

2.     As used herein, "Estate" means the Estate of Lillian A. Schwarz, and its Executor, Grady F. Herold, Sr., and any attorney, agent, employee or other person acting on its behalf.

3.     As used herein, the terms "Party" and "party" mean any past or present party to the above styled suit, and any attorney, agent, employee or other person acting on their behalf.

4.     As used herein, the terms "Heirs" and "heirs" means any person entitled to inherit under the will or from the Estate of Lillian A. Schwarz, including but not limited to Grady F. Herold, Sr., Individually, Kathryn Louise Herold, Peggy L. Horn (a/k/a Peggy L. Horn Birch), Ruby L Wells, Doris Jean Shannon, and any attorney, agent, employee or other person acting on their behalf.

5.     As used herein, the term "Property" means the property on South Padre Island which is the subject of this suit.

6.     As used herein, the term "Other Remaining Property" means all property or rights to property in which the Estate currently has an interest - excluding the Property on South Padre Island which is the subject of this suit.

7.      As used herein, the terms "Document" and "documents" mean any writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations or recordings (translated, if necessary, by you through a computer or other detection devices into reasonably usable form) from which information can be obtained.  It shall include hand printed, handwritten, typewritten, printed, photocopied, photographic, or recorded material.  It refers to communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, a computer or other information storage or retrieval system, including electronic mail ("E-Mail").  As used herein "document" and "documents" are  used in their customary and broad sense and shall mean the original and each copy of the original which is no longer identical to the original for whatever reason, including, but not limited to, copies which contain marginal notes, inserted material, or attachments.  A draft of a nonidentical copy is a separate document within the meaning of this term.

8.      As used herein the words "person" or "persons" include individuals, firms, corporations, limited liability companies, partnerships, associations, joint ventures, trusts, entities, or other groups, however organized.

9.      As used herein, the terms "fact," "facts," and "factual basis" requires you to specify, who, what, where, when, how, and why, with respect to the alleged action performed, event, occurrence, or circumstance.  Global, general, non-specific, and conclusory statements are not facts and their recitation as specific facts will be objected to as not being responsive.

10.     As used herein the term "request for production" shall mean any request for production served on you by the United States.

11.     As used herein the term "request for admissions" shall mean any request for admission served on you by the United States.

Gregory Serres
United States Attorney

Andrew L. Sobotka
Attorney, Tax Division
State Bar No. 18819900
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9736
(214) 880-9741 (fax)

## INTERROGATORIES

Interrogatory No. 1:

State all factual and legal reasons which you contend justify keeping the Estate open for

16 years.

Answer:


Interrogatory No. 2:

State why the Estate has not sold the Property or the Estate's Other Remaining Property

to pay its federal estate tax and other debts during the last 16 years.

Answer:


Interrogatory No. 3:

Explain why the Estate allowed the Property to become encumbered by approximately

$500,000 in local property tax liens.

Answer:


Interrogatory No. 4:

For each asset which remains in the Estate, describe that asset, stating its exact legal

description, number of acres, street address or other common address, fair market value, all

encumbrances against that asset, and identify any persons who have an interest in that asset.

Answer:


Interrogatory No. 5:

Identify all persons who have expressed any interest in purchasing the Property or any of the Estate's Other Remaining Property since August 24, 1985.

Answer:

Interrogatory No. 6:

List every offer made by any person for the Property, or any of the Estate's Other Remaining Property, identifying the property, the date, and terms of the offer, the person making the offer, and every reason why the offer was or was not accepted by the Estate.

Answer:

Interrogatory No. 7:

List every contract to sell the Property or the Estate's Other Remaining Property which was entered into by the Estate, identify the person with whom the contract was formed, and list the reasons why such contract did not close or result in the sale of such property.

Answer:

Interrogatory No. 8:

State all steps and efforts undertaken by the Estate to sell the Property.

Answer:

Interrogatory No. 9:

State all steps and efforts undertaken by the Estate to sell its Other Remaining Properties.

Answer:


Interrogatory No. 10:

Identify all real estate agents, brokers or other persons with whom the Estate has listed, or otherwise requested to sell or advertise:

a.      the Property;

b.      the Other Remaining Property; and

c.      any property which the Estate once held but which it no longer holds.

Answer:


Interrogatory No. 11:

Describe all relationships that the Estate, the Heirs, and Ruby Lee Wells, have with Wells Real Estate, its owners, agents, or employees, including but not limited to any relationships arising out of contracts, marriages, family, kinship, or blood.

Answer:


Interrogatory No. 12:

Explain the every factual and legal basis supporting the Estate's contention that the value of the Property as of the alternative valuation date (February 24, 1986), which was agreed to by the Estate and the IRS in the Form 890 signed on August 8, 1988, was not correct.

Answer:

Interrogatory No. 13:

If the Estate contends that the value as of the alternative valuation date (February 24, 1986) for any other property which was included in the gross estate should be different than the amount agreed upon by the Estate and IRS in the Form 890 signed on August 8, 1988, then explain every factual and legal basis supporting such contention.

Answer:

Interrogatory No. 14:

State whether the Estate is a member of any joint venture, partnership, or other entity, and identify the other members, partners, or co-owners.

Answer:

Interrogatory No. 15:

State whether the Estate has leased any of its property to Heirs, or to persons or businesses which are related to Heirs, and if so, state what property was leased, the terms of the lease, and what efforts were made to ensure that the lease was for fair market value.

Answer:

Interrogatory No. 16:

List all payments or disbursements by the Estate since August 24, 1985, identifying the payee or distributee, the date, amount, and purpose of the payment or distribution, and whether you contend it was for an administrative expense.

Answer:

Interrogatory No. 17:

State whether the Estate has made any payments or distributions other than for administrative expenses, and if so, the date, amount, and purpose of such payment or distribution, and whether the Estate was insolvent or made insolvent by such payment or distribution.

Answer:


Interrogatory No: 18:

State every factual and legal basis for your contention that the statute of limitations for collecting the federal estate tax debt from the Estate has expired.

Answer:


Interrogatory No. 19:

Describe in detail all agreements you currently have with Legendary, Inc., or which you have had in the past with Legendary Inc.

Answer:

Interrogatory No. 20:

Identify each fact witness you or your attorneys anticipate calling at the trial or hearing of this matter, and the topics upon which they may testify. If you are presently unable to identify your fact witnesses, please so state, but be advised that you are under a duty to supplement your answers to these interrogatories when such knowledge or information becomes, or reasonably was, available with respect to any individual witness.

Answer:


Interrogatory No. 21:

Identify any expert used by you or your attorneys for consultation and who is not expected to be called as a witness at trial, but whose work product forms, or will form, a basis, either in whole or in part, for the opinions of any expert who you or your attorneys anticipate calling at the trial or hearing of this matter.

Answer:

Interrogatory No. 22:

If you object to the production of any document requested in a request for production on the ground that the document is privileged, otherwise exempt, or protected from discovery, then with respect to each such document:

      a.     Describe the nature of the privilege, exemption or protection claimed;

      b.     State the factual and legal basis for the claim of privilege, exemption, or protection;

      c.     Identify each person who was present when the document was prepared or who has seen the document; and

      d.     Identify every other document which refers to or describes the contents of such document.

    Answer:


Interrogatory No. 23:

List, by date and amount, all payments you made to the IRS which you contend have not been given proper credit by the IRS against your federal estate tax debt, and for each such payment, state the form of the payment, the address to which it was sent or delivered, and identify any IRS employee who received the payment.

    Answer:

## CERTIFICATE OF SERVICE

IT IS HEREBY FURTHER CERTIFIED that service of the foregoing United States'

Interrogatories to Grady F. Herold, Sr., has been made on November 30, 2001, by mailing and

faxing a copy thereof to:

Linda Paine
Larry Sherlock
Chamberlain, Hrdlicka, White,
Williams & Martin
1200 Smith Street, Suite 1400
Houston, TX 77002-4401
(713) 658-2553 (fax)

      Attorneys for the Estate and Heirs.

                Andrew L. Sobotka

# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff | § | |
| v. | § | CIVIL NO. B-01-053 |
| GRADY F. HEROLD, SR., et al., | § | |
| Defendants | § | |

### United States' Request for Production of Documents to Grady F. Herold

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the United States requests

that Grady F. Herold, Sr., as the Executor of the Estate of Lillian A. Schwarz, produce the

documents described below to the undersigned attorney for the United States, at the offices of the

Department of Justice, Tax Division, 717 N. Harwood, Suite 400, Dallas, Texas 75201, for

inspection and copying. In lieu of producing original documents, you may deliver legible copies

of such documents to the above address to the attention of the undersigned attorney for the

United States. Such production must be made within thirty (30) days after service of this request.

You are also required to serve a written response to this request on the undersigned

attorney for the United States within thirty (30) days after service of this request. The response

must state with respect to each item requested that inspection and copying will be permitted as

requested, or, in lieu thereof, a copy has been provided. If part or all of a request is objected to,

the specific reasons for the objection must be stated. If an objection is to only part of an item,

production of the remaining parts of the item is required.

### Definitions

1.     As used herein, the terms "you" and "your" refer to Grady F. Herold, Sr., in his

capacity as Executor of the Estate of Lillian A. Schwarz, the Estate of Lillian A. Schwarz, and

any attorney, agent, employee or other person acting on their behalf.

2.      As used herein, "Estate" means the Estate of Lillian A. Schwarz, and its Executor, Grady F. Herold, Sr., and any attorney, agent, employee or other person acting on its behalf.

3.      As used herein, the terms "Party" and "party" mean any party to the above styled suit, and any attorney, agent, employee or other person acting on their behalf.

4.      As used herein, the terms "Heirs" and "heirs" means any person entitled to inherit under the will or from the Estate of Lillian A. Schwarz, including but not limited to Grady F. Herold, Sr., Individually, Kathryn Louise Herold, Peggy L. Horn (a/k/a Peggy L. Horn Birch), Ruby L Wells, Doris Jean Shannon, and any attorney, agent, employee or other person acting on their behalf.

5.      As used herein, the term "Property" means the property on South Padre Island which is the subject of this suit.

6.      As used herein, the term "Other Remaining Property" means all property or rights to property in which the Estate currently has an interest - excluding the Property on South Padre Island which is the subject of this suit.

7.      As used herein, the terms "Document" and "documents" mean any writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations or recordings (translated, if necessary, by you through a computer or other detection devices into reasonably usable form) from which information can be obtained.  It shall include hand printed, handwritten, typewritten, printed, photocopied, photographic, or recorded material.  It refers to communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, a computer or other information storage or retrieval system, including electronic mail ("E-Mail").  As used herein "document" and "documents" are  used in their customary and broad sense and shall mean the original and each copy of the original which

is no longer identical to the original for whatever reason, including, but not limited to, copies which contain marginal notes, inserted material, or attachments. A draft of a nonidentical copy is a separate document within the meaning of this term.

8. As used herein the words "person" or "persons" include individuals, firms, corporations, limited liability companies, partnerships, associations, joint ventures, trusts, entities, or other groups, however organized.

9. As used herein, the terms "fact," "facts," and "factual basis" requires you to specify, who, what, where, when, how, and why, with respect to the alleged action performed, event, occurrence, or circumstance. Global, general, non-specific, and conclusory statements are not facts and their recitation as specific facts will be objected to as not being responsive.

10. As used herein the term "interrogatories" shall mean any interrogatory served on you by the United States.

11. As used herein the term "request for admissions" shall mean any request for admission served on you by the United States.

Gregory Serres
United States Attorney

Andrew L. Sobotka
Attorney, Tax Division
State Bar No. 18819900
Department of Justice
Maxus Energy Tower
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9736
(214) 880-9741 (fax)

## Documents Requested

1.   All documents which constitute or contain evidence of any past or present agreements between the Estate and Legendary, Inc.

2.   All documents which constitute or contain evidence of the fair market value of the Property, as of the alternative valuation date (February 24, 1986).

3.   All documents which constitute or contain evidence of the fair market value of the Property today.

4.   If you contend that any of the Estate's Other Remaining Property was not correctly valued for purposes of the federal estate tax, then with respect to each such property, all documents which constitute or contain evidence of the fair market value of that property on the alternative valuation date (February 24, 1986).

5.   All documents which constitute or contain evidence of the current fair market value of the Estate's Other Remaining Property.

6.   All documents which constitute or contain evidence of the legal description of the Estate's Other Remaining Property.

7.   All documents which constitute or contain evidence of any encumbrances, liens or other interests in any of the Estate's Other Remaining Property.

8.   All documents which constitute or contain evidence of any communications between the Estate and Billy Joe Day or other accountants concerning the Estate or any matters relating to the Estate - including but not limited to communications regarding the Property, Other Remaining Property, and Estate taxes.

9.   All documents which constitute or contain evidence of any communications between the Heirs and Billy Joe Day or other accountants concerning the Estate or any matters relating to the Estate - including but not limited to communications regarding the Property, Other Remaining Property, and Estate taxes.

10.  All documents which constitute or contain evidence of any communications between the Estate and the Internal Revenue Service.

11.  All documents which constitute or contain evidence of any communications between the Estate and any other Party.

12.  All real estate listing contracts for the Property.

13.  All real estate listing contacts for any of the Estate's Other Remaining Property.

14.    All advertisements to sell the Property.

15.    All advertisements to sell the Estate's Other Remaining Property.

16.    All other documents which constitute or contain evidence of any efforts to sell the Property or the Estate's Other Remaining Property.

17.    All documents which constitute or contain evidence of any offers to purchase, or contracts for sale of, the Property, or the Estate's Other Remaining Property - whether accepted or not.

18.    All documents which constitute or contain evidence of any communications between the Estate and any persons who expressed an interest in purchasing the Property or the Estate's Other Remaining Property.

19.    All documents which constitute or contain evidence of why the Estate allowed the Property to become encumbered by approximately $500,000 dollars in local property tax liens.

20.    All documents which constitute or contain evidence which tends to explain why the Estate has not sold the Property and its Other Remaining Property during the last 16 years.

21.    All documents which constitute or contain evidence substantiating all of the deductions claim by the Estate under 26 U.S.C. § 2053.

22.    All documents which constitute or contain evidence of all work done for the Estate by Grady F. Herold, as Executor, and in any other capacity.

23.    All documents filed in any probate court with respect to the Estate.

24.    All books and records of the Estate, including any journals, ledgers, balance sheets, profit and loss statements, cash flow statements, and bank records (including bank statements, canceled checks, and deposit tickets or slips).

24.    All documents which constitute or contain evidence of any payments or disbursements by the Estate.

25.    All documents which constitute or contain evidence of any lease agreements on the Property, or any of the Estate's Other Remaining Property.

26.    All lease agreements on any property that was once property held by the Estate, but which is no longer property held by the Estate.

27.    All documents which constitute or contain any valuation or analysis of the fairness of any rentals or lease payments received by the Estate.

28. All documents which constitute or contain evidence of any joint venture, partnership, or other entity in which the Estate is, or has been, a participant, partner or member.

29. All documents which constitute or contain evidence of any payments you made to the IRS which you contend have not been given proper credit by the IRS.

30. All documents which constitute or contain evidence supporting your contention that the statute of limitations for collecting the federal estate tax from the Estate has expired.

31. Every document you identified in response any interrogatory or request for admission which was not produced pursuant to one of the foregoing requests.

32. Every document used or referred to by you in formulating your answers to any interrogatory and any request for admission which was not produced pursuant to one of the foregoing requests.

## CERTIFICATE OF SERVICE

IT IS HEREBY FURTHER CERTIFIED that service of the foregoing United States'

Request for Production of Documents to Grady F. Herold has been made on November 30, 2001,

by mailing and faxing a copy thereof to:

Linda Paine
Larry Sherlock
Chamberlain, Hrdlicka, White,
Williams & Martin
1200 Smith Street, Suite 1400
Houston, TX 77002-4401
(713) 658-2553 (fax)

      Attorneys for the Estate and Heirs.

Andrew L. Sobotka

DOC TAX DIVISION

☑ 001

```
*********************
***   TX REPORT   ***
*********************
```

**FILE COPY**

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3915 |
| CONNECTION TEL | 917136582553 |
| CONNECTION ID | CHAMBERLAIN |
| ST. TIME | 11/30 16:03 |
| USAGE T | 06'32 |
| PGS. SENT | 21 |
| RESULT | OK |



# U.S. DEPARTMENT OF JUSTICE
## TAX DIVISION
717 N. Harwood, Suite 400
**Dallas, Texas 75201**
Tel: (214)880-9721  Fax:(214)880-9741/9742/9774

## FAX TRANSMITTAL INFORMATION

**DATE:** November 30, 2001

**TO:**

**NAMES:**

Linda Paine & Larry Sherlock at (713) 658-2553

**FROM:**

**NAME:** Andrew Sobotka

**PHONE NO:** (214) 880-9736

**NUMBER OF PAGES (INCLUDING COVER PAGE)** = 21

## MESSAGE

**RE:** U.S. v. Grady F. Herold, et al., Case No. B-01-053 (DC SD Brownsville, Texas)

United States' Interrogatories and Requests for Production to Grady F. Herold



**U.S. DEPARTMENT OF JUSTICE**
**TAX DIVISION**
**717 N. Harwood, Suite 400**
**Dallas, Texas  75201**
**Tel: (214)880-9721  Fax:(214)880-9741/9742/9774**

# FAX TRANSMITTAL INFORMATION

**DATE**: November 30, 2001

**TO:**

**NAMES:**

Linda Paine & Larry Sherlock at (713) 658-2553

**FROM:**

**NAME:**  Andrew Sobotka

**PHONE NO:**  (214) 880-9736

**NUMBER OF PAGES (INCLUDING COVER PAGE)** = 21

## MESSAGE

**RE:** U.S. v. Grady F. Herold, et al., Case No. B-01-053  (DC SD Brownsville, Texas)

United States' Interrogatories and Requests for Production to Grady F. Herold

This facsimile is intended only for the use of the addressee; it may contain legally privileged and confidential information. If you are not the intended addressee, you have received this facsimile in error.  Any review, dissemination, distribution, or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please contact the sender immediately and return the facsimile.

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**

7000 0520 0025 4299 2568

Re: HEROLD - (1) US RQST 4 PRDCTN
DOCS 2 HEROLD (2) US ROGS 2 HEROLD

5-74-

Postage    $3372

Certified Fee

Return Receipt Fee
(Endorsement Required)

Sent
11-30-01

Postmark
Here

Rtn CARD
TO ALS

Linda Paine
Larry Sherlock
Chamberlain, Hrdlicka, White,
Williams & Martin
1200 Smith Street, Suite 1400
Houston, TX 77002-4401

*(mpleted by mailer)*

*verse for instructions*

---

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

| A. Received by (Please Print Clearly) | B. Date of Delivery |
|---|---|
| WILLIE HARGROVE | DEC 0 6 2001 |

X _____  ☐ Agent  ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Linda Paine
Larry Sherlock
Chamberlain, Hrdlicka, White,
Williams & Martin
1200 Smith Street, Suite 1400
Houston, TX 77002-4401

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)
7000 0520 0025 4299 2568

PS Form 3811, July 1999        Domestic Return Receipt        102595-00-M-0952

U.S.DEPT.JUSTICE                                      ☑001

```
                **************************
                ***   ACTIVITY REPORT   ***
                **************************

     TRANSMISSION OK

     TX/RX NO.              8878
     CONNECTION TEL               917136582553
     CONNECTION ID
     START TIME             01/04 16:05
     USAGE TIME             00'50
     PAGES                  2
     RESULT                 OK
```





## U.S. DEPARTMENT OF JUSTICE
## TAX DIVISION
717 N. Harwood, Suite 400
Dallas, Texas 75201
Tel: (214)880-9721  Fax:(214)880-9741/9742/9774

# FAX TRANSMITTAL INFORMATION

**DATE**: January 4, 2002

**TO:**

Larry Sherlock at (713) 658-2553

**FROM:**

**NAME:**  Andrew Sobotka

**PHONE NO:**  (214) 880-9736

**NUMBER OF PAGES (INCLUDING COVER PAGE) = 2**

## MESSAGE

**RE:** U.S. v. Grady F. Herold, et al., Case No. B-01-053  (DC SD Brownsville, Texas)

Attached letter.

This facsimile is intended only for the use of the addressee, it may contain legally privileged and confidential information. If you are not the intended addressee, you have received this facsimile in error. Any review, dissemination, distribution, or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please contact the sender immediately and return the facsimile.



**U.S. Departmen. Of Justice**

*Tax Division*

---

EJO'C:LPH:ALSobotka
DJ: 5-76-28419
CMN: 2001102769

*Maxus Energy Tower*
*717 N Harwood*
*Suite 400*
*Dallas, Texas 75201*

*Main Line  (214) 880-9721*
*Attorney's Direct Line:*
*(214) 880-9736*
*Fax: (214) 880-9741/9742*

January 4, 2002

**Via Fax to (713) 658-2553**

Larry Sherlock
Chamberlain, Hrdlicka, White, Williams & Martin
1200 Smith Street, Suite 1400
Houston, Texas 77002-4401

      Re:    U.S. v. Grady F. Herold, et al.,
              <u>Case No. B-01-053  (DC SD Brownsville, Texas)</u>

Dear Mr. Sherlock:

      I received your letter dated January 2, 2002, along with your answers to Interrogatories 4, 10 and 19.  Thank you for those answers.  However, I must take issue with the manner in which you have attempted to restate our agreement concerning the extension of time for responding to the rest of the United States' discovery requests.  Contrary to you assertion, my agreement to extend the time for the Estate to respond to the United States' Interrogatories and Requests for Production was not tied in any way to Legendary's performance of its obligations under the Purchase and Sale Agreement.

      I agreed to give the Estate until January 31, 2002, to respond to those interrogatories and requests for production with two conditions.  First that the Estate not to oppose my Motion for Leave to Amend Complaint and to Extend Certain Deadlines, and second that Interrogatories 4, 10 and 19, be answered within the initial response time.  The Estate has met both of those conditions, and unless some other agreement is reached, the Estate will have until January 31, 2002, to respond to the rest of the interrogatories and requests for production.

      Please call me at (214) 880-9736 if you have any questions.

                       Sincerely yours,

                       ANDREW L. SOBOTKA
                       Trial Attorney
                       Civil Trial Section
                       Southwestern Region