IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 8 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff, § | |
| v. § | CIVIL NO. B-01-053 |
| GRADY F. HEROLD, SR., et al., § | |
| Defendants. § | |

### United States' Motion to Appoint a Section 7403(d) Receiver to Sell Property

The United States, on behalf of its agency, the Internal Revenue Service, moves the Court for an order appointing a receiver for the limited purpose of enforcing its tax lien by taking possession of the two tracts of real estate which are the subject of this suit (the Property), and selling the Property via a private sale subject to confirmation by the Court.[1]

1.   This suit was initiated by the United States under 26 U.S.C. § 7403 to foreclose its federal tax liens on the Property, and thereby collect a federal tax liability that the Estate of Lillian A. Schwarz (the Estate) has failed to pay for almost 16 years. The United States named all persons with an interest in the Property as defendants. All local property taxing jurisdictions (the Ad Valorem Taxing Authorities) and the State of Texas were named because they had liens against the Property. The Estate and the heirs of the Estate (the Heirs) were named to the extent of their title or interest in the Property. Legendary, Inc., and Legendary SPI, Inc. (Legendary), were also named as defendants because of two different contracts they had entered into for the purchase of the Property. However, to date Legendary does not have any lien interest in the

---

[1] As discussed in more detail below, this motion is unopposed by all parties except for Legendary.

Property.

2.      From the beginning of this case, the three parties holding liens against the Property have agreed that the liens of the Ad valorem Taxing Authorities have first priority, the liens of the United States have second priority and the liens of the State of Texas have third priority.

3.      Moreover, the Estate has always agreed that it would be necessary to sell the Property in order satisfy the liens against it, however, the Estate disagreed with the amount of those lien claims against the Property.

4.      Recently, the amounts of the various lien claims against the Property have been resolved. On March 19, 2002, Agreed Judgment between the Estate and the Ad Valorem Taxing authorities was entered. This Agreed Judgment determined, among other things, the amount of Ad Valorem Taxing Authorities' lien claims against the Property for taxes arising out of 1996 to 2000.[2] Additionally, on April 1, 2002, a Stipulation of Settled Issues between the Estate and the United States was filed. This Stipulation determined, among other things, the amount of the United States' lien claims against the Property. Finally, the State of Texas' lien claim against the Property is derivative of the federal liability, and should now be determinable through a mathematical computation. Accordingly, it appears that the only matter left to be resolved is the manner in which the Property will be sold.

5.      The Estate has already attempted to sell the Property to Legendary on two different occasions. However, Legendary has consistently failed to meet any of the terms of

---

[2] Property taxes for the year 2001 were not part of the counter-claim filed by the Ad Valorem Taxing Authorities and are currently unpaid.

either contract. Legendary's first contract was signed in November 20, 2000, but Legendary never made the required deposit and immediately began negotiating for a lengthy extension of time to close. That first contract was never amended and did not close as scheduled. The Estate signed a second contract with Legendary almost one year later on November 16, 2001. The second contract required no deposit, and gave Legendary 18 months to decide if it wanted close the sale. The second contract required Legendary to purchase the Ad Valorem Property Tax liens within 45 days of the contract being signed, and to immediately begin to negotiate a standstill agreement with the IRS. Now, almost five months later, Legendary has still not met either of those conditions. Moreover, the Court denied the Estate's motion for a one year continuance based on the second contract with Legendary.[3] These purported contracts with Legendary have discouraged the Estate from actively marketing the Property to other potential buyers, and as a result, the Property has languished for almost two years without any serious ongoing marketing efforts.

6.     At the same time the Estate waits for Legendary to honor its contracts, the lien positions of the United States and the State of Texas, as well as any equity interest of the Estate and Heirs, are being eroded by the continual accrual of new property taxes, interest and penalties owed to Ad Valorem Taxing Authorities. Depending on the value received when the Property is eventually sold, this continual erosion is very likely to result in the United States' not being fully secured against the Property and the Estate's inability to satisfy the federal tax liens against it. Furthermore, because Ad Valorem Taxing Authorities now have a judgment, the Property may be

---

[3] *See* Grady Herold's Motion to Amend Scheduling Order and Extension of Discovery, the Response filed by the Ad Valorem Taxing Authorities, the Response filed by the United States, and the Court's order denying that motion.

sold at a foreclosure sale in the very near future. Depending on the price obtained at such a foreclosure sale, the United States' liens may not be fully satisfied and the United States may be forced to redeem the Property in an attempt to mitigate a loss of its secured position against the Property.

7. Section 7403(d) specifically empowers the Court to appoint a receiver for the limited purpose of enforcing the federal tax lien. 26 U.S.C. § 7403(d) (first clause).[4] The appointment of a receiver to sell the Property in order to enforce the federal tax lien via a private sale will end Legendary's ability to tie up the Property on terms that the Court has already rejected when it denied the Estate's Motion to Amend Scheduling Order. It will stop the erosion of the United State's lien position in the Property by permitting the prompt marketing and sale of the Property via a private sale to buyers other than Legendary. Finally, it may also result in a higher sales price than could be obtained if the Property were sold at a sheriff's sale to satisfy the Local Taxing Authorities' lien, or a marshal's sale to satisfy the federal tax liens.[5]

---

[4] Additionally, the second clause of Section 7403(d) empowers the Court to appoint a receiver with all the powers in equity for all aspects of a taxpayer's financial affairs while the case is pending upon certification by the Secretary or a delegate thereof that it is in the public interest to do so. Such broad relief is not being requested at this time, and instead, a receiver with all powers necessary to manage and sell the Property to satisfy the tax liens and other claims against it is being requested. As such, the United States does not believe that a certificate from the Secretary is required, but in order to avoid potential disputes concerning its right to the relief requested, the United States has included such a certificate with this Motion as Exhibit 1.

[5] Although the United States is willing to give a receiver a reasonable time to market and sell the Property, it reserves the right to ask the Court to terminate the receivership of the Property at some point in the future and order that the Property be auctioned off in a sheriff's or marshal's sale. Counsel for the Ad Valorem Taxing Authorities has expressed a similar position to counsel for the United States.

8.  Counsel for the United States has obtained marketing proposals from several potential receivers, and recommends that William Evans of the Grubb & Ellis Company be appointed the receiver contemplated by this motion. Mr. Evans and his company have extensive experience in selling real estate on a national and international level. Furthermore, if appointed in time, Mr. Evans has agreed to showcase the Property at a very large real estate trade show in Las Vegas, Nevada during the week of May 19, 2002.

9.  The procedures set forth in the attached proposed order are designed to preserve the parties' legitimate concerns over the appointment of a receiver for the Property by requiring that any sale proposed by the receiver be confirmed by the Court after an opportunity for objections, and by requiring the receiver to provide periodic status reports.

10. As noted in the Certificate of Conference, the relief sought in this motion is unopposed by all parties with the exception Legendary who had not yet taken any position as of the time this motion was filed.

### Prayer

For the reasons stated above, the United States prays that the Court enter the attached proposed order appointing William Evans, of the Grubb & Ellis Company, as receiver of the Property under Section 7403(d) for the purpose of enforcing the federal tax liens and other claims against it.

*[signature]*

**Andrew L. Sobotka**
Texas Bar No. 18819900
**Manuel P. Lena Jr.**
Texas Bar No. 12201255
Attorney, Tax Division
U. S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
214/880-9750 or 9721[9741fax]
Attorney for United States (IRS)

## Certificate of Conference

I hereby certify that I contacted counsel for the parties to discuss the relief sought in the foregoing motion.

**Larry Sherlock,** representing Grady F. Herold, Sr., Kathryn Louise Herold, Peggy L. Horn, Ruby L. Wells and Doris Jean Shannon ("the Estate"), **stated that his clients do not oppose the relief sought provided that his clients would have a right to object to any sale of the Property which did not fully satisfy all of the claims against it.**

**Kent Rider,** representing Cameron County, Texas, Laguna Madre Water District, Cameron County Emergency Services District, Southmost Union College District, Point Isabel Independent School District, Town of South Padre Island, and South Texas Independent School District ("Local Property Tax Authorities"), **did not oppose the relief sought provided that he could file a motion to terminate the receivership of the Property at some later date if the receiver's efforts were not productive.**

**David Randell,** representing the State of Texas, **did not oppose the relief sought.**

**David Garza,** representing Legendary, Inc., and Legendary SPI, Inc., **stated that he needed to confer with his clients, and therefore could not state a position.**

_____
Andrew L. Sobotka

## Certificate of Service

IT IS HEREBY CERTIFIED that service of the foregoing document has been made on April 17, 2002, by mailing a copy thereof to:

Larry Sherlock
Chamberlain Hrdlicka
1200 Smith Street, Suite 1400
Houston, TX 77002-4401
(713) 658-2553 (fax)

David C. Garza
Garza & Garza, LLP
P.O. Box 2025
680 East St. Charles, Suite 300
Brownsville, TX 78522
(956) 542-7403 (fax)

Kent M. Rider
Linebarger Heard
P.O. Box 17428
Austin, Texas 78760
(512) 443-3494 (fax)

David Randell
Asst. Attorney General
Bankruptcy & Collections Div.
P.O. Box 12548
Austin, Texas 78711-2548
(512) 482-8341 (fax)

_____
Andrew L. Sobotka



ALS-2001103998

DEPARTMENT OF JUSTICE
TAX DIVISION

APR 10 2002

RECEIVED

CIVIL TRIAL SECTION
SOUTHWESTERN REGION



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

COMMISSIONER
SMALL BUSINESS/SELF-EMPLOYED DIVISION

CERTIFICATE OF NECESSITY IN THE PUBLIC INTEREST FOR THE APPOINTMENT
OF A RECEIVER WITH EQUITY POWERS

The undersigned hereby certifies, pursuant to the provisions of 26 U.S.C. Sec. 7403(d), that it is in the public interest that a receiver, with all the powers of a receiver in equity, be appointed in <u>United States of America v. Grady F. Herold, Sr., et al.</u>, Civil No. B-01-053 (USDC SD Tex., Brownsville Div.), for the purpose of selling the real property interests of the Estate of Lillian A. Schwarz (particularly, the South Padre Island property) so as to satisfy the unpaid federal estate tax, interest and penalties.

Date: 4/8/02

JAMES P. COATES
Technical Support Group Manager
Compliance Services Area 10

State of Texas      )
County of Travis    )

Subscribed and sworn before me a notary public on April 8th, 2002.

NOTARY PUBLIC

MARIAN LACY
Notary Public, State of Texas
My Commission Expires
MARCH 7, 2004



GOVERNMENT EXHIBIT
1