IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 2 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>v.<br><br>GRADY F. HEROLD, SR., Individually and in his capacity as Independent Executor of the Estate of Lillian A. Schwarz (deceased); KATHRYN LOUISE HEROLD; RUBY L. WELLS; DORIS JEAN SHANNON; CAMERON COUNTY, TEXAS; LAGUNA MADRE WATER DISTRICT; CAMERON COUNTY EMERGENCY SERVICES; SOUTHMOST UNION JR. COLLEGE DISTRICT; POINT ISABEL I.S.D.; TOWN OF SOUGH PADRE ISLAND; SOUTH TEXAS I.S.D; CAMERON COUNTY APPRAISAL DISTRICT; STATE OF TEXAS; AND LEGENDARY, INC.<br>Defendants | § § § § § § § § § § § § § § § § § § § § | CIVIL NO. B-01-053 |

## RESPONSE OF LEGENDARY, INC. IN OPPOSITION TO THE UNITED STATES' MOTION TO APPOINT A SECTION 7403 (d) RECEIVER TO SELL PROPERTY

NOW COMES, LEGENDARY, INC., Defendant and files this Response In Opposition to the United States' Motion To Appoint A Section 7403(d) Receiver To Sell Property and in support of said opposition would show the Court the following:

LEGENDARY, INC. received by fax on or about April 17, 2002, the United States' Motion for Appointment of a Section 7403(d) Receiver. The Defendant LEGENDARY, INC. is filing this Response In Opposition within the twenty (20) days allowed for opposed motions under Local Rule 7.3 of the Civil Rules of the Southern District of

RESPONSE OF LEGENDARY, INC. IN OPPOSITION
TO THE UNITED STATES' MOTION TO APPOINT A
SECTION 7403 (d) RECEIVER TO SELL PROPERTY                           Page 1

c:\dcs\cl\Legendary\Response-in-opposition

Texas. For its grounds in opposition to said motion filed by the United States, the Defendant LEGENDARY, INC. would show as follows:

1) That the property which is the subject of this action (the "Property") is the subject of a Purchase and Sale Agreement dated November, 2001 between the Estate of Lillian A. Schwarz as Seller ("Seller") and Legendary SPI, Inc., a Florida corporation ("Purchaser") (which Agreement is referred to as the "Purchase Agreement").

2) That under the terms of the Purchase Agreement, Purchaser was provided a certain due diligence period in order to determine whether the appropriate permitting could be obtained and the necessary environmental requirements complied with in order for the Property to have a value equal to that set forth in the Purchase Agreement, or $5.5 million (the "Agreement Purchase Price").

3) That Purchaser believes that unless that due diligence is completed, the value of the Property will be substantially less than that of the Agreement Purchase Price and any buyer of the Property will take the Property subject to substantial risks as to the ability to develop the Property due to environmental and permitting concerns.

4) That if a receiver is appointed to sell the Property, that receiver will be acting in violation of the rights of Purchaser, which has an enforceable interest in the Property pursuant to the Purchase Agreement, as acknowledged by the United States, which named the Purchaser as a Defendant in this foreclosure action.

5) That the Purchase Agreement has been made known to the United States since shortly after the Purchase Agreement was entered into between the Purchaser and the Seller.

6) That the most appropriate way to obtain fair value for the Property is pursuant to the Purchase Agreement, which, when closed, provides sufficient funds to satisfy the lien of the United States, other liens on the Property and to provide funds to the Seller.

7) That permitting the United States to obtain a receiver prior to the conclusion of its foreclosure action would be the equivalent of foreclosing out the interests of the Purchaser under the Purchase Agreement, denying the Purchaser the due process which would be afforded to the Purchaser through the trial of the foreclosure cause of action sought by the United States in this action.

RESPONSE OF LEGENDARY, INC. IN OPPOSITION
TO THE UNITED STATES' MOTION TO APPOINT A
SECTION 7403 (d) RECEIVER TO SELL PROPERTY                                                                 Page 2

c:\dcg\cl\Legendary\Response-in-opposition

8) That the action of the Purchaser in carrying out its due diligence activities and in seeking permits pursuant to the Purchase Agreement will increase the value of the Property and therefore increase the probability that all parties with an interest in the Property will be paid the true value of their interests.

9) By contrast, the appointment of a Receiver to sell the Property at this time would result in a reduction in the value of the Property and therefore the termination of the legitimate economic interest in the Property of the Purchaser and the Seller.

10) That Purchaser is about to expend in excess of $630,000 in purchasing the liens held by Cameron County and the Point Isabel Independent School District against the Property, which liens (the "Ad Valorem Tax Liens") have priority over the liens of the United States against the Property. The purchaser should be wire transferring the monies to purchase the Ad Valorem Tax Liens out on or about April 23, 2002, to the attorney for the Taxing Entities. It is understood that the necessary documents for the purchase and transfer of said liens have been signed and are being delivered to the attorney for the Taxing Entities.

11) That Purchaser, in its capacity as the holder of the Ad Valorem Tax Liens, also objects to the efforts of the United States to obtain a receiver to sell the Property on the basis that such action will not result in obtaining the best price for the Property but in fact will be injurious to the economic interests of all parties to this action.

12) That far from the interests of the United States being eroded during the term of the due diligence period, the interests of the United States are indeed enhanced, as the activity of the Purchaser in completing due diligence and obtaining permitting for the Property will result in a higher value for the Property and a higher probability of the United States being paid the funds which it claims it is owed in this action.

13) That because Purchaser will shortly be the holder of the Ad Valorem Tax Liens and will have stepped into the shoes of the ad Valorem taxing authorities in their foreclosure action as to the Property, Purchaser is in a position to voluntarily forebear pursuing the foreclosure of the Ad Valorem Tax Liens pending satisfaction of its due diligence requirements pursuant to the Purchase Agreement, and is willing to agree to such a forbearance with respect to the Ad Valorem Tax Liens if the United States is

RESPONSE OF LEGENDARY, INC. IN OPPOSITION
TO THE UNITED STATES' MOTION TO APPOINT A
SECTION 7403 (d) RECEIVER TO SELL PROPERTY                                    Page 3

c:\dcg\cl\Legendary\Response-in-opposition

similarly willing to forbear in pursuing its foreclosure action in the instant case to permit the Purchaser to generate the maximum value for the Property. Accordingly, it is within the power of the United States to eliminate the risk of its lien being foreclosed out through the foreclosure of the Ad Valorem Tax Liens with priority of that over the United States merely by virtue of entering into a mutual forbearance agreement. Therefore, it is not necessary to appoint a receiver to sell the Property in order to protect the interests of the United States from being foreclosed out through a foreclosure of the Ad Valorem Tax Liens.

14) The appointment of a receiver to sell the Property without first foreclosing out the interests of the Purchaser raises a substantial question as to the asset which the receiver would have the power to sell, as the Property, prior to successfully foreclosing out the interests of the Purchaser under the Purchase Agreement, is encumbered by the rights of the Purchaser and any third party buyer of the Property would take subject to those rights until such time as those rights, if ever, were foreclosed out through the actions of the United States. Thus, prior to the completion of the foreclosure by the United States, the value of the Property is further diminished by the existence of the cloud on the title created by both the Purchaser's rights under the Purchase Agreement and the Ad Valorem Tax Liens, which are also in foreclosure.

In short, the actions of the United States in seeking a receiver to sell the Property are premature, contrary to the interests of the Purchaser, the owner of the Property, the holder of the Ad Valorem Tax Liens and, indeed, the interests of the United States itself and should not be permitted unless and until the United States has indeed foreclosed out the interests of all other parties in the Property.

WHEREFORE, PREMISES CONSIDERED, the Defendant LEGENDARY, INC. respectfully requests the Court to deny the United States' Motion for appointment of a receiver pursuant to Section 7403(d) and for any other relief to which LEGENDARY, INC. may show itself entitled.

Respectfully submitted,
LEGENDARY, INC.

By: _____
DAVID C. GARZA

RESPONSE OF LEGENDARY, INC. IN OPPOSITION
TO THE UNITED STATES' MOTION TO APPOINT A
SECTION 7403 (d) RECEIVER TO SELL PROPERTY                Page 4

c:\dcg\cf\Legendary\Response-in-opposition

Federal Admission No. 3778
Texas Bar No. 07731400
GARZA & GARZA, L.L.P.
P.O. Box 2025
680 East St. Charles, Suite 300
Brownsville, Texas 78522
Phone: (956) 541-4914
Fax:   (956) 542-7403
*ATTORNEY-IN-CHARGE FOR DEFENDANT LEGENDARY, INC.*

### Certificate of Service

I, David C. Garza, do hereby certify that a true copy of the foregoing Response of Defendant LEGENDARY, INC. to the United States' Motion to Appoint a Section 7403(d) Receiver to Sell Property has been sent both Via Certified U.S. Mail, return receipt requested and Via Fax on this 22nd day of April, 2002 to the following:

| | |
|---|---|
| Manuel P. Lena, Jr.<br>Andrew Sobotka<br>U.S. Department of Justice<br>   Tax Division<br>717 North Harwood, Suite 400<br>Dallas, Texas 75201 | *CERTIFIED MAIL/RRR*<br>*NO. 7000 1670 0005 7134 0061*<br>*And Via Fax (214) 880-9741* |
| David Randell, Asst. Attorney General<br>Office of the Attorney General of<br>   The State of Texas<br>Bankruptcy & Collections Division<br>P.O. Box 12548<br>Austin, Texas 78711-2548 | *CERTIFIED MAIL/RRR*<br>*NO. 7099 3220 0005 4630 7492*<br>*And Via Fax (512) 482- 8341* |
| Larry Sherlock<br>Chamberlain Hrdlicka White<br>WILLIAM & MARTIN, APPC<br>1200 Smith Street, Suite 1400<br>Houston, Texas 77002-4401 | *CERTIFIED MAIL/RRR*<br>*NO. 7099 3220 0001 2246 9590*<br>*And Via Fax (713) 658- 2553* |
| Kent M. Rider<br>LINEBARGER, HEARD, GOGGAN<br>   BLAIR, GRAHAM, PEÑA & SAMPSON<br>P.O. Box 17428<br>Austin, Texas 78760 | *CERTIFIED MAIL/RRR*<br>*NO. 7099 3220 0001 2246 9606*<br>*And Via Fax (512) 443- 3494* |

_____
DAVID C. GARZA

RESPONSE OF LEGENDARY, INC. IN OPPOSITION
TO THE UNITED STATES' MOTION TO APPOINT A
SECTION 7403 (d) RECEIVER TO SELL PROPERTY

Page 5

c:\dcg\cl\Legendary\Response-in-opposition