IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 5 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| Plaintiff § | |
| v. § | CIVIL NO. B-01-053 |
| GRADY F. HEROLD, SR., Individually and in his § | |
| capacity as Independent Executor of the Estate of § | |
| Lillian A. Schwarz(deceased);KATHRYN LOUISE § | |
| HEROLD; PEGGY L. HORN (a/k/a Peggy L. Horn § | |
| Birch); RUBY L. WELLS; DORIS JEAN § | |
| SHANNON; CAMERON COUNTY, TEXAS; § | |
| LAGUNA MADRE WATER DISTRICT; § | |
| CAMERON COUNTY EMERGENCY SERVICES;§ | |
| SOUTHMOST UNION JR. COLLEGE DISTRICT; § | |
| POINT ISABEL I.S.D.; TOWN OF SOUTH § | |
| PADRE ISLAND; SOUTH TEXAS I.S.D.; § | |
| STATE OF TEXAS; LEGENDARY, INC.; § | |
| LEGENDARY SPI, INC., **and** § | |
| **LEGENDARY SPI, LTD.**, § | |
| Defendants. § | |

UNITED STATES' SECOND[1] AMENDED COMPLAINT

The Plaintiff, United States of America, pursuant to 26 U.S.C. §§ 7401, 7403, and 7404, at the direction of the Attorney General of the United States, as authorized and requested by Chief Counsel, Internal Revenue Service, a delegate of the Secretary of the Treasury, complains against defendants as follows:

1. The United States seeks to foreclose its federal tax liens against, and to enforce a deed of trust on, two tracts of real property in which the Estate of Lillian A. Schwarz has an interest. The real property is located on South Padre Island, Cameron County, Texas. Tract I (the

---

[1] The only difference between this Second Amended Complaint and the First Amended Complaint, is the addition of Legendary SPI, Ltd., as a party due to its recent purchase of the liens previously held by the various ad valorem taxing authorities as set forth in paragraph 11 below.

"Beach Property") consists of approximately 13.5 acres of beachfront property facing the Gulf of Mexico and located on the 300 block of Padre Blvd., South Padre Island, Texas, immediately adjacent to the Sheraton hotel.[2] Tract II (the "Bayside Property") consists of approximately 9.95 acres of Laguna Madre waterfront property located south of the Queen Isabella Causeway (Hwy. 100) where the causeway enters South Padre Island.[3] Tracts I and II are hereafter referred to collectively as "the Property."

2. The federal tax liens and the deed of trust held by the IRS are being foreclosed and enforced against the Property in order to satisfy the unpaid federal estate tax liability of the Estate of Lillian A. Schwarz in the amount of $4,486,186.37 (as of May 31, 2001), plus additional statutory interest and additions as allowed by law.

3. This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7403 and 7404.

4. Venue is proper in this Court under 28 U.S.C. §§ 1391, 1392, and 1396 because the Property is located in Cameron County, Texas.

5. Defendant, Grady F. Herold, Sr., is named herein as a defendant because he is the Independent Executor of the Estate of Lillian A. Schwarz and record title holder of the Property. Mr. Herold is also named herein as a defendant in his individual capacity because he is the son-in-law of Lillian A. Schwarz and may have an equitable interest in the Property.

6. Kathryn L. Herold, Peggy L. Horn, Ruby L. Wells, and Doris J. Shannon, are named as defendants herein because they are the heirs of Lillian A. Schwarz and by operation of law on her death obtained an equitable interest in the Property, and to the extent that they hold

---

[2] The Beach Property, more particularly described as Tract I in Exhibit A, attached hereto and incorporated herein, has approximately 500' of beach frontage and 300' of road frontage.

[3] The Bayside Property is more specifically described as Tract II in the attached Exhibit A.

any other interest in the Property.

7. Cameron County, Texas; the Laguna Madre Water District; the Cameron County Emergency Services; Southmost Union Jr. College District; the Point Isabel Independent School District; the Town of South Padre Island; and the South Texas Independent School District, are named as defendants herein to the extent they assert liens against the Property based on ad valorem taxes or otherwise, and to the extent that they hold any other interest in the Property.

8. The State of Texas is named as a defendant herein because it holds a lien against the Property for unpaid state inheritance taxes, and to the extent that it holds any other interest in the Property.

9. Legendary, Inc., is named as a defendant herein to the extent it holds an interest in the Property under a putative real estate contract, dated November 20, 2000, and to the extent that it holds any other interest in the Property.

10. Legendary SPI, Inc., is named as a defendant because it has entered into a Purchase and Sale Agreement dated November 16, 2001, with the Estate which may give Legendary SPI, Inc., an interest in the Property.

11. **Legendary SPI, Ltd., is named as a defendant because on April 17, 2002, it purchased the 1996 through 2001 tax liens of the ad valorem taxing authorities for $629,823.51, and is now the holder of those liens.**

The Federal Tax Liabilities & the Government's Interest in the Property

12. On or about July 7, 1986, the Internal Revenue Service assessed the taxes shown as due on a Federal Estate Tax return filed by the Estate of Lillian A. Schwarz. As of May 31,

2001, the total amount of unpaid tax, penalty and interest owed will be $4,486,186.37. Additional statutory interest, additions and penalties will continue to accrue on said balance until said liability has been paid in full.

13. Pursuant to 26 U.S.C. § 6321, and as a result of the foregoing assessments against the Estate of Lillian A. Schwarz, a statutory lien in favor of the United States arose on the date of assessment.

14. The federal tax liens described above attached to all of the Estate's property and rights to property on the date of such assessments and continued to attach to any property or rights to property acquired after the liens arose. Thus, the federal tax liens attached to the interests held by and through the Estate of Lillian A. Schwarz in the Property at issue here.

15. The IRS issued notice and demand for payment of the unpaid federal estate taxes upon the Estate of Lillian A. Schwarz.

16. On or about, September 21, 1992, August 19, 1996, and February 21, 2001, the Internal Revenue Service properly filed notices of its federal tax liens against the Estate of Lillian A. Schwarz in the Cameron County real property records.

17. The Estate of Lillian A. Schwarz does not contest the validity of the IRS liens or the underlying federal estate tax liability.

18. Accordingly, on August 17, 1995, the Estate of Lillian A. Schwarz and all of the heirs executed a deed of trust ("Deed of Trust") in favor of the United States (IRS) as to the Property at issue here.

19. On August 18, 1995, the Deed of Trust was recorded in the real property records of Cameron County, Hildago County, and Chambers County, Texas.

20. Also, on August 17, 1995, the State of Texas entered into a subordination

agreement with the United States ("Subordination Agreement") wherein the State of Texas agreed that its liens for unpaid state death taxes filed in Cameron, Hildago and Chambers Counties, on August 6, 1986 and August 14, 1986, were subordinate to the above described federal tax liens and Deed of Trust.

21. The State of Texas further agreed that its liens would remain subordinate to the above described federal tax liens and Deed of Trust "regardless of the frequency or manner of renewal, extension, change, or alteration of the Indebtedness secured thereby."

22. On August 18, 1995, the Subordination Agreement was recorded in the property records of Cameron County.

23. The Deed of Trust was subsequently modified by an agreement dated August 24, 1997 ("Modification Agreement"), and eventually signed by the IRS on September 29, 1997.

24. On October 13, 1997, the Modification Agreement was recorded in the Cameron County property records.

### Enforcement and Foreclosure of IRS Tax Liens and Deed of Trust

25. To date, despite notice and demand for payment, the Estate of Lillian A. Schwarz, has failed, neglected, or refused to pay the above described assessments, plus statutory interest and additions allowed by law.

26. The statute of limitations to collect the above described liability was suspended or extended several times by the Estate of Lillian A. Schwarz, and remains open as of the date this suit is filed.

27. Consequently, the United States seeks the enforcement of the above described federal tax liens and Deed of Trust against the Property, through the foreclosure and/or sale of

such Property, in accordance with the law, including but not limited to, 26 U.S.C. § 7506 and 28 U.S.C. § 2001, and the distribution of such sale proceeds in accordance with the findings of the Court and the rights of the parties as herein determined.

28.     Alternatively, in the event that the Property is sold before the United States is permitted to foreclose its liens, and the federal taxes are not paid from the sale of the Property, the United States further seeks to foreclose its tax liens on the Estate's right to the proceeds of such sale, on the Estate's rights in the November 16, 2001, Purchase and Sale Agreement, or on any other rights the Estate may have with respect to the Property or the sale of the Property, including any redemption rights.

## Prayer

WHEREFORE, the United States requests that the Court foreclose the federal tax liens and the deed of trust against the Property, that the Property be sold, that the proceeds of the sale, after payment of the costs of the sale, to the extent of the estate tax liability, be distributed to the United States, that the excess proceeds, if any, be distributed to the other defendants based upon their priority of interest therein. Alternatively, the United States prays for the foreclosure of its tax liens on any other rights the Estate may have with respect to the Property, including any proceeds from the sale of the Property, rights under the November 16, 2001, Purchase and Sale Agreement, or redemption rights. Finally, the United States prays that it be granted such other and further relief, at law or equity, to which it may be justly entitled, including its fees and costs of this litigation.

_____
**Andrew L. Sobotka**
Texas Bar No. 18819900
**Manuel P. Lena Jr.**
Texas Bar No. 12201255
Attorneys, Tax Division
U. S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
214/880-9721[9741fax]

Attorneys for United States

## Certificate of Service

       IT IS HEREBY CERTIFIED that service of the foregoing document has been made on May 14, 2002, by mailing a copy thereof to:

| | |
|---|---|
| Larry Sherlock<br>Chamberlain Hrdlicka<br>1200 Smith Street, Suite 1400<br>Houston, TX 77002-4401 | Kent M. Rider<br>Linebarger Heard<br>P.O. Box 17428<br>Austin, Texas 78760 |
| David C. Garza<br>Garza & Garza, LLP<br>P.O. Box 2025<br>680 East St. Charles, Suite 300<br>Brownsville, TX 78522 | David Randell<br>Asst. Attorney General<br>Bankruptcy & Collections Div.<br>P.O. Box 12548<br>Austin, Texas 78711-2548 |

                                    */s/ Andrew Sobotka*
                                  Andrew L. Sobotka