

**IN THE UNITED STATES DISTRICT COURT FOR THE** United States District Court
Southern District of Texas
FILED

**SOUTHERN DISTRICT OF TEXAS**

MAY 1 6 2002

**BROWNSVILLE DIVISION**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff | § | |
| v. | § | CIVIL NO. B-01-053 |
| GRADY F. HEROLD, SR., et al., | § | |
| Defendants | § | |

### <u>Joint Pretrial Order</u>

By and through their respective attorneys of record, the United States of America

("United States"), Grady F. Herold, Sr., Kathryn Louise Herold, Peggy L. Horn, Ruby L. Wells

and Doris Jean Shannon ( "the Estate"), Cameron County, Texas, Laguna Madre Water District,

Cameron County Emergency Services District, Southmost Union College District, Point Isabel

Independent School District, Town of South Padre Island, and South Texas Independent School

District ("the Local Property Tax Authorities"), the State of Texas ( "the State"), Legendary Inc.,

Legendary, SPI, Inc., and Legendary SPI, Ltd., ("Legendary") submit the following Joint Pretrial

Order.

1.     **<u>Appearance of Counsel</u>**

      A.     The United States of America

          Counsel:     Andrew L. Sobotka
                         Manuel P. Lena Jr.
                         U. S. Department of Justice
                         717 N. Harwood, Suite 400
                         Dallas, Texas 75201
                         (214) 880-9736 / (214) 880-9750
                         (214) 880-9741 (fax)

B.    The Estate of Lillian A. Schwarz, Grady F. Herold, Sr., Kathryn Louise Herold, Peggy L. Horn, Ruby L. Wells and Doris Jean Shannon

        Counsel:       Linda Paine
                       Larry Sherlock
                       Chamberlain, Hrdlicka, White, Williams & Martin
                       1200 Smith Street, Suite 1400
                       Houston, TX 77002-4401
                       (713) 658-1818
                       (713) 658-2553 (fax)

C.    Cameron County, Texas, Laguna Madre Water District, Cameron County Emergency Services District, Southmost Union College District, Point Isabel Independent School District, Town of South Padre Island, and South Texas Independent School District

        Counsel:       Kent M. Rider
                       Linebarger, Heard, Goggan, Blair, Graham, Pena & Sampson
                       P.O. Box 17428
                       Austin, Texas 78760
                       (512) 447-6675
                       (512) 443-3494 (fax)

D.    The State of Texas

        Counsel:       David Randell
                       Asst. Attorney General
                       Bankruptcy & Collections Div.
                       P.O. Box 12548
                       Austin, Texas 78711-2548
                       (512) 463-2173
                       (512) 482-8341(fax)

E.    Legendary, Inc., Legendary SPI, Inc., and Legendary, SPI, Ltd.

        Counsel:       David C. Garza
                       Garza & Garza, LLP
                       P.O. Box 2025
                       680 East St. Charles, Suite 300
                       Brownsville, TX 78522
                       (956) 541-4914
                       (956) 542-7403 (fax)

2.    **Statement of the Case**

This is a suit by the United States to foreclose its federal tax liens and/or deeds of trust against two tracts of real property located on South Padre Island, Texas, in which the Estate of Lillian A. Schwarz has an interest. The suit was brought to satisfy the tax liabilities owed by the Estate to the United States. All parties with an interest in the Property have been named as defendants. Those defendants include, the executor and heirs of the Estate on account of their interest in the Property; all local ad valorem property taxing authorities on account of liens for unpaid property taxes; the State of Texas on account of a lien for state inheritance taxes; and Legendary, Inc., on account of its contracts to purchase the Property and its eventual acquisition of the ad valorem tax liens. Several defendants have filed counterclaims for enforcement of their liens. To date, the Estate has reached agreements or stipulations with the ad valorem taxing authorities, the United States and the State of Texas concerning the amounts of liability owed by the Estate to each of these creditors. Legendary SPI, Ltd., has recently acquired the liens of the ad valorem tax authorities. The Ad Valorem Taxing Authorities have moved to dismiss their claims.

3.    **Jurisdiction**

This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7401, 7403 and 7404. There are no unresolved jurisdictional issues.

4.    **Motions**

The United States' Motion for Appointment of a Receiver is pending which is opposed by Legendary.

The United States' Unopposed Motion to Add Legendary SPI, Ltd., and to File Second Amended Complaint is pending.

The Ad Valorem Taxing Authorities' Motion to Dismiss their claims is pending.

5.    **Contentions of the Parties**

The United States:

The United States contends that all issues of liability have been resolved through stipulations among the parties and that all parties agree the South Padre Island property should be sold to satisfy the liabilities. The only issue remaining to be determined is how the property should be sold. The United States contends that it has been working with the Estate for approximately 16 years to satisfy this liability only to be met with constant delays and inaction by the Estate. The United States further contends that waiting for almost another year for the pending contract for the sale of the Property to Legendary, Inc., or its related entities, Legendary, SPI, Inc., or Legendary, SPI, Ltd., to close is completely unreasonable

and prejudicial to the United States. Legendary, and its related entities have already failed to comply with the requirements and time frames of the two contracts they entered into for the purchase of this Property. Yet, they have been allowed to tie up the Property for almost 2 years without putting up any deposit or taking any risk. At the same time, the equity in the Property for the United States' lien, the State of Texas' lien, and that of the Estate and Heirs, is rapidly being eroded by the continual accrual of interest owed on the first liens arising out of unpaid property taxes from 1996 through 2001. Moreover, it appears that the sale to Legendary will not close before the 2002 property taxes fall due, thus further eroding the positions of the United States and the State of Texas. The equity in the Property which would otherwise be available for the State of Texas, the Estate and Heirs, will also have been eroded by the accrual of additional interest owed to the United States on its claim for approximately 2.7 million dollars during that one year period. Finally, there has been at least one offer to purchase the Property on a much shorter time frame, with a sales price that would be sufficient to satisfy all claims against the Property, as well as fully pay the federal and state tax liabilities, so that the Estate would be free to retain its other assets. On the other hand, if Legendary and its related entities are given another year to decide whether they want the Property, and then decide not to close for what ever reason, it is very likely there would no longer be sufficient equity in the Property to satisfy the continually growing claims of the United States and the State of Texas. In such, case, the United States and/or the State of Texas would be forced to foreclose on the Estate's other property. A protective suit designed to do exactly that was file earlier this year (Case No. B -02-015), and in such case, it is likely that there would be nothing left over for the Estate or the Heirs.

Accordingly, the United States contends that its motion for the appointment of a receiver to enforce the tax lien by selling the property at a private sale should be granted. The appointment of a receiver would not prevent Legendary from purchasing the Property on a more suitable time fame with different terms, but at the same time, would allow the consideration of other offers.

Alternatively, the United States is entitled to immediately foreclose its tax lien or deed of trust in accordance with 28 U.S.C. § 2001.

The Estate and Heirs:

**Defendants, Estate of Lillian Schwarz, Grady Herold, Kathryn Herold, Peggy Horn, Ruby Wells and Doris Shannon ("The Estate and Heirs")** - The Estate and Heirs contend that all issues of liability have been resolved through stipulations among the parties and that all parties agree the South Padre Island property should be sold to satisfy the liabilities. The only issue remaining to be determined is how the property should be sold to best realize its value for all involved. On this issue the Estate and Heirs contend that no foreclosure should be allowed to go forward at this point because a private sale will far better serve the interests of the parties. The Estate and Heirs also contend that the current contract

between the Estate and Legendary yields the highest value for the property and should be allowed to proceed to closing. In the alternative, the Legendary contract should only be replaced with a contract, through a receiver or otherwise, of equal value.

The Ad Valorem Taxing Authorities:

The Ad Valorem Taxing Authorities have moved to dismiss their claims for taxes arising out of 1996 through 2001, but have liens for the 2002 property taxes which are not yet due.

The State of Texas:

The State contends that all issues of liability have been resolved through stipulations. The State favors appointment of a receiver.

Legendary, Inc., Legendary SPI, Inc., and Legendary SPI, Ltd.:

LEGENDARY asserts that no foreclosure by the United States should take place at this time. There should be no appointment of receiver. There should be a forbearance by the Government until the due diligence period for LEGENDARY under its contract of November, 2001 can be completed. In connection with this LEGENDARY will show it is necessary for a due diligence period in order to determine whether the appropriate permitting can be obtained and the necessary environmental requirements complied with in order for the property to have a value equal to that set forth in the contract of November, 2001. Due diligence activities and seeking permits will increase the value of the property and therefore, increase the probability that all parties with an interest in the Property will be paid or receive the true value of their interests.

6.    **Admissions of Fact**

1.    Lillian A. Schwarz died on August 24, 1985. At the time of her death, Lillian A. Schwarz owned, among other things, two tracts of real property located on South Padre Island, Cameron County, Texas. Tract I (the "Beach Property") consists of approximately 13.5 acres of beachfront property facing the Gulf of Mexico and located on the 300 block of Padre Blvd., South Padre Island, Texas, immediately adjacent to the Sheraton hotel. Tract II (the "Bayside Property") consists of approximately 9.95 acres of Laguna Madre waterfront property located south of the Queen Isabella Causeway (Hwy. 100) where the causeway enters South Padre Island. Tracts I and II are hereafter referred to collectively as "the Property," and their legal descriptions are attached as Exhibit A.

2.    Grady F. Herold, Sr., was appointed as the independent executor for the Estate of Lillian A. Schwarz (the Estate).

3.    The state inheritance tax owed by the Estate was due on May 24, 1986.

4.      On May 29, 1986, the Estate filed its Form 706 Federal Estate Tax Return.

5.      On July 7, 1986, the Internal Revenue Service assessed the taxes shown as due on a Federal Estate Tax return filed by the Estate of Lillian A. Schwarz. On the same day, the IRS issued notice and demand for payment of the unpaid federal estate taxes upon the Estate of Lillian A. Schwarz.

6.      After this suit was filed, the Estate and the United States entered into a settlement agreement and a Stipulation of Settled Issues between the Estate and the United States which among, other things, fixed the total amount of federal estate tax, penalty and interest at $2,763,920 as of December 31, 2001, with additional increases and decreases on this figure to be determined as set forth below:

> A.      The $2,763,920 amount will be increased by the accrual of statutory interest after December 31, 2001, and decreased by the agreed upon deduction for such interest set forth below under paragraph B ("the Stipulated Liability"). This Stipulated Liability is the total of all liens of the United States against any and all property of the Estate.

> B.      The Estate and Heirs are not entitled to any further deductions under I.R.C. Section 2053 against the Stipulated Liability, except that the Estate is entitled to a Section 2053 deduction for 50% of all federal interest accruing on the Stipulated Liability after December 31, 2001.

7.      Also, after this suit was filed, the State of Texas and the Estate entered into a Stipulation of Settled Issues Between the State of Texas and the Estate of Lillian A. Schwarz which, among other things, fixed the total amount of state inheritance tax, penalties and interest at $763,175.28 as of April 1, 2002, with additional interest accruing at $99.16 per day, subject to a concomitant reduction should the federal estate tax liability stated above be reduced.

8.      The State of Texas holds a valid lien against the Property for unpaid state inheritance taxes described in paragraph 7. Said lien was filed on or about August 11, 1986 at Volume 82, page 378 of the Deed Records of Cameron County. The state inheritance tax lien attached to the Property on the date the lien was filed.

9.      The United States also holds a valid federal tax lien against the Property for the amount of the Stipulated Liability described above in paragraph 6. This lien arose on the date of the assessment, July 7, 1986, and a notice of this lien filed on or about, September 21, 1992, August 19, 1996, and February 21, 2001, in the Cameron County real property records.

10.     Additionally, on August 17, 1995, the Estate and all of the heirs executed a deed of trust ("Deed of Trust") in favor of the United States (IRS) as to the Property at issue here. On August 18, 1995, the Deed of Trust was recorded in the real property records of Cameron County, Texas. This is valid as against the Property in the amount of the Stipulated Liability to the United States described above in paragraph 6.

11.    Also, on August 17, 1995, the State of Texas entered into a subordination agreement with the United States ("Subordination Agreement") wherein the State of Texas agreed that its liens for unpaid state inheritance taxes filed in Cameron County, Texas were subordinate to the federal tax liens and Deed of Trust.

12.    The State of Texas further agreed that its liens would remain subordinate to the federal tax liens and Deed of Trust "regardless of the frequency or manner of renewal, extension, change, or alteration of the Indebtedness secured thereby." On August 18, 1995, the Subordination Agreement was recorded in the property records of Cameron County.

13.    The Deed of Trust was subsequently modified by an agreement dated August 24, 1997 ("Modification Agreement"), and eventually signed by the IRS on September 29, 1997. October 13, 1997, the Modification Agreement was recorded in the Cameron County property records.

14.    The respective federal and state statutes of limitation for collection of the federal estate tax and the state inheritance tax were open at the time this suit was filed.

15.    Defendant, Grady F. Herold, Sr., is the Independent Executor of the Estate of Lillian A. Schwarz and record title holder of the Property.

16.    Kathryn L. Herold, Peggy L. Horn, Ruby L. Wells, and Doris J. Shannon, are the heirs of Lillian A. Schwarz (the Heirs) and by operation of law on her death obtained an equitable interest in the Property.

17.    Cameron County, Texas; the Laguna Madre Water District; the Cameron County Emergency Services; Southmost Union Jr. College District; the Point Isabel Independent School District; the Town of South Padre Island; the South Texas Independent School District; and the Cameron County Appraisal District, are ad valorem taxing authorities (hereafter Ad Valorem Taxing Authorities) who were named as defendants because they held a first lien against the Property for ad valorem taxes arising out of tax years 1996 through 2000. However, on April 17, 2002, the ad valorem tax liens for 1996 through 2001 were transferred to Legendary SPI, Ltd. The Transfer of Tax Lien document was filed of record in the official public records of Cameron County on April 25, 2002, as document number 00022326.

18.    Legendary, Inc., (hereafter "Legendary") was named as a defendant because on November 20, 2000, it signed a real estate contract to purchase the Property from the Estate. The deposit contemplated by the November 20, 2000, contract was never made, and the contract did not close as scheduled. Currently, Legendary has no lien interest in the Property, and other than a possible unsecured contract interest arising from the purported November 20, 2000, contract, Legendary has no other interest in the Property.

19.    On November 16, 2001, an entity related to Legendary, known as Legendary, SPI, Inc. (hereafter "SPI, Inc."), entered into a second contract with the Estate for the purchase of the Property. This contract contemplated that SPI, Inc., would purchase the liens of the Ad Valorem Taxing Authorities within 45 days of the contract being signed. SPI, Inc., did not purchase the

Ad Valorem Taxing Authorities' liens, and currently does not hold any lien against the Property. Instead, on April 17, 2002, another entity which is related to Legendary and to SPI, Inc., known as Legendary, SPI, Ltd. (hereafter "SPI Ltd.") purchased the Ad Valorem Taxing Authorities' liens for the 1996 through 2001 tax years and paid the Ad Valorem Taxing Authorities a total of $629,823.51.

    20.    The parties' claims against the Property rank in the following priority:

        A.    First, for ad valorem taxes, including:

            i.    although not yet due, any liens of the Ad Valorem Taxing Authorities arising out of 2002 should the Property be sold after they come due and their payment not be made as part of the sale; and

            ii.    the liens purchased by Legendary SPI, Ltd., from the Ad Valorem Taxing Authorities on April 17, 2002, in the amount of $629,823.51, plus interest at 8% per year accruing after April 17, 2002;

        B.    Second, the United States' federal tax lien and deeds of trust in the amount of the Stipulated Liability described above in paragraph 6;

        C.    Third, the liens of the State of Texas in the amount described above in paragraph 7; and

        D.    Fourth, the Estate and the Heirs.

**7.**    **Contested Issues of Fact**

        A.    Whether the United States is entitled to foreclosure of its federal tax liens against the Property?

        B.    Whether the United States is entitled to foreclosure of its deeds of trust against the Property?

        C.    Whether the State of Texas is entitled to foreclosure of its liens against the Property?

        D.    How should the Property be sold or auctioned in order to satisfy the liens against it and claims to it?

        E.    Whether a receiver should be appointed to enforce the federal tax liens against the Property.

8.    **Agreed Propositions of Law**

9.    **Contested Propositions of Law**

10.    **Exhibits**

 Four copies of the United States' Exhibit List are attached.
 Four copies of the Grady F. Herold Sr.'s Exhibit List are attached.
 Legendary will file an Exhibit List separately.

11.    **Witnesses**

 Four copies of the United States' Witness List are attached.
 Four copies of the Grady F. Herold Sr.'s Witness List are attached.
 Legendary will file a Witness List Separately.

12.    **Settlements**

 Partial settlements or stipulations have been reached between several of the parties, however, the parties have not been able to reach a complete agreement on the manner in which the Property is to be sold in order to satisfy the claims against it. Settlement efforts on this remaining issue have been exhausted and a trial will be necessary.

13.    **Trial**

 The case will be tried to the Court and without a jury. Although the Estate and Heirs initially demanded a jury, the issues on which they desired a jury have been stipulated or settled, leaving only issues for which a jury is not available.

 The parties estimate that trial will take one day or less.

14.    **Attachments**

 A copy of the United States' Proposed Findings of Fact and Conclusions of Law is attached.


_____  Date: _____
United States District Judge

Approved:

_Kent Rider with permission_
_by Andrew Sobotka_
_18819900_
Kent M. Rider
State Bar No. 16896000
Southern Dist. No. 13883
Linebarger, Heard, Goggan, Blair, Graham,
Pena & Sampson
P.O. Box 17428
Austin, Texas 78760
(512) 447-6675
(512) 443-3494 (fax)
        Attorney Cameron County, Texas,
Laguna Madre Water District, Cameron
County Emergency Services District,
Southmost Union College District, Point
Isabel Independent School District, Town of
South Padre Island, and South Texas
Independent School District.

_Andrew Sobotka_
Andrew L. Sobotka
Texas Bar No. 18819900
Manuel P. Lena Jr.
Texas Bar No. 12201255
Attorneys, Tax Division
U. S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9736 / (214) 880-9750
(214) 880-9741 (fax)
        Attorneys for United States

_David Randell with permission_
_by Andrew Sobotka_
_18819900_
David Randell
State Bar No. 16532400
Southern Dist. No. 1638
Asst. Attorney General
Bankruptcy & Collections Div.
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2173
(512) 482-8341(fax)
        Attorney for State of Texas

_Larry Sherlock with permission_
_by Andrew Sobotka_
_18819900_
Linda Paine
State Bar No. 15414000
Southern Dist. No. 6379
Larry Sherlock
State Bar No. 18240720
Southern Dist. No. 7454
Chamberlain, Hrdlicka, White,
Williams & Martin
1200 Smith Street, Suite 1400
Houston, TX 77002-4401
(713) 658-1818
(713) 658-2553 (fax)
        Attorneys for Grady F. Herold, Sr.,
Kathryn Louise Herold, Peggy L. Horn,
Ruby L. Wells and Doris Jean Shannon

_David Garza with permission_
_by Andrew Sobotka_
_18819900_
David C. Garza
State Bar No. 07731400
Southern Dist. No. 3778
Garza & Garza, LLP
P.O. Box 2025
680 East St. Charles, Suite 300
Brownsville, TX 78522
(956) 541-4914
(956) 542-7403 (fax)
        Attorney for Legendary, Inc.,
Legendary, SPI, Inc., and Legendary SPI,
Ltd.

| UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS | |
|---|---|
| United States of America, <br><br> versus <br><br> Grady F. Herold, et al. | CASE NO. B-01-053 |
| | **EXHIBIT LIST** |
| Judge Hilda G. Tagle | Case Manager:    Stella Cavazos <br> Court Reporter:    Breck Record |
| List of <br> Plaintiff, the United States | Proceeding                                 Date |

| No. | Description | Adm. | Exd. |
|---|---|---|---|
| 1 | Legal Description of Property | | |
| 2 | Certificate of Assessements and Payments | | |
| 3 | Notice of Federal Tax Lien filed on or about September 21, 1992 | | |
| 4 | Notice of Federal Tax Lien filed on or about August 19, 1996 | | |
| 5 | Notice of Federal Tax Lien filed on or about February 21, 2001 | | |
| 6 | Deed of Trust dated August 17, 1995 | | |
| 7 | Subordination Agreement between United States and Texas dated August 17, 1995 | | |
| 8 | Modification Agreement concerning the Deed of Trust between Estate and United States dated August 24, 1997 | | |
| 9 | Legendary, Inc.'s Response to United States' Request for Production | | |
| 10 | Letter dated September 13, 2000, from Dwight Lorenzen at Legendary, Inc., to Cullen Looney (L100 to L105) | | |
| 11 | Letter dated September 14, 2000, from Dwight Lorenzen at Legendary, Inc., to Cullen Looney. (L107) | | |
| 12 | Letter dated November 21, 2000, from Alan Monroe to Legendary, Inc., transmitting November 20, 2000 contract between Legendary and the Estate | | |
| 13 | Letter dated November 21, 2000, from Legendary, Inc., to Cullen Looney | | |

| No. | Description | Adm. | Exd. |
|-----|-------------|------|------|
| 14 | Memorandum dated December 4, 2000, from Dwight Lorenzen to Peter Bos (L122 -123) | | |
| 15 | Fax dated December 21, 2000, from Dwight Lorenzen at Legendary Inc., to Bob Dubose (L112 to L121) | | |
| 16 | January 5, 2001, amendment proposed by Legendary, Inc., to contract dated November 20, 2000 (L016 to L018) | | |
| 17 | Letter dated January 18, 2001, from Cullen Looney to Legendary Inc. | | |
| 18 | Letter dated January 31, 2001, from Legendary Inc., to Cullen Looney. | | |
| 19 | November 16, 2001 contract between Legendary, SPI Inc., and the Estate (L019 to L041) | | |
| 20 | April 17, 2002, Transfer of Ad Valorem Taxing Authorities' Liens to Legendary SPI, Ltd. | | |
| 21 | Stipulation of Settled Issues Between Estate and United States | | |
| 22 | Stipulation of Settled Issues Between State of Texas and Estate of Lillian A. Schwarz. | | |
| 23 | Offer to purchase the Property for $4,475,000 | | |
| 24 | Any exhibit listed or admitted by any other party | | |
| 25 | All rebuttal exhibits | | |
| | | | |

**Andrew L. Sobotka**
Texas Bar No. 18819900
**Manuel P. Lena Jr.**
Texas Bar No. 12201255
Attorney, Tax Division
U. S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
214/880-9750 or 9721[9741fax]
Attorney for United States (IRS)

## Certificate of Service

IT IS HEREBY CERTIFIED that service of the foregoing document has been

made on May _15_, 2002, by mailing a copy thereof to:

Larry Sherlock
Chamberlain Hrdlicka
1200 Smith Street, Suite 1400
Houston, TX 77002-4401

David C. Garza
Garza & Garza, LLP
P.O. Box 2025
680 East St. Charles, Suite 300
Brownsville, TX 78522

Kent M. Rider
Linebarger Heard
P.O. Box 17428
Austin, Texas 78760

David Randell
Asst. Attorney General
Bankruptcy & Collections Div.
P.O. Box 12548
Austin, Texas 78711-2548

_____
Andrew L. Sobotka

AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

Southern _____   **DISTRICT OF** _____ Texas

United States of America

V.

Grady F. Herold, Sr., et al.

**EXHIBIT AND WITNESS LIST**

Case Number:   B-01-053

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | PRESIDING JUDGE Judge Tagle · PLAINTIFF'S ATTORNEY Andrew Sobotka · DEFENDANT'S ATTORNEY Lawrence Sherlock |
| | | | | | TRIAL DATE (S) June 3, 2002 · COURT REPORTER · COURTROOM DEPUTY |
| | 1 | | | | Purchase and Sale Agreement dated November 16, 2001 |
| | 2 | | | | Letter of March 19, 2002 from Mr. Sobotka to Mr. Sherlock incorporating terms |
| | | | | | of settlement |
| | 3 | | | | Proposed Real Estate Contract dated April 8, 2002 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 1 of _____ Pages

AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

| Southern | | DISTRICT OF | | Texas |
|---|---|---|---|---|

United States of America

v.

Grady F. Herold, Sr., et al.

## EXHIBIT AND WITNESS LIST

Case Number:   B-01-053

| PRESIDING JUDGE Judge Tagle | PLAINTIFF'S ATTORNEY Andrew Sobotka | DEFENDANT'S ATTORNEY Lawrence Sherlock |
|---|---|---|
| TRIAL DATE(S) June 3, 2002 | COURT REPORTER | COURTROOM DEPUTY |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | 1 | | | | Purchase and Sale Agreement dated November 16, 2001 |
| | 2 | | | | Letter of March 19, 2002 from Mr. Sobotka to Mr. Sherlock incorporating terms |
| | | | | | of settlement |
| | 3 | | | | Proposed Real Estate Contract dated April 8, 2002 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 1 of _____ Pages

AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

Southern _____    DISTRICT OF    Texas _____

United States of America

V.

Grady F. Herold, Sr., et al.

## EXHIBIT AND WITNESS LIST

Case Number:   B-01-053

| PRESIDING JUDGE Judge Tagle | | PLAINTIFF'S ATTORNEY Andrew Sobotka | | DEFENDANT'S ATTORNEY Lawrence Sherlock | |
|---|---|---|---|---|---|
| **TRIAL DATE (S)** June 3, 2002 | | **COURT REPORTER** | | **COURTROOM DEPUTY** | |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
|  | 1 |  |  |  | Purchase and Sale Agreement dated November 16, 2001 |
|  | 2 |  |  |  | Letter of March 19, 2002 from Mr. Sobotka to Mr. Sherlock incorporating terms |
|  |  |  |  |  | of settlement |
|  | 3 |  |  |  | Proposed Real Estate Contract dated April 8, 2002 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

Southern     **DISTRICT OF**     Texas

United States of America

v.

Grady F. Herold, Sr., et al.

## EXHIBIT AND WITNESS LIST

Case Number:   B-01-053

| PRESIDING JUDGE<br>Judge Tagle | | | | PLAINTIFF'S ATTORNEY<br>Andrew Sobotka | DEFENDANT'S ATTORNEY<br>Lawrence Sherlock |
|---|---|---|---|---|---|
| TRIAL DATE (S)<br>June 3, 2002 | | | | COURT REPORTER | COURTROOM DEPUTY |
| PLF.<br>NO. | DEF.<br>NO. | DATE<br>OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
| | 1 | | | | Purchase and Sale Agreement dated November 16, 2001 |
| | 2 | | | | Letter of March 19, 2002 from Mr. Sobotka to Mr. Sherlock incorporating terms |
| | | | | | of settlement |
| | 3 | | | | Proposed Real Estate Contract dated April 8, 2002 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 1 of _____ Pages

| UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS | |
|---|---|
| United States of America,<br><br>versus<br><br>Grady F. Herold, et al. | CASE NO. B-01-053 |
| | **WITNESS LIST** |
| Judge Hilda G. Tagle | Case Manager:    Stella Cavazos<br>Court Reporter:    Breck Record |
| List of<br>Plaintiff, the United States | Proceeding                              Date |

1.    Cindy Ocmand
      Internal Revenue Service
      4050 Alpha Road, MC5103 NWSAT
      Dallas, Texas 75244
      (972) 308-7837

      Ms. Ocmand may testify concerning the foundation for the admission of exhibits if
      necessary; the IRS's efforts to collect the taxes due in this case; the tax liens filed in this
      case; the deeds of trust granted and filed in this case; the extensions of time to pay the tax
      granted in this case; and other matters related to the case files and amounts owed.

2.    Pat Lee
      Internal Revenue Service
      Austin Compliance Center
      P.O. Box 1231
      Austin, TX 78767
      (512) 460-0663

      Ms. Lee may testify concerning the computation of the current balance due; the
      computation of any balance or interrelated payoffs that might be applicable in the future;
      and lay foundation for admission of exhibits if necessary.

3.    Other IRS employees:

      To the extent that Ms. Ocmand or Ms. Lee are not able to testify, the United States may
      call another IRS employee in their place.

4.    Any witness listed or called by any other party.

5.    Any rebuttal witnesses.

**Andrew L. Sobotka**
Texas Bar No. 18819900
**Manuel P. Lena Jr.**
Texas Bar No. 12201255
Attorney, Tax Division
U. S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
214/880-9750 or 9721[9741fax]
Attorney for United States (IRS)

### Certificate of Service

IT IS HEREBY CERTIFIED that service of the foregoing document has been

made on May _15_ , 2002, by mailing a copy thereof to:

Larry Sherlock
Chamberlain Hrdlicka
1200 Smith Street, Suite 1400
Houston, TX 77002-4401

Kent M. Rider
Linebarger Heard
P.O. Box 17428
Austin, Texas 78760

David C. Garza
Garza & Garza, LLP
P.O. Box 2025
680 East St. Charles, Suite 300
Brownsville, TX 78522

David Randell
Asst. Attorney General
Bankruptcy & Collections Div.
P.O. Box 12548
Austin, Texas 78711-2548

Andrew L. Sobotka

AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

Southern      DISTRICT OF      Texas

United States of America

v.

Grady F. Herold, Sr., et al.

## EXHIBIT AND WITNESS LIST

Case Number:    B-01-053

| PRESIDING JUDGE Judge Tagle | | | | | PLAINTIFF'S ATTORNEY Andrew Sobotka | DEFENDANT'S ATTORNEY Lawrence Sherlock |
|---|---|---|---|---|---|---|
| TRIAL DATE (S) June 3, 2002 | | | | | COURT REPORTER | COURTROOM DEPUTY |
| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES | |
| | | | | | WITNESSES FOR DEFENDANT GRADY F. HEROLD | |
| | | | | | | |
| | 1 | | | | Grady F. Herold - Mr. Herold will testify about past efforts to sell the Property | |
| | | | | | and the likelihood of obtaining a greater price than that contained in the | |
| | | | | | Legendary contract. | |
| | 2. | | | | Cullen Looney - Mr. Looney, an attorney for the Estate, will testify as to the | |
| | | | | | same matters. | |
| | 3 | | | | Billy Joe Day - Mr. Day, the accountant for the Estate, will testify as to the | |
| | | | | | same matters. | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 1 of _____ Pages

## IN THE UNITED STATES DISTRICT COURT FOR THE

## SOUTHERN DISTRICT OF TEXAS

## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | CIVIL NO. B-01-053 |
| GRADY F. HEROLD, SR., et al., | § | |
| Defendants | § | |

### United States' Proposed Findings of Fact and Conclusions of Law

The United States, on behalf of its agency, the Internal Revenue Service, submits the following proposed findings of fact and conclusions of law.

Proposed Findings of Fact:

1.      Lillian A. Schwarz died on August 24, 1985.  At the time of her death, Lillian A. Schwarz owned, among other things, two tracts of real property located on South Padre Island, Cameron County, Texas.  Tract I (the "Beach Property") consists of approximately 13.5 acres of beachfront property facing the Gulf of Mexico and located on the 300 block of Padre Blvd., South Padre Island, Texas, immediately adjacent to the Sheraton hotel.  Tract II (the "Bayside Property") consists of approximately 9.95 acres of Laguna Madre waterfront property located south of the Queen Isabella Causeway (Hwy. 100) where the causeway enters South Padre Island. Tracts I and II are hereafter referred to collectively as "the Property," and their legal descriptions are attached as Exhibit A.

2.      Grady F. Herold, Sr., was appointed as the independent executor for the Estate of Lillian A. Schwarz (the Estate).

3.      The state inheritance tax owed by the Estate was due on May 24, 1986.

4.      On May 29, 1986, the Estate filed its Form 706 Federal Estate Tax Return.

1

5.    On July 7, 1986, the Internal Revenue Service assessed the taxes shown as due on a Federal Estate Tax return filed by the Estate of Lillian A. Schwarz.  On the same day, the IRS issued notice and demand for payment of the unpaid federal estate taxes upon the Estate of Lillian A. Schwarz.

6.    After this suit was filed, the Estate and the United States entered into a settlement agreement and a Stipulation of Settled Issues between the Estate and the United States which among, other things, fixed the total amount of federal estate tax, penalty and interest at $2,763,920 as of December 31, 2001, with additional increases and decreases on this figure to be determined as set forth below:

A.    The $2,763,920 amount will be increased by the accrual of statutory

interest after December 31, 2001, and decreased by the agreed upon

deduction for such interest set forth below under paragraph B ("the

Stipulated Liability").  This Stipulated Liability is the total of all liens of

the United States against any and all property of the Estate.

B.    The Estate and Heirs are not entitled to any further deductions under I.R.C.

Section 2053 against the Stipulated Liability, except that the Estate is

entitled to a Section 2053 deduction for 50% of all federal interest

accruing on the Stipulated Liability after December 31, 2001.

7.    Also, after this suit was filed, the State of Texas and the Estate entered into a Stipulation of Settled Issues Between the State of Texas and the Estate of Lillian A. Schwarz which, among other things, fixed the total amount of state inheritance tax, penalties and interest at $763,175.28 as of April 1, 2002, with additional interest accruing at $99.16 per day, subject to a concomitant reduction should the federal estate tax liability stated above be reduced.

2

8.    The State of Texas holds a valid lien against the Property for unpaid state inheritance taxes described in paragraph 7. Said lien was filed on or about August 11, 1986 at Volume 82, page 378 of the Deed Records of Cameron County. The state inheritance tax lien attached to the Property on the date the lien was filed.

9.    The United States also holds a valid federal tax lien against the Property for the amount of the Stipulated Liability described above in paragraph 6. This lien arose on the date of the assessment, July 7, 1986, and a notice of this lien filed on or about, September 21, 1992, August 19, 1996, and February 21, 2001, in the Cameron County real property records.

10.    Additionally, on August 17, 1995, the Estate and all of the heirs executed a deed of trust ("Deed of Trust") in favor of the United States (IRS) as to the Property at issue here. On August 18, 1995, the Deed of Trust was recorded in the real property records of Cameron County, Texas. This is valid as against the Property in the amount of the Stipulated Liability to the United States described above in paragraph 6.

11.    Also, on August 17, 1995, the State of Texas entered into a subordination agreement with the United States ("Subordination Agreement") wherein the State of Texas agreed that its liens for unpaid state inheritance taxes filed in Cameron County, Texas were subordinate to the federal tax liens and Deed of Trust.

12.    The State of Texas further agreed that its liens would remain subordinate to the federal tax liens and Deed of Trust "regardless of the frequency or manner of renewal, extension, change, or alteration of the Indebtedness secured thereby." On August 18, 1995, the Subordination Agreement was recorded in the property records of Cameron County.

13.    The Deed of Trust was subsequently modified by an agreement dated August 24, 1997 ("Modification Agreement"), and eventually signed by the IRS on September 29, 1997.

3

October 13, 1997, the Modification Agreement was recorded in the Cameron County property records.

14.     The respective federal and state statutes of limitation for collection of the federal estate tax and the state inheritance tax were open at the time this suit was filed.

15.     Defendant, Grady F. Herold, Sr., is the Independent Executor of the Estate of Lillian A. Schwarz and record title holder of the Property.

16.     Kathryn L. Herold, Peggy L. Horn, Ruby L. Wells, and Doris J. Shannon, are the heirs of Lillian A. Schwarz (the Heirs) and by operation of law on her death obtained an equitable interest in the Property.

17.     Cameron County, Texas; the Laguna Madre Water District; the Cameron County Emergency Services; Southmost Union Jr. College District; the Point Isabel Independent School District; the Town of South Padre Island; the South Texas Independent School District; and the Cameron County Appraisal District, are ad valorem taxing authorities (hereafter Ad Valorem Taxing Authorities) who were named as defendants because they held a first lien against the Property for ad valorem taxes arising out of tax years 1996 through 2000.  However, on April 17, 2002, the ad valorem tax liens for 1996 through 2001 were transferred to Legendary SPI, Ltd. The Transfer of Tax Lien document was filed of record in the official public records of Cameron County on April 25, 2002, as document number 00022326.

18.     Legendary, Inc., (hereafter "Legendary") was named as a defendant because on November 20, 2000, it signed a real estate contract to purchase the Property from the Estate.  The deposit contemplated by the November 20, 2000, contract was never made, and the contract did not close as scheduled.  Currently, Legendary has no lien interest in the Property, and other than a possible unsecured contract interest arising from the purported November 20, 2000, contract,

Legendary has no other interest in the Property.

19.     On November 16, 2001, an entity related to Legendary, known as Legendary, SPI, Inc. (hereafter "SPI, Inc."), entered into a second contract with the Estate for the purchase of the Property. This contract contemplated that SPI, Inc., would purchase the liens of the Ad Valorem Taxing Authorities within 45 days of the contract being signed. SPI, Inc., did not purchase the Ad Valorem Taxing Authorities' liens, and currently does not hold any lien against the Property. Instead, on April 17, 2002, another entity which is related to Legendary and to SPI, Inc., known as Legendary, SPI, Ltd. (hereafter "SPI Ltd.") purchased the Ad Valorem Taxing Authorities' liens for the 1996 through 2001 tax years and paid the Ad Valorem Taxing Authorities a total of $629,823.51.

20.     The parties' claims against the Property rank in the following priority:

A.     First, for ad valorem taxes, including:

i.     although not yet due, any liens of the Ad Valorem Taxing Authorities arising out of 2002 should the Property be sold after they come due and their payment not be made as part of the sale; and

ii.     the liens purchased by Legendary SPI, Ltd., from the Ad Valorem Taxing Authorities on April 17, 2002, in the amount of $629,823.51, plus interest at 8% per year accruing after April 17, 2002;

B.     Second, the United States' federal tax lien and deeds of trust in the amount of the Stipulated Liability described above in paragraph 6;

C.    Third, the liens of the State of Texas in the amount described above in

paragraph 7; and

D.    Fourth, the Estate and the Heirs.


Conclusions of Law:

1.    This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1340 and 1345

and 26 U.S.C. §§ 7403 and 7404.

2.    Venue is proper in this Court under 28 U.S.C. §§ 1391, 1392, and 1396 because

the Property is located in Cameron County, Texas.

3.    A statutory lien in favor of the United States arose on the date of assessment

against the Estate of Lillian A. Schwarz. 26 U.S.C. § 6321.

4.    The federal tax lien attached to all of the Estate's property and rights to property

on the date of the assessment and continued to attach to any property or rights to property

acquired after the liens arose. 26 U.S.C. § 6321. Thus, the federal tax liens attached to the

interests held by and through the Estate of Lillian A. Schwarz in the Property at issue here.

5.    The United States is entitled to foreclosure of the above described federal tax lien

and Deed of Trust against the Property. 26 U.S.C. §§ 7403, 7404, 7506 and 28 U.S.C. § 2001.

6.    The United States is further entitled to the appointment of a receiver to enforce the

federal tax liens by selling the Property either at a public auction or by private sale. 26 U.S.C.

§7403. The proceeds of such sale, net of costs and fees for the receiver, shall be distributed:

A.    First, for ad valorem taxes, including:

i.    although not yet due, any liens of the Ad Valorem Taxing

Authorities arising out of 2002 should the Property be sold after

6

they come due and their payment not be made as part of the sale; and

ii.   the liens purchased by Legendary SPI, Ltd., from the Ad Valorem Taxing Authorities on April 17, 2002, in the amount of $629,823.51, plus interest at 8% per year accruing after April 17, 2002;

B.   Second, the United States' federal tax lien and deeds of trust in the amount of the Stipulated Liability described above in paragraph 6 of the Proposed Findings of Fact;

C.   Third, the liens of the State of Texas in the amount described above in paragraph 7 of the Proposed Findings of Fact; and

D.   Fourth, the Estate and the Heirs.

Andrew L. Sobotka
Texas Bar No. 18819900
**Manuel P. Lena Jr.**
Texas Bar No. 12201255
Attorney, Tax Division
U. S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
214/880-9750 or 9721[9741fax]
Attorney for United States (IRS)

## Certificate of Service

IT IS HEREBY CERTIFIED that service of the foregoing document has been

made on May 15, 2002, by mailing a copy thereof to:

Larry Sherlock
Chamberlain Hrdlicka
1200 Smith Street, Suite 1400
Houston, TX 77002-4401

David C. Garza
Garza & Garza, LLP
P.O. Box 2025
680 East St. Charles, Suite 300
Brownsville, TX 78522

Kent M. Rider
Linebarger Heard
P.O. Box 17428
Austin, Texas 78760

David Randell
Asst. Attorney General
Bankruptcy & Collections Div.
P.O. Box 12548
Austin, Texas 78711-2548

Andrew L. Sobotka

8