**IN THE UNITED STATES DISTRICT COURT FOR THE**

**SOUTHERN DISTRICT OF TEXAS**

**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

MAY 1 6 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff<br>v.<br>GRADY F. HEROLD, SR., et al.,<br>    Defendants | §<br>§<br>§<br>§<br>§ | CIVIL NO. B-01-053 |

**United States' Proposed Findings of Fact and Conclusions of Law**

The United States, on behalf of its agency, the Internal Revenue Service, submits the following proposed findings of fact and conclusions of law.

Proposed Findings of Fact:

1. Lillian A. Schwarz died on August 24, 1985. At the time of her death, Lillian A. Schwarz owned, among other things, two tracts of real property located on South Padre Island, Cameron County, Texas. Tract I (the "Beach Property") consists of approximately 13.5 acres of beachfront property facing the Gulf of Mexico and located on the 300 block of Padre Blvd., South Padre Island, Texas, immediately adjacent to the Sheraton hotel. Tract II (the "Bayside Property") consists of approximately 9.95 acres of Laguna Madre waterfront property located south of the Queen Isabella Causeway (Hwy. 100) where the causeway enters South Padre Island. Tracts I and II are hereafter referred to collectively as "the Property," and their legal descriptions are attached as Exhibit A.

2. Grady F. Herold, Sr., was appointed as the independent executor for the Estate of Lillian A. Schwarz (the Estate).

3. The state inheritance tax owed by the Estate was due on May 24, 1986.

4. On May 29, 1986, the Estate filed its Form 706 Federal Estate Tax Return.

5.  On July 7, 1986, the Internal Revenue Service assessed the taxes shown as due on a Federal Estate Tax return filed by the Estate of Lillian A. Schwarz. On the same day, the IRS issued notice and demand for payment of the unpaid federal estate taxes upon the Estate of Lillian A. Schwarz.

6.  After this suit was filed, the Estate and the United States entered into a settlement agreement and a Stipulation of Settled Issues between the Estate and the United States which among, other things, fixed the total amount of federal estate tax, penalty and interest at $2,763,920 as of December 31, 2001, with additional increases and decreases on this figure to be determined as set forth below:

   A.  The $2,763,920 amount will be increased by the accrual of statutory interest after December 31, 2001, and decreased by the agreed upon deduction for such interest set forth below under paragraph B ("the Stipulated Liability"). This Stipulated Liability is the total of all liens of the United States against any and all property of the Estate.

   B.  The Estate and Heirs are not entitled to any further deductions under I.R.C. Section 2053 against the Stipulated Liability, except that the Estate is entitled to a Section 2053 deduction for 50% of all federal interest accruing on the Stipulated Liability after December 31, 2001.

7.  Also, after this suit was filed, the State of Texas and the Estate entered into a Stipulation of Settled Issues Between the State of Texas and the Estate of Lillian A. Schwarz which, among other things, fixed the total amount of state inheritance tax, penalties and interest at $763,175.28 as of April 1, 2002, with additional interest accruing at $99.16 per day, subject to a concomitant reduction should the federal estate tax liability stated above be reduced.

8. The State of Texas holds a valid lien against the Property for unpaid state inheritance taxes described in paragraph 7. Said lien was filed on or about August 11, 1986 at Volume 82, page 378 of the Deed Records of Cameron County. The state inheritance tax lien attached to the Property on the date the lien was filed.

9. The United States also holds a valid federal tax lien against the Property for the amount of the Stipulated Liability described above in paragraph 6. This lien arose on the date of the assessment, July 7, 1986, and a notice of this lien filed on or about, September 21, 1992, August 19, 1996, and February 21, 2001, in the Cameron County real property records.

10. Additionally, on August 17, 1995, the Estate and all of the heirs executed a deed of trust ("Deed of Trust") in favor of the United States (IRS) as to the Property at issue here. On August 18, 1995, the Deed of Trust was recorded in the real property records of Cameron County, Texas. This is valid as against the Property in the amount of the Stipulated Liability to the United States described above in paragraph 6.

11. Also, on August 17, 1995, the State of Texas entered into a subordination agreement with the United States ("Subordination Agreement") wherein the State of Texas agreed that its liens for unpaid state inheritance taxes filed in Cameron County, Texas were subordinate to the federal tax liens and Deed of Trust.

12. The State of Texas further agreed that its liens would remain subordinate to the federal tax liens and Deed of Trust "regardless of the frequency or manner of renewal, extension, change, or alteration of the Indebtedness secured thereby." On August 18, 1995, the Subordination Agreement was recorded in the property records of Cameron County.

13. The Deed of Trust was subsequently modified by an agreement dated August 24, 1997 ("Modification Agreement"), and eventually signed by the IRS on September 29, 1997.

October 13, 1997, the Modification Agreement was recorded in the Cameron County property records.

14. The respective federal and state statutes of limitation for collection of the federal estate tax and the state inheritance tax were open at the time this suit was filed.

15. Defendant, Grady F. Herold, Sr., is the Independent Executor of the Estate of Lillian A. Schwarz and record title holder of the Property.

16. Kathryn L. Herold, Peggy L. Horn, Ruby L. Wells, and Doris J. Shannon, are the heirs of Lillian A. Schwarz (the Heirs) and by operation of law on her death obtained an equitable interest in the Property.

17. Cameron County, Texas; the Laguna Madre Water District; the Cameron County Emergency Services; Southmost Union Jr. College District; the Point Isabel Independent School District; the Town of South Padre Island; the South Texas Independent School District; and the Cameron County Appraisal District, are ad valorem taxing authorities (hereafter Ad Valorem Taxing Authorities) who were named as defendants because they held a first lien against the Property for ad valorem taxes arising out of tax years 1996 through 2000. However, on April 17, 2002, the ad valorem tax liens for 1996 through 2001 were transferred to Legendary SPI, Ltd. The Transfer of Tax Lien document was filed of record in the official public records of Cameron County on April 25, 2002, as document number 00022326.

18. Legendary, Inc., (hereafter "Legendary") was named as a defendant because on November 20, 2000, it signed a real estate contract to purchase the Property from the Estate. The deposit contemplated by the November 20, 2000, contract was never made, and the contract did not close as scheduled. Currently, Legendary has no lien interest in the Property, and other than a possible unsecured contract interest arising from the purported November 20, 2000, contract,

4

Legendary has no other interest in the Property.

19. On November 16, 2001, an entity related to Legendary, known as Legendary, SPI, Inc. (hereafter "SPI, Inc."), entered into a second contract with the Estate for the purchase of the Property. This contract contemplated that SPI, Inc., would purchase the liens of the Ad Valorem Taxing Authorities within 45 days of the contract being signed. SPI, Inc., did not purchase the Ad Valorem Taxing Authorities' liens, and currently does not hold any lien against the Property. Instead, on April 17, 2002, another entity which is related to Legendary and to SPI, Inc., known as Legendary, SPI, Ltd. (hereafter "SPI Ltd.") purchased the Ad Valorem Taxing Authorities' liens for the 1996 through 2001 tax years and paid the Ad Valorem Taxing Authorities a total of $629,823.51.

20. The parties' claims against the Property rank in the following priority:

    A. First, for ad valorem taxes, including:

        i. although not yet due, any liens of the Ad Valorem Taxing Authorities arising out of 2002 should the Property be sold after they come due and their payment not be made as part of the sale; and

        ii. the liens purchased by Legendary SPI, Ltd., from the Ad Valorem Taxing Authorities on April 17, 2002, in the amount of $629,823.51, plus interest at 8% per year accruing after April 17, 2002;

    B. Second, the United States' federal tax lien and deeds of trust in the amount of the Stipulated Liability described above in paragraph 6;

  C. Third, the liens of the State of Texas in the amount described above in paragraph 7; and

  D. Fourth, the Estate and the Heirs.

Conclusions of Law:

1. This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7403 and 7404.

2. Venue is proper in this Court under 28 U.S.C. §§ 1391, 1392, and 1396 because the Property is located in Cameron County, Texas.

3. A statutory lien in favor of the United States arose on the date of assessment against the Estate of Lillian A. Schwarz. 26 U.S.C. § 6321.

4. The federal tax lien attached to all of the Estate's property and rights to property on the date of the assessment and continued to attach to any property or rights to property acquired after the liens arose. 26 U.S.C. § 6321. Thus, the federal tax liens attached to the interests held by and through the Estate of Lillian A. Schwarz in the Property at issue here.

5. The United States is entitled to foreclosure of the above described federal tax lien and Deed of Trust against the Property. 26 U.S.C. §§ 7403, 7404, 7506 and 28 U.S.C. § 2001.

6. The United States is further entitled to the appointment of a receiver to enforce the federal tax liens by selling the Property either at a public auction or by private sale. 26 U.S.C. §7403. The proceeds of such sale, net of costs and fees for the receiver, shall be distributed:

  A. First, for ad valorem taxes, including:

    i. although not yet due, any liens of the Ad Valorem Taxing Authorities arising out of 2002 should the Property be sold after

6

they come due and their payment not be made as part of the sale; and

  ii. the liens purchased by Legendary SPI, Ltd., from the Ad Valorem Taxing Authorities on April 17, 2002, in the amount of $629,823.51, plus interest at 8% per year accruing after April 17, 2002;

B. Second, the United States' federal tax lien and deeds of trust in the amount of the Stipulated Liability described above in paragraph 6 of the Proposed Findings of Fact;

C. Third, the liens of the State of Texas in the amount described above in paragraph 7 of the Proposed Findings of Fact; and

D. Fourth, the Estate and the Heirs.

*[signature]*

Andrew L. Sobotka
Texas Bar No. 18819900
**Manuel P. Lena Jr.**
Texas Bar No. 12201255
Attorney, Tax Division
U. S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
214/880-9750 or 9721[9741fax]
Attorney for United States (IRS)

## Certificate of Service

      IT IS HEREBY CERTIFIED that service of the foregoing document has been made on May 15, 2002, by mailing a copy thereof to:

| | |
|---|---|
| Larry Sherlock<br>Chamberlain Hrdlicka<br>1200 Smith Street, Suite 1400<br>Houston, TX 77002-4401 | Kent M. Rider<br>Linebarger Heard<br>P.O. Box 17428<br>Austin, Texas 78760 |
| David C. Garza<br>Garza & Garza, LLP<br>P.O. Box 2025<br>680 East St. Charles, Suite 300<br>Brownsville, TX 78522 | David Randell<br>Asst. Attorney General<br>Bankruptcy & Collections Div.<br>P.O. Box 12548<br>Austin, Texas 78711-2548 |

                                                                             */s/ Andrew L. Sobotka*
                                                                             Andrew L. Sobotka