IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 2 5 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | CIVIL NO. B-01-053 |
| GRADY F. HEROLD, SR., et al., | § | |
| Defendants | § | |

## FINAL JUDGMENT

On June 24, 2002, this action came on for trial before the Court, Honorable Hilda G. Tagle, U.S. District Judge presiding, and the issues were having been duly tried and a decision was having been duly rendered,

It is ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. That the United States recover from the Estate the stipulated amount of federal estate tax, penalty and interest in the sum of $2,763,920, plus the amount of accrued statutory interest after December 31, 2001, as reduced by a 26 U.S.C. §2053 deduction for 50% of all federal interest accruing on the stipulated liability after December 31, 2001, until such sum is finally paid by the Estate.

2. That the State of Texas recover from the Estate the stipulated amount of state inheritance tax, penalty and interest in the sum of $771,504.72, as of June 24, 2002, together with interest at the rate of ten percent per annum until paid, as reduced by a deduction pursuant to 26 U.S.C. §§2011 and 2053 for 50% of all federal interest accruing on the stipulated liability after December 31, 2001, until such sum is finally paid by the Estate.

3. That the estate tax lien and deed of trust asserted by the United States of America

and the inheritance tax lien asserted by the State of Texas upon the two tracts of property owned by the Estate of Lillian A. Schwarz (Estate) that are described in the attached Government Exhibit 1 (the Property) are hereby foreclosed, subject to paragraph 4 hereinafter.

4.  That the appointment of a receiver pursuant to 26 U.S.C. §7403 or a sale under 28 U.S.C. 2001 shall not take place until the occurrence of the earlier of the following (the occurrence of which shall constitute a "Trigger Event") (a) June 25, 2003, or (b) upon notice or application to the Court that the November 16, 2001, contract between the Estate and Legendary SPI, Inc. has been terminated. Legendary and the Estate shall promptly notify the Court in writing with copies sent to the other parties of any termination of the November 16, 2001, agreement.

5.  That a receiver shall be appointed after the Trigger Event and that the Property be sold pursuant to 26 U.S.C. §7403 on or after the Trigger Event.

6.  That the sale proceeds shall be distributed in the following priority:

    (a)  to payment of the expenses of sale;

    (b)  pro rata, to

        (i)  Legendary SPI, Ltd. in the amount of $629,823.51, together with interest at the rate of 8% per annum from April 17, 2002, and

        (ii) Cameron County, Texas, Laguna Madre Water District, Cameron County Emergency Services, Southmost Union Jr. College District, Point Isabel Independent School District, the Town of South Padre Island, South Texas Independent School District and the Cameron County Appraisal District ("the property taxing jurisdictions") in

       the amount of any unpaid and past due ad valorem property taxes assessed on the Property for calendar year 2002 and subsequent years or to the holder of said Ad Valorem Tax liens for such taxes if the liens are not held by the property taxing jurisdictions;

    (c)    to the United States of America up to the amount stated in paragraph 1;

    (d)    to the State of Texas up to the amount stated in paragraph 2; and

    (e)    any funds remaining to the Estate.

7.    All other relief not expressly granted herein is DENIED.

Done at Brownsville, Texas on July 24, 2002.

_____
The Hon. Hilda G. Tagle
U.S. DISTRICT JUDGE

Tract I:

Approximately 14.5 acres out of a 21.83 acre tract, said 21.83 acre tract being out of the Mrs. A. D. Dickinson, Jr. Tract on Padre Island, Cameron County, Texas, being a part of that certain land described in an instrument recorded in Volume 196, Page 24, Deed Records, Cameron County, Texas, said 21.83 acres being more particularly described as follows: BEGINNING AT A POINT on the North line of the Mrs. A. D. Dickinson, Jr. Tract, said point being the point of intersection of said North line with the East right-of-way line of Padre Boulevard; THENCE with the North line of said Mrs. A. D. Dickinson, Jr. Tract, North 83 degrees 45 minutes East a distance of 1175.0 feet to a point on the ordinary high tide line of the Gulf of Mexico for the Northeast corner of this tract; THENCE with the meanders of the ordinary high tide line of the Gulf of Mexico, South 11 degrees 43 minutes 30 seconds East, 306.1 feet and South 7 degrees 26 minutes East a distance of 193.9 feet to a point for the Southeast corner of this tract, it being the intent of this call to describe 500 feet of frontage on the Gulf of Mexico in accordance with the directions of the meanders as here stated; THENCE South 83 degrees 45 minutes West parallel to and at a perpendicular distance of 498.56 feet from the North line of this tract, a distance of 1893.58 feet to the line as surveyed by J. S. Boyles for the State of Texas, for the Southwest corner of this tract; THENCE with the Boyles' Survey along the Laguna Madre as above cited, North 12 degrees 07 minutes West a distance of 501.18 feet to its point of intersection with the North line of the Mrs. A. D. Dickinson, Jr., Tract for the Northwest corner of this tract; THENCE with the North line of the Mrs. A. D. Dickinson, Jr. Tract, North 83 degrees 45 minutes East a distance of 736.6 feet to the PLACE OF BEGINNING, containing 21.83 acres, more or less, said 21.83 acre tract being more specifically described as Tract I in Deed from Jettie View Development Company, Inc., a Texas Corporation, to D. J. Schwarz dated March 31, 1975, said approximately 14.5 acres being the 21.83 acres less the acreage conveyed previously by D. J. Schwarz to the State of Texas for roadway purposes.

SAVE AND EXCEPT 32,591.2 square feet; being 32,591.2 square feet out of a 21.83 acre tract (said 21.83 acres being described as Tract I in Deed from Jettie View Development Company, Inc. to D. J. Schwarz dated March 31, 1965 and recorded in Cameron County Deed Records, Volume 780, Page 507) out of the Mrs. A. D. Dickinson, Jr. Tract in South Padre Island, Cameron County, Texas, and said 32,591.2 square foot tract being more particularly located and described as follows: COMMENCING at a concrete monument at the intersection of the East right-of-way line of Padre Boulevard and the North line of said Dickinson's 133-1/3 acre tract, for the Northwest corner and PLACE OF BEGINNING of this tract; THENCE along the North line of said 21.83 acre tract and Mrs. Dickinson's 133-1/3 acre tract, North 83 degrees 45 minutes, East 175.0 feet to a ½ inch iron pin inside of a ¾ inch steel pipe, for the Northeast corner of this tract; THENCE South 06 degrees, 15 minutes East 175.0 feet to a ½ inch iron pin inside of a ¾ inch steel pipe for the Southeast corner of this tract; THENCE parallel to the North line of said 21.83 acre tract, South 83 degrees 45 minutes West, 201.0 feet to a ½ inch iron pin inside a ¾ inch steel pipe on the East right-of-way line of said Padre Boulevard, for the Southwest corner of this tract; THENCE along the East right-of-way line of said Padre Boulevard along a curve to the left having a radius of 1482.4 feet, a partial arc distance of 177.04 feet to the PLACE OF BEGINNING containing 32,591.2 square feet, more or less, not inclusive of any road right-of-way.

EXHIBIT A



Tract II:

Approximately 9.95 acres out of a 11.87 acre tract, said 11.87 acres out of the Mrs. A. D. Dickinson, Jr. Tract on Padre Island, Cameron County, Texas, being a part of that land described as follows: BEGINNING at the intersection of the North line of the Mrs. A. D. Dickinson, Jr. Tract and the line as surveyed by J. S. Boyles for the State of Texas, for the Northeast corner of this tract; THENCE, with the Boyles' line as above cited, South 12 degrees 07 minutes East a distance of 501.18 feet to a point for the Southeast corner of this tract; THENCE, South 83 degrees 45 minutes West parallel to and at a perpendicular distance of 498.56 feet from the North line of this tract, a distance of 1016.18 feet to a point on the West line of the Mrs. A. D. Dickinson, Jr. Tract for the Southwest corner of this tract; THENCE, with the West line of said tract, North 16 degrees 44 minutes West a distance of 507.02 feet to the Northwest corner of the Mrs. A. D. Dickinson, Jr. Tract for the Northwest corner of this tract; THENCE, with the North line of the Mrs. A. D. Dickinson, Jr. Tract North 83 degrees 45 minutes East a distance of 1057.2 feet to the PLACE OF BEGINNING, containing 11.87 acres, more or less, said approximately 9.95 acres being the 11.87 acres less the acreage conveyed previously by D. J. Schwarz to the State of Texas for roadway purposes.

AS TO ALL TRACTS, SAVE AND EXCEPT all prior reservations of oil, gas, and other minerals, and SAVE AND EXCEPT all oil, gas or other minerals owned by Seller, if any.

AS TO ALL TRACTS SUBJECT TO: Easements of record and visible easements; restrictions and limitations of record; any changes caused by erosion, accretion or reliction; zoning ordinances and restrictive laws applicable to the property, if any; oil and gas leases of record.

EXHIBIT B